1  TERESA M. GREIDER (SB# 336094)
   teresagreider@paulhastings.com
2  PAUL HASTINGS LLP
3  515 South Flower Street
   Twenty-Fifth Floor
4  Los Angeles, California  90071-2228
   Telephone:  1(213) 683-6000
5  Facsimile:  1(213) 627-0705

6  PAUL EVANS (NY SB# 5824438)
7  (*Pro Hac Vice* Application forthcoming)
   paulevans@paulhastings.com
8  PAUL HASTINGS LLP
   200 Park Avenue
9  New York, New York  10166
   Telephone:  1(212) 318-6000
10 Facsimile:  1(212) 319-4090

11 Attorneys for Defendant
12 AIR PRODUCTS AND CHEMICALS, INC.

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  JANE ROE, | Case No. 2:24-cv-08380 |
| 17           Plaintiff, | **DEFENDANT AIR PRODUCTS AND CHEMICALS INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS** |
| 18      vs. | |
| 19  DISA GLOBAL SOLUTIONS, INC; JCL SAFETY SERVICES; AIR PRODUCTS AND CHEMICALS, INC.; PHILLIPS 66; NORTH AMERICAN BACKGROUND SCREENING CONSORTIUM; HEALTH AND SAFETY COUNCIL; and DOES 1-10, inclusive, | |
| 20 | |
| 21 | Complaint Served: August 8, 2024 |
| 22 | Removal Date: September 30, 2024 |
| 23 | Date: December 9, 2024 |
| 24           Defendants. | Time: 9:00 a.m. |
| 25 | Honorable Mark C. Scarsi |
| 26 | [Notice of Motion and Motion and [Proposed] Order served and filed concurrently] |
| 27 | |
| 28 | |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................... 6
II.    RELEVANT FACTUAL BACKGROUND ................................................. 8
III.   ARGUMENT .............................................................................................. 9
     A.    Legal Standard ................................................................................. 9
     B.    Plaintiff Fails To Plead Facts Establishing That Air Products Was Plaintiff's Prospective Employer Or Carried Out Any FEHA- Or FCA-Regulated Actions On Behalf Of Her Prospective Employer .......................................................................9
     C.    Plaintiff Cannot Rely On Speculative, Conclusory Collective Allegations ..................................................................................... 13
     D.    The Court Should Dismiss Without Leave To Amend ..................... 16
IV.   CONCLUSION ........................................................................................ 17

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alanis v. Nelson*,
 No. CV 11-02583-JEM, 2011 WL 13130698 (C.D. Cal. Oct. 3, 2011) ............. 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................... 9, 16

*Berkley Ins. Co. v. OakCare Med. Grp.*,
 No. 22-cv-05181-HSG, 2023 WL 2804380 (N.D. Cal. Apr. 4, 2023) ................ 7

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
 824 F.3d 1156 (9th Cir. 2016) ............................................................................ 9

*Canterberry v. Acara Sols., Inc.*,
 No. 20-cv-02361-KJM-KJN, 2022 WL 317002
 (E.D. Cal. Feb. 2, 2022) ................................................................ 11, 12, 16

*Doe ex rel. Doe v. Sierra Cnty.*,
 No. 2:14-cv-01552-MCE-CKD, 2014 WL 5035301
 (E.D. Cal. Oct. 7, 2014) .................................................................................... 7

*Does I thru XXIII v. Advanced Textile Corp.*,
 214 F.3d 1058 (9th Cir. 2000) ....................................................................... 7, 8

*Foman v. Davis*,
 371 U.S. 178 (1962) ....................................................................................... 16

*Ford Motor Credit Co., LLC v. Arkin*,
 No. CV10-02968 ODW, 2011 WL 13214101 (C.D. Cal. Mar. 10, 2011) ......... 15

*Guifu Li v. A Perfect Day Franchise, Inc.*,
 270 F.R.D. 509 (N.D. Cal. 2010) ...................................................................... 7

*Jones v. Lodge at Torrey Pines P'ship*,
 42 Cal. 4th 1158 (2008) .................................................................................. 10

*Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*,
 No. CV 18-7661-GW(GJSx), 2018 WL 6985317 (C.D. Cal. Dec. 3, 2018) ..... 15

*Lockheed Martin Corp. v. Network Sols., Inc.*,
 194 F.3d 980 (9th Cir. 1999) .......................................................................... 16

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
 519 F.3d 1025 (9th Cir. 2008) ........................................................................ 16

*Miller v. Rykoff-Sexton, Inc.*,
    845 F.2d 209 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................16

*Momentum Com. Funding, LLC v. Beasley*,
    No. 2:16-cv-02085-JAM-CKD, 2017 WL 1063840
    (E.D. Cal. Mar. 20, 2017)..........................................................................................15

*Myers v. Winn Law Grp., APC*,
    No. 2:11-cv-02372 JAM KJN PS, 2012 WL 5187771
    (E.D. Cal. Oct. 17, 2012)............................................................................................14

*Ng v. Nissan N. Am., Inc.*,
    No. 23-cv-00875-AMO, 2023 WL 9150275 (N.D. Cal. Dec. 27, 2023) ...........17

*Novak v. United States*,
    795 F.3d 1012 (9th Cir. 2015)....................................................................................16

*Oushana v. Lowe's Home Ctrs., LLC*,
    No. 1:16-cv-01782-AWI-SAB, 2017 WL 2417198
    (E.D. Cal. June 5, 2017) ............................................................................................17

*Raines v. U.S. Healthworks Med. Grp.*,
    15 Cal. 5th 268 (2023) ..............................................................................................11

*Reno v. Baird*,
    18 Cal. 4th 640 (1998)................................................................................................10

*Serv. Emps. Int'l Union Local 1021 v. County of Mendocino*,
    No. 20-cv-05423-RMI, 2021 WL 3471176 (N.D. Cal. Aug. 6, 2021) ..............15

*Shroyer v. New Cingular Wireless Servs., Inc.*,
    622 F.3d 1035 (9th Cir. 2010)......................................................................................9

*Sollberger v. Wachovia Secs., LLC*,
    No. SACV 09-0766 AG (ANx), 2010 WL 2674456
    (C.D. Cal. June 30, 2010)..........................................................................................14

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)..................................................................................9, 14

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011)......................................................................................9

*Traer v. Domino's Pizza LLC*,
    No. CV 21-06187-MWF, 2022 WL 2199940 (C.D. Cal. Jan. 26, 2022)...........14

*United States v. Stoterau*,
    524 F.3d 988 (9th Cir. 2008) ................................................................................. 7

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ............................................................................... 9

*Yeh v. Mayorkas*,
    No. 4:24-cv-00797-KAW, 2024 WL 2263392 (N.D. Cal. Apr. 22, 2024) .......... 7

**STATUTES**

42 U.S.C. § 2000e-2 (TITLE VII) ............................................................................... 7

CAL. GOV'T CODE § 12926(d) ................................................................................. 10

CAL. GOV'T CODE § 12940 (CALIFORNIA FAIR EMPLOYMENT & HOUSING
    ACT (FEHA)) .................................................................................................*passim*

CAL. GOV'T CODE § 12940(a) ................................................................................. 10

CAL. GOV'T CODE § 12940(i) .................................................................................. 13

CAL. GOV'T CODE § 12952 (CALIFORNIA FAIR CHANCE ACT (FCA)) ... 9, 10, 12, 16

CAL. GOV'T CODE § 12952(a)(2) ............................................................................. 10

CAL. GOV'T CODE § 12952(c)(1)(A) ....................................................................... 10

**RULES**

FED. R. CIV. P. 12(b) .................................................................................................. 6

FED. R. CIV. P. 15(a)(2) ............................................................................................ 16

Pursuant to Federal Rules of Civil Procedure, Rule 12(b), Defendant AIR PRODUCTS AND CHEMICALS, INC. ("Air Products"), through undersigned counsel, respectfully moves this Court to dismiss the Complaint as against it, and in support thereof states the following.

## I. INTRODUCTION

Although Plaintiff brings this case against six named defendants, she asserts no specific factual allegations to adequately plead any of her claims against Air Products. Relevant here, Plaintiff alleges that she was unlawfully denied employment by Defendant JCL Safety Services ("JCL") due to a background check that JCL commissioned. That background check was conducted by Defendant DISA Global Solutions, Inc. ("DISA"). Notably absent from the Complaint are specific factual allegations about conduct by Air Products which could form the basis of a claim.

Instead, Plaintiff alleges that if she had been hired by JCL, she would have worked for JCL at an Air Products facility in Carson, California. Even assuming that to be true, she does not allege a single action whatsoever taken *by Air Products*. She did not apply for a job with Air Products, Air Products was never and would not have been her employer, it did not run the background check on her, it did not deny her employment because of the results of that background check, and it did not even require that JCL run a background check on her at all. Whatever issues Plaintiff raises in the Complaint, pursuing them against Air Products is simply misplaced.

Instead of alleging specific facts that would establish that Air Products violated the law, Plaintiff relies on a series of speculative and conclusory allegations that do not establish culpability by Air Products, are based on nothing but mere speculation instead of fact, and/or lump all Defendants together in an attempt to impute liability on Air Products through others' conduct. It is well established, however, that such pleading techniques are not a replacement for specific factual allegations and do not save a complaint from dismissal.

Because Plaintiff does not—and cannot—plead facts supporting Air Products' involvement in the denial of her employment with JCL, nor valid causes of action against Air Products, her Complaint fails entirely as to Air Products. Moreover, there is simply no amendment that Plaintiff could offer that would fix these fatal flaws. Plaintiff may well be free to bring this litigation against those who she specifically alleges wronged her, but it would be inequitable to allow her to continue it against Air Products.[1]

---

[1] Plaintiff filed her Complaint using a pseudonym. Compl. (ECF No. 1-1) ¶¶ 23-26. As a general rule, "the identity of the parties in any action" should be disclosed "except in an ***unusual case***." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (citation omitted; emphasis added). Generally, a party's use of a "fictitious name[] runs afoul of the public's common law right of access to judicial proceedings . . . and [Federal Rules of Civil Procedure, Rule] 10(a)'s command that the title of every complaint include the names of all the parties." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quotation marks and citations omitted).

The Ninth Circuit has articulated three situations where plaintiffs may use a pseudonym: "(1) when identification creates a risk of retaliatory physical or mental harm . . .; (2) when anonymity is necessary to preserve privacy in a matter o[f] sensitive and highly personal nature . . .; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe ex rel. Doe v. Sierra Cnty.*, No. 2:14-cv-01552-MCE-CKD, 2014 WL 5035301, at *1 (E.D. Cal. Oct. 7, 2014) (internal quotation marks and citations omitted). Only the second justification is applicable here, since Air Products is already aware of Plaintiff's actual identity. *See id.* (no risk of retaliatory harm where defendant already was aware of plaintiff's identity).

The Ninth Circuit ultimately held that a party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing th[at] party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. The harm to the party seeking to proceed anonymously must be "extraordinary." *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 516 (N.D. Cal. 2010).

Courts in this Circuit have found that employment discrimination cases ***do not*** rise to the level where the use of a pseudonym is permissible. *See, e.g.*, *Yeh v. Mayorkas*, No. 4:24-cv-00797-KAW, 2024 WL 2263392, at *2 (N.D. Cal. Apr. 22, 2024) (plaintiff sufficiently stated an employment discrimination claim under Title VII yet did not make the required showing to proceed under a pseudonym); *Berkley Ins. Co. v. OakCare Med. Grp.*, No. 22-cv-05181-HSG, 2023 WL 2804380, at *2 (N.D. Cal. Apr. 4, 2023) (denying defendant's motion to proceed against her former employers under a pseudonym).

## II. RELEVANT FACTUAL BACKGROUND[2]

Plaintiff alleges that in November 2019, she applied for a job as a safety attendant with JCL. Compl. (ECF No. 1-1) ¶ 86. She claims that had she been hired, she would have worked for JCL at an Air Products facility in Carson, California. *Id.* According to the Complaint, JCL offered Plaintiff the job in late December 2019, conditional on her passing a JCL-required criminal history background check. *Id.* ¶ 88. She alleges that in early January 2020, JCL obtained a consumer report (*i.e.*, background check) on her from DISA, which disclosed a 1993 conviction. *Id.* ¶ 89. She then alleges that she received a Pre-Adverse Action (Consortium) Letter from DISA dated January 8, 2020, which informed her that her background check may restrict her from employment with JCL. *Id.* ¶ 90. Then, Plaintiff alleges that she spoke to a representative from JCL on January 14, 2020, where she was apparently told that JCL withdrew her offer of employment. *Id.* ¶ 92. Plaintiff is clear: the position she was offered and under which she would have been employed was with JCL, not Air Products. *Id.* ¶¶ 65-66, 86, 92. She is also clear that JCL, through DISA, made the decision not to hire her on the basis of her criminal record. She alleges no specific facts that Air Products played any role in that decision (because it did not).

---

Procedurally, the trial court must consider the precise prejudice that anonymity would cause the opposing party at each stage of the proceedings, and whether the proceedings may be structured so as to mitigate that prejudice. *Advanced Textile Corp.*, 214 F.3d at 1068-69. The trial court must also determine whether the public's interest in the case is best served by requiring the litigant to reveal her identity. *Id.* at 1068.

If the Court denies Air Products' Motion to Dismiss, it should set a deadline for Plaintiff to move to proceed under a pseudonym, so it can hold a hearing and analyze the crucial issues involved. Air Products reserves its right to oppose that motion if and when it is filed.

[2] The factual allegations identified here are taken from Plaintiff's Complaint and are accepted as true for the purposes of this Motion to Dismiss only.

CASE NO. 2:24-cv-08380    -8-    DEFENDANT AIR PRODUCTS AND CHEMICALS INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

## III. ARGUMENT

### A. Legal Standard

"A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (citing *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). The Court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012)).

"However, the complaint 'must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) (quotation marks and alterations omitted). "Furthermore, the underlying factual allegations must 'plausibly suggest an entitlement to relief.'" *Id.* (quoting *Starr*, 652 F.3d at 1216). "Conclusory allegations are insufficient." *Alanis v. Nelson*, No. CV 11-02583-JEM, 2011 WL 13130698, at *1 (C.D. Cal. Oct. 3, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As detailed below, Plaintiff's Complaint fails to state a cognizable legal theory and its factual allegations fail to plausibly suggest an entitlement to relief. Thus, the Complaint should be dismissed in its entirety as to Air Products.

### B. Plaintiff Fails To Plead Facts Establishing That Air Products Was Plaintiff's Prospective Employer Or Carried Out Any FEHA- Or FCA-Regulated Actions On Behalf Of Her Prospective Employer

Plaintiff asserts claims against Air Products under California's Fair Chance Act ("FCA"), Cal. Gov't Code § 12952 (the first cause of action), and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 (the third

and fourth causes of action).[3] Under the FCA, Section 12952, an employer that intends to deny an application a job "solely or in part because of the applicant's conviction history" must make "an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position." Cal. Gov't Code § 12952(c)(1)(A). The FEHA, Section 12940, prohibits employers from refusing to hire a person "because of their race, religious creed, color, national origin, ancestry, physical disability, mental disability, reproductive health decision making, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status." Cal. Gov't Code § 12940(a).

Crucially, under both statutes, Plaintiff must establish that the defendant against whom her claims are brought was her prospective "employer" or an agent thereof. *See* Cal. Gov't Code § 12940(a) ("It is an unlawful employment practice . . . [f]or an ***employer*** . . . to refuse to hire or employ the person . . .") (emphasis added); Cal. Gov't Code § 12952(a) ("it is an unlawful employment practice for an ***employer***") (emphasis added); *see also* Cal. Gov't Code § 12926(d) ("'[e]mployer' includes . . . any person acting as an agent of an employer, directly or indirectly . . ."). However, agents are not liable under FEHA in every circumstance.[4] In 2023, the California Supreme Court held that under FEHA a business entity acting as an agent of an employer can "be held directly liable as an employer . . . in appropriate circumstances when the business-entity agent has at least five employees *and carries*

---

[3] Plaintiff does not allege her second or fifth causes of action against Air Products.

[4] Indeed, individual agents who are employees of the same employer cannot be held liable under FEHA. *See e.g*., *Reno v. Baird,* 18 Cal. 4th 640, 650-51 (1998) (finding a "supervisor employee[] cannot be held personally liable" under FEHA for employment discrimination); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173-74 (2008) (holding supervisors could not be personally liable under FEHA for retaliatory acts).

*out FEHA-regulated activities on behalf of the employer.*" *Raines v. U.S. Healthworks Med. Grp.*, 15 Cal. 5th 268, 291 (2023) (emphasis added). Plaintiff fails to assert sufficient facts establishing that Air Products was her prospective employer or was a business-entity agent of her prospective employer and, as a result, her claims against Air Products must be dismissed with prejudice.

Despite littering her Complaint with a description of policies promulgated by Defendants DISA, NABSC, and HASC, addressed below, Plaintiff details her specific factual allegations regarding her "experience with Defendants JCL and Air Products" in Section D of her "Statement of Facts," located in Paragraphs 86-97 of her Complaint. *See* Compl. (ECF No. 1-1) ¶¶ 86-97. Tellingly, despite the title of that section, she references Air Products only once in twelve paragraphs and only to say that ***JCL offered her a position working for JCL*** at an "Air Products' site." *Id.* ¶ 88. Plaintiff then admits that "JCL obtained" the background check on Plaintiff and that DISA performed that check. *Id.* ¶ 89. And when Plaintiff disputed the results of the background check run by JCL, she spoke with a "JCL representative," who told her that JCL made the decision to withdraw her offer of employment. *Id.* ¶ 92. Stated simply, Plaintiff admits that JCL was her prospective employer, not Air Products, and that the decision to run a background check and not hire her due to that background check was made by JCL, not Air Products. *See id.* ¶¶ 65-66, 86-94. Further, Plaintiff never alleged that Air Products "carrie[d] out FEHA [or FCA]-regulated activities on behalf of" JCL. *Raines*, 15 Cal. 5th at 291; *See also generally* Compl. ¶¶ 65-66, 86-94. To the contrary, Plaintiff admits that DISA, not Air Products, conducted the background check on behalf of JCL. Compl. ¶ 89.

One case in particular in this Circuit is instructive, and the Court should follow it and dismiss the Complaint as to Air Products. In *Canterberry v. Acara Sols., Inc.*, No. 20-cv-02361-KJM-KJN, 2022 WL 317002 (E.D. Cal. Feb. 2, 2022), Acara, an employment agency, hired Canterberry as a temporary welder for another company, Siemens. *Id*. at *1 (applying California law). Canterberry then applied for a

permanent position with Siemens. *Id.* As part of the application process for the permanent position, Siemens ran a background check on Canterberry, which uncovered Canterberry's felony conviction. *Id.* Siemens and Acara told Canterberry not to show up to work, and Acara terminated the temporary contract on which Canterberry was still working. *Id.* at *1-2 (finding that Acara's termination was not a violation of the FCA because the FCA only protects applicants, not existing employees).

Like Plaintiff here, Canterberry claimed that Siemens' actions in running a background check and refusing to hire him based on that check violated the FCA. *Id.* After removing the case to federal court, Acara moved for judgment on the pleadings, arguing that Canterberry could not state a claim under the FCA because he applied for a position with Siemens, not Acara, when his conviction was flagged on a background check and Siemens' offer was rescinded. *Id.* at *2.

The court granted Acara's motion, writing: "Canterberry applied directly to Siemens for a permanent position. . . . He did not apply for a position with Acara, and he was not deterred from applying to Acara." *Id.* (internal record citation omitted). The court added: "[Canterberry's] claims arose from his efforts to become a permanent employee of Siemens only." *Id.* (internal record citation omitted).

***The situation here is indistinguishable from Canterberry.*** Plaintiff did not apply for a position with Air Products, she did not receive an employment offer from Air Products, and the job offer she received from JCL was not terminated by Air Products. *See* Compl. (ECF No. 1-1) ¶¶ 65-66, 86-95. There is no basis to keep Air Products in this case, and this Court should follow *Canterberry* and dismiss all of Plaintiff's claims as against Air Products.

Given that Air Products was not Plaintiff's prospective employer nor did it carry out any FEHA- or FCA-regulated activities on behalf of her prospective

employer, all of Plaintiff's claims against Air Products must be dismissed with prejudice.[5]

### C. Plaintiff Cannot Rely On Speculative, Conclusory Collective Allegations

In an attempt to muddy the waters and cover for her failure to plead any specific wrongful actions taken by Air Products, Plaintiff instead relies on allegations that: lump all Defendants together without specifically delineating allegations as to each; are speculative and not based in fact; or are mere conclusory statements. Such pleading games are insufficient to state a claim against Air Products, where, as here, Plaintiff does not and cannot allege facts demonstrating Air Products' involvement at all in any of the alleged wrongs.

First, the Complaint is replete with instances where Plaintiff purposely lumps all together in order to ascribe other Defendants' wrongdoing to Air Products despite there being no basis for doing so. As but one example, Air Products points to paragraph 5, where Plaintiff alleges that "[b]ecause of this conviction—and based solely on this conviction—Defendants decided to revoke her job offer to work at an oil refinery, a job she had previously successfully performed." *Id.* ¶ 5; *see also id.* ¶¶ 2-4, 6-8, 10-13, 38, 71, 82, 115-16. Plaintiff admits elsewhere in the Complaint that JCL took this action, not Air Products (*see, e.g.*, *id.* ¶¶ 65-66, 86, 92), yet in this paragraph (and the other listed examples) she attempts to obscure this fact.

It is well established in this Circuit that "shotgun pleadings"—whereby plaintiff "uses the omnibus term 'Defendants' throughout a complaint by grouping

---

[5] Plaintiff's fourth cause of action (violation of the aiding and abetting clause of the FEHA) fails because Plaintiff sets forth no factual allegations from which one could conclude that Air Products "aid[ed], abet[ted], incite[d], compel[led], or coerce[d]" JCL's actions in refusing to hire Plaintiff. *See* Cal. Gov't Code § 12940(i). Nor does Plaintiff plead facts that would establish Air Products as a "third party interferer." To the contrary, as stated repeatedly herein, Plaintiff fails to plead that Air Products instructed or directed JCL to conduct a background check on Plaintiff, or otherwise had responsibility for JCL's actions. *See* Compl. (ECF No. 1-1) ¶¶ 88-89.

defendants together without identifying what the particular defendants specifically did wrong"—"are unacceptable." *Sollberger v. Wachovia Secs., LLC*, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) ("Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations."). Accordingly, federal courts in California have granted motions to dismiss where a plaintiff has relied on references to groups of "defendants" without delineating specific allegations as to each. *See id.* at *4-5 (denying motion to amend plaintiff's dismissed "shotgun pleading" which "exhibit[ed] impermissible lumping" of defendants); *see also, e.g.*, *Traer v. Domino's Pizza LLC*, No. CV 21-06187-MWF (SKx), 2022 WL 2199940, at *2-3 (C.D. Cal. Jan. 26, 2022) (granting motion to dismiss where plaintiff failed to "differentiate his allegations when suing more than one defendant to inform each defendant separately of the allegations surrounding their participation" in the alleged wrongdoing); *Myers v. Winn Law Grp., APC*, No. 2:11-cv-02372 JAM KJN PS, 2012 WL 5187771, at *2 (E.D. Cal. Oct. 17, 2012) (court dismissed complaint *sua sponte* because many of the pleading's "allegations fail[ed] to mention any individual defendants by name"). Air Products respectfully submits that the Court should follow suit here.

Next, the Complaint is full of baseless speculation and conclusory language for which Plaintiff offers no supporting evidence. The Court need not accept allegations in a complaint at face value where they are based on mere speculation or conclusions backed by nothing. *See Sprewell*, 266 F.3d at 988 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Here, Plaintiff spills considerable ink to describe policies promulgated by Defendants DISA, NABSC, and HASC. Those allegations are certainly appropriate for addressing the alleged conduct of those Defendants. *See, e.g.*, Compl. (ECF No. 1-1) ¶¶ 39-47, 49, 51-64, 69.

1  However, those policies were not issued by Air Products, and nowhere in them is Air Products even mentioned. *See id.*, Exs. 1, 2; *see also, e.g.*, *Momentum Com. Funding, LLC v. Beasley*, No. 2:16-cv-02085-JAM-CKD, 2017 WL 1063840, at *2 (E.D. Cal. Mar. 20, 2017) (counterclaim under California's Vehicle Leasing Act could not stand where exhibits attached to counterclaim showed that counter-plaintiff leased a car for commercial purposes, which was exempted from the statute).

Plaintiff ignores these facts and attempts to pull the pleading equivalent of a magician's sleight of hand. After noting that the policies at issue refer generically to "Owners," Plaintiff speculates without any factual allegations in support that Air Products is an "Owner." Compl. (ECF No. 1-1) ¶¶ 45, 48. Such speculation is not sufficient to state a claim. *See, e.g.*, *Serv. Emps. Int'l Union Local 1021 v. County of Mendocino*, No. 20-cv-05423-RMI, 2021 WL 3471176, at *3 (N.D. Cal. Aug. 6, 2021) (dismissing complaint where court did not accept plaintiffs' "unfounded conclusion" regarding the operation of a county commission); *Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*, No. CV 18-7661-GW(GJSx), 2018 WL 6985317, at *7 (C.D. Cal. Dec. 3, 2018) (granting motion to dismiss where plaintiff's allegations for its unlawful competition claim were "merely conclusory" and were "lacking sufficient factual allegations" to state a claim); *Ford Motor Credit Co., LLC v. Arkin*, No. CV10-02968 ODW (JCx), 2011 WL 13214101, at *3 (C.D. Cal. Mar. 10, 2011) (granting motion to dismiss where counterclaim's allegations were conclusory and contradicted by other allegations in the counterclaim).

Then Plaintiff alleges that DISA, NABSC, and HASC "created, implemented, and administered the background screening service on prospective employees *like Plaintiff*, on behalf of Defendants JCL, Air Products, and Phillips 66." Compl. (ECF No. 1-1) ¶ 62. But what Plaintiff does not allege—and cannot allege in good faith because she has no facts to support it—is that the background check *actually run on her by JCL* for the position in Carson, California, was required by Air Products or

1  otherwise in any way directed or influenced by Air Products.  Indeed, after describing
2  in detail the general policies put in place by DISA, NABSC, and HASC, Plaintiff
3  finally makes a straightforward factual assertion:  "Based solely on the provisions of
4  the DISA, NABSC and HASC Programs, [Plaintiff's background screening grade]
5  resulted in Plaintiff's denial of employment with Defendant JCL . . . and denial of
6  assignment [by JCL] to Defendant Air Products . . . and any other participating
7  Owner."  *Id.* ¶ 83.  Once again, the lack of any specific factual allegations of conduct
8  by Air Products itself demonstrates that the Complaint fails to state a claim under the
9  FCA or FEHA.

### D. The Court Should Dismiss Without Leave To Amend

It is settled that the Court "should freely [grant] leave to amend when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave may be denied for various reasons, including "futility of amendment," which is applicable here.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Futility alone can justify a court's refusal to grant leave to amend."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).  Leave to amend "is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (dismissal without leave to amend is proper where "the complaint could not be saved by any amendment") (quotation marks and citation omitted); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

As discussed above, no amendment could possibly cure the fatal issues with Plaintiff's Complaint vis-à-vis Air Products—Air Products simply did not do or cause to be done any of the actions about which Plaintiff complains, and there is no theory of law under which Plaintiff can hold Air Products liable for its non-actions.

*See Canterberry*, 2022 WL 317002, at *3 (dismissing without leave to amend because "Canterberry did not apply for a position with Acara" and thus "he cannot state a claim against Acara," so "[a]mendment would be futile"). Other courts have denied leave to amend as futile where plaintiff could not plead facts sufficient to state a claim because the pleaded claim relied on conditions that had not been met. *See, e.g.*, *Ng v. Nissan N. Am., Inc.*, No. 23-cv-00875-AMO, 2023 WL 9150275, at *3 (N.D. Cal. Dec. 27, 2023) (leave to amend was futile where claim relied on a car being leased in California and plaintiffs conceded they did not lease the car in California); *Oushana v. Lowe's Home Ctrs., LLC*, No. 1:16-cv-01782-AWI-SAB, 2017 WL 2417198, at *6 (E.D. Cal. June 5, 2017) (denying leave to amend as futile where claim relied on privity and there could be no privity because one plaintiff was a guest in the other plaintiff's home).

## IV. CONCLUSION

Plaintiff's claims against Air Products fail as a matter of law. Further, no amendment can cure these issues. Accordingly, Air Products respectfully requests that this Court sustain the present Motion to Dismiss as to all causes of action and dismiss all claims against it without leave to amend.

DATED: October 21, 2024                PAUL HASTINGS LLP
                                       PAUL EVANS
                                       TERESA M. GREIDER


                                       By:      */s/ Teresa M. Greider*
                                              TERESA M. GREIDER

                                       Attorneys for Defendant
                                       AIR PRODUCTS AND CHEMICALS, INC.

## **CERTIFICATION**

The undersigned counsel of record for Air Products and Chemicals, Inc., certifies that this brief contains 4,152 words, which complies with the word limit of L.R. 11-6-1.

Date: October 21, 2024          By: ___*/s/ Teresa M. Greider*___
                                        TERESA M. GREIDER