1  MICHAEL E. WILBUR (State Bar No. 152361)
   AFRICA E. DAVIDSON (State Bar No. 225680)
2  APEX EMPLOYMENT LAW, LLP
   1970 Broadway, Suite 850
3  Oakland, California 94612
   Telephone: (510) 588-1310
4
5  Email: mwilbur@apexemploymentlaw.com
   Email: adavidson@apexemploymentlaw.com
6
   Attorneys for Defendant
7  JCL SAFETY SERVICES, LLC

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  JANE ROE,                              Case No. 2:24-cv-08380-MCS(PVCx)

12                                         (Los Angeles Superior Court Case No.
                    Plaintiff,             24STCV20158)
13          vs.

14                                         **DEFENDANT JCL SAFETY**
    DISA GLOBAL SOLUTIONS, INC.; JCL       **SERVICES, LLC'S ANSWER TO**
15  SAFETY SERVICES; AIR PRODUCTS AND      **THE COMPLAINT**
    CHEMICALS, INC.; PHILLIPS 66; NORTH
16  AMERICAN BACKGROUND SCREENING
    CONSORTIUM; HEALTH AND SAFETY
17  COUNCIL; and DOES 1-10, inclusive,     Action filed:  August 8, 2024
                                           Trial Date: None Set
18                  Defendants

19

20      Defendant JCL SAFETY SERVICES, LLC ("Defendant"), by and through the undersigned

21  attorneys, answers the Complaint for Damages as follows:

22                     **NATURE OF THE ACTION**

23      1.  Answering the allegations set forth in Paragraph 1 of the Complaint, Defendant admits the

24  allegations therein regarding the nature of the claims asserted in Plaintiff's Complaint.

25      2.  Answering the allegations set forth in Paragraph 2 of the Complaint, Defendant denies the

26  allegations contained therein.

27      3.  Answering the allegations set forth in Paragraph 3 of the Complaint, Defendant denies the

28  allegations contained therein.

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

4.   Answering the allegations set forth in Paragraph 4 of the Complaint, Defendant denies the allegations contained therein.

5.   Answering the allegations set forth in Paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

6.   Answering the allegations set forth in Paragraph 6 of the Complaint, Defendant denies the allegations contained therein.

7.   Answering the allegations set forth in Paragraph 7 of the Complaint, Defendant denies the allegations therein.

8.   Answering the allegations set forth in Paragraph 8 of the Complaint, Defendant denies the allegations contained therein.

9.   Answering the allegations set forth in Paragraph 9 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations, and on that basis denies them.

10. Answering the allegations set forth in Paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

11. Answering the allegations set forth in Paragraph 11 of the Complaint, Defendant denies the allegations therein.

12. Answering the allegations set forth in Paragraph 12 of the Complaint, Defendant denies the allegations therein.

13. Answering the allegations set forth in Paragraph 13 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief.

**PARTIES**

14. Answering the allegations set forth in Paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

15. Answering the allegations set forth in Paragraph 15 of the Complaint, Defendant admits that it is headquartered in the State of Oklahoma, does business in the State of California, and is an employer within the meaning of the FEHA and Fair Chance Act, and denies the remainder.

16. Answering the allegations set forth in Paragraph 16 of the Complaint regarding Defendant

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

DISA GLOBAL SOLUTIONS, INC., Defendant admits that it is a Delaware Corporation with principal place of business in the State of Texas doing business in the State of California. Defendant denies that DISA Global Solutions, Inc. is an agent of this answering Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis denies them.

17  Answering the allegations set forth in Paragraph 17 of the Complaint regarding Defendant NORTH AMERICAN BACKGROUND SCREENING CONSORTIUM, Defendant denies the allegations contained therein.

18. Answering the allegations set forth in Paragraph 18 of the Complaint regarding Defendant HEALTH AND SAFETY COUNCIL, Defendant admits that it is a nonprofit organization headquartered in the State of Texas. Defendant denies that Health and Safety Council is an agent of this answering Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis denies them

19. Answering the allegations set forth in Paragraph 19 of the Complaint regarding Defendant AIR PRODUCTS AND CHEMICALS, INC., Defendant admits that is a Delaware corporation headquartered in the State of Pennsylvania doing business in the State of California and is an employer within the meaning of the FEHA and Fair Chance Act. Defendant denies that Defendant Air Products and Chemicals, Inc. is an agent of this answering Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis denies them.

20. Answering the allegations set forth in Paragraph 20 of the Complaint regarding Defendant PHILLIPS 66 COMPANY, Defendant admits that it is a Delaware corporation headquartered in the State of Texas doing business in the State of California and is an employer within the meaning of the FEHA and Fair Chance Act. Defendant denies that Phillips 66 Company is an agent of this answering Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis denies them.

21. Answering the allegations set forth in Paragraph 21 of the Complaint regarding the DOE DEFENDANTS, Defendant lacks sufficient information to admit or deny the allegations therein, and

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

1    on that basis denies them.

2    22. Answering the allegations set forth in Paragraph 22 of the Complaint, Defendant denies the

3    allegations therein.

4    ### PROCEEDING AS JANE ROE

5    23. Answering the allegations set forth in Paragraph 23 of the Complaint, Defendant admits the

6    purpose of allowing plaintiffs to appear anonymously in California courts.

7    24. Answering the allegations set forth in Paragraph 24 of the Complaint, Defendant denies the

8    allegations therein as to itself, and otherwise lacks sufficient information to admit or deny the

9    allegations as to any other party or entity, and on that basis denies them.

10    25. Answering the allegations set forth in Paragraph 25 of the Complaint, Defendant lacks

11    sufficient information to admit or deny the allegations therein, and on that basis denies them.

12    26. Answering the allegations set forth in Paragraph 26 of the Complaint, Defendant denies the

13    allegations contained therein.

14    ### VENUE AND JURISDICTION

15    27. Answering the allegations set forth in Paragraph 27 of the Complaint, Defendant admits that

16    venue is proper in the instant Court and that the amount of damages sought exceeds the minimum

17    jurisdiction of the Court.

18    28. Answering the allegations set forth in Paragraph 28 of the Complaint, Defendant admits the

19    amount in controversy exceeds the jurisdictional minimum of the Court.

20    ### SUMMARY OF RELEVANT LAW

21    29. Answering the allegations set forth in Paragraph 29 of the Complaint, Defendant admits the

22    allegations contained therein.

23    30. Answering the allegations set forth in Paragraph 30 of the Complaint, Defendant admits the

24    allegations contained therein.

25    31. Answering the allegations set forth in Paragraph 31 of the Complaint, Defendant admits the

26    allegations contained therein.

27    32. Answering the allegations set forth in Paragraph 32 of the Complaint, Defendant admits the

28

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

allegations therein.

33. Answering the allegations set forth in Paragraph 33 of the Complaint, Defendant admits the allegations therein.

34. Answering the allegations set forth in Paragraph 34 of the Complaint, Defendant admits the allegations therein.

35. Answering the allegations set forth in Paragraph 35 of the Complaint, Defendant admits the allegations therein.

36. Answering the allegations set forth in Paragraph 36 of the Complaint, Defendant denies that it violated the Fair Chance Act or the FEHA.

37. Answering the allegations set forth in Paragraph 37 of the Complaint, Defendant admits the allegations therein.

## <u>STATEMENT OF FACTS</u>

A. <u>Summary of Background Screening Policies and Practices</u>

38. Answering the allegations set forth in Paragraph 38 of the Complaint, Defendant denies the allegations therein.

39. Answering the allegations set forth in Paragraph 39 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

40. Answering the allegations set forth in Paragraph 40 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

41. Answering the allegations set forth in Paragraph 41 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

42. Answering the allegations set forth in Paragraph 42 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

43. Answering the allegations set forth in Paragraph 43 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

44. Answering the allegations set forth in Paragraph 44 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

45. Answering the allegations set forth in Paragraph 45 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

46. Answering the allegations set forth in Paragraph 46 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

47.  Answering the allegations set forth in Paragraph 47 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

48. Answering the allegations set forth in Paragraph 48 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations, and on that basis denies them.

49. Answering the allegations set forth in Paragraph 49 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

50. Answering the allegations set forth in Paragraph 50 of the Complaint, Defendant admits that Plaintiff signed a background check consent form from DISA as part of its application process. Defendant lacks sufficient information to admit or deny the remaining allegations as to any other party, and on that basis denies them.

51. Answering the allegations set forth in Paragraph 51 of the Complaint, Defendant lacks sufficient information to admit or deny allegations about other parties, and on that basis denies them.

B.  DISA, NABSC, and HASC and their background screening search and grading criteria

52. Answering the allegations set forth in Paragraph 52 of the Complaint, Defendant admits that Defendant DISA is a nationwide company that provides criminal background checks on employees and applicants for employment.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

53. Answering the allegations set forth in Paragraph 53 of the Complaint, Defendant admits that Defendant NABSC is an association of industrial facility owners that developed and implements a program for its members for hiring and screening individuals applying for access to certain facilities. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

54. Answering the allegations set forth in Paragraph 54 of the Complaint, Defendant admits that Defendant DISA has performed background screenings for its applicants, including Plaintiff, and

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

that background check results are a part of Defendant's hiring and termination decisions.    Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

55. Answering the allegations set forth in Paragraph 55 of the Complaint, Defendant admits the allegations contained therein as to Defendant NABSC.  Defendant lacks sufficient information to admit or deny the allegations as to Defendant HASC, and on that basis denies them.

56. Answering the allegations set forth in Paragraph 56 of the Complaint, Defendant admits the allegations contained therein.

57. Answering the allegations set forth in Paragraph 57 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

58. Answering the allegations set forth in Paragraph 58 of the Complaint, Defendant admits the allegations therein.

59. Answering the allegations set forth in Paragraph 59 of the Complaint, Defendant admits that Defendant NABSC approved Defendant DISA to be a Consortium TPA in the NABSC Program. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

60. Answering the allegations set forth in Paragraph 60 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

61. Answering the allegations set forth in Paragraph 61 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

62. Answering the allegations set forth in Paragraph 62 of the Complaint, Defendant admits that Defendant DISA administered the background screen grade designation on Plaintiff on its behalf as a Consortium TPA of the NABSC Program.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

63. Answering the allegations set forth in Paragraph 63 of the Complaint, Defendant admits the allegations contained therein as to Defendant NABSC.  Defendant lacks sufficient information to

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

admit or deny the remaining allegations therein, and on that basis denies them.

64. Answering the allegations set forth in Paragraph 64 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

65. Answering the allegations set forth in Paragraph 65 of the Complaint, Defendant admits the allegations therein.

66. Answering the allegations set forth in Paragraph 66 of the Complaint, Defendant admits that it uses a database administered by Defendant DISA to determine an applicant's employment eligibility and status. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

67. Answering the allegations set forth in Paragraph 67 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

68. Answering the allegations set forth in Paragraph 68 of the Complaint, Defendant lacks sufficient information to admit or deny the genuineness of the document on which the allegations are based, and on that basis denies them.

69. Answering the allegations set forth in Paragraph 69 of the Complaint, Defendant admits that Defendant DISA maintains a program which includes information about applicants who have applied for employment and for whom DISA has been engaged to conduct a background check, and that Defendant is able to look up individual applicants' statuses. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

70. Answering the allegations set forth in Paragraph 70 of the Complaint, Defendant admits that Contractor Employers may seek a waiver or exemption from an Owner for a Contractor Employee who did not receive a background screen grade that meets the owner's security requirements, and that the criteria for granting a waiver and the decision to grant a waiver are in the sole discretion of the Owner. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

71. Answering the allegations set forth in Paragraph 71 of the Complaint, Defendant denies that it has never sought a waiver for an applicant. Defendant admits that a waiver was not an option for

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

8

Plaintiff.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

72. Answering the allegations set forth in Paragraph 72 of the Complaint, Defendant admits the allegations therein.

C.  Plaintiff's experience under DISA and NABSC's policies

73. Answering the allegations set forth in Paragraph 73 of the Complaint, Defendant admits the allegations therein.

74. Answering the allegations set forth in Paragraph 74 of the Complaint, Defendant admits that in 2017, Plaintiff was resentenced to 60 months and based on time served, was released from prison in 2017.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

75. Answering the allegations set forth in Paragraph 75 of the Complaint, Defendant denies the allegations contained therein.

76. Answering the allegations set forth in Paragraph 76 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

77. Answering the allegations set forth in Paragraph 77 of the Complaint, Defendant admits that Plaintiff presented a copy of her TWIC card.  Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

78. Answering the allegations set forth in Paragraph 78 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

79. Answering the allegations set forth in Paragraph 79 of the Complaint, Defendant admits that Plaintiff was assigned a background screen grade of "05."  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

80. Answering the allegations set forth in Paragraph 80 of the Complaint, Defendant admits that DISA informed it of Plaintiff's background screen grade and inactive status. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

81. Answering the allegations set forth in Paragraph 81 of the Complaint, Defendant denies the allegations contained therein.

82. Answering the allegations set forth in Paragraph 82 of the Complaint, Defendant denies that it assigns any applicant a background screen grade.  Defendant admits that Plaintiff's screen grade is assigned to the serious crimes listed therein.  Defendant denies the remaining allegations.

83. Answering the allegations set forth in Paragraph 83 of the Complaint, Defendant denies that the background screen grade of "05" was the only reason that it withdrew Plaintiff's offer of employment.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

84. Answering the allegations set forth in Paragraph 84 of the Complaint, Defendant denies the allegations contained therein.

85. Answering the allegations set forth in Paragraph 85 of the Complaint, Defendant denies the allegations contained therein.

D.  Plaintiff's experience with Defendants JCL and Air Products

86. Answering the allegations set forth in Paragraph 86 of the Complaint, Defendant admits the allegations contained therein.

87. Answering the allegations set forth in Paragraph 87 of the Complaint, Defendant admits the allegations contained therein.

88. Answering the allegations set forth in Paragraph 88 of the Complaint, Defendant admits that it offered Plaintiff a position working at Air Products' site, contingent on passing a criminal history background check, and that Plaintiff accepted the offer.  Defendant denies the remainder.

89. Answering the allegations set forth in Paragraph 89 of the Complaint, Defendant admits the allegations therein.

90. Answering the allegations set forth in Paragraph 90 of the Complaint, Defendant admits the allegations contained therein.

91. Answering the allegations set forth in Paragraph 91 of the Complaint, Defendant lacks sufficient information to admit or deny the completeness of the document referenced and on which the allegations are based, and on that basis denies them.

92. Answering the allegations set forth in Paragraph 92 of the Complaint, Defendant admits the allegations contained therein.

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

93. Answering the allegations set forth in Paragraph 93 of the Complaint, Defendant admits the allegations contained therein.

94. Answering the allegations set forth in Paragraph 94 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

95. Answering the allegations set forth in Paragraph 95 of the Complaint, Defendant admits that it was furnished with Plaintiff's background screen grade by Defendant DISA.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

96. Answering the allegations set forth in Paragraph 96 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

97. Answering the allegations set forth in Paragraph 97 of the Complaint, Defendant denies the allegations therein.

E. <u>Plaintiff's experience with Phillips 66</u>

98. Answering the allegations set forth in Paragraph 98 of the Complaint, Defendant admits that Defendant Phillips 66 refines, processes, transports and sells various petrochemical products and owns several refineries.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

99. Answering the allegations set forth in Paragraph 99 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

100. Answering the allegations set forth in Paragraph 100 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

101. Answering the allegations set forth in Paragraph 101 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

102. Answering the allegations set forth in Paragraph 102 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

103. Answering the allegations set forth in Paragraph 103 of the Complaint, Defendant denies the allegations therein.

104. Answering the allegations set forth in Paragraph 104 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

105. Answering the allegations set forth in Paragraph 105 of the Complaint, Defendant denies the allegations therein.

F. Plaintiff's post-denial efforts

106. Answering the allegations set forth in Paragraph 106 of the Complaint, Defendant admits that in or around February 2021, Plaintiff disputed the information on her background check with Defendant DISA. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

107. Answering the allegations set forth in Paragraph 107 of the Complaint, Defendant admits that on or around May 17, 2021, Plaintiff's counsel contacted it to state their belief that the withdrawal of the job offer was improper under the law and that Plaintiff was considering her legal options, to reiterate that Plaintiff's conviction was from 29 years ago, and that Plaintiff possessed a Transportation Worker Identification Credential.  Defendant denies the remaining allegations.

108. Answering the allegations set forth in Paragraph 108 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

109. Answering the allegations set forth in Paragraph 109 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

110. Answering the allegations set forth in Paragraph 110 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

G. Statistical disparities in California's criminal legal system

111. Answering the allegations set forth in Paragraph 111 of the Complaint, Defendant lacks sufficient information to admit or deny the genuineness and/or accuracy of the document referenced and on which the allegations are based, and on that basis denies all of the allegations in Paragraph 111.

112. Answering the allegations set forth in Paragraph 112 of the Complaint, Defendant lacks sufficient information to admit or deny the genuineness and/or accuracy of the document referenced and on which the allegations are based, and on that basis denies all of the allegations in Paragraph 112.

113. Answering the allegations set forth in Paragraph 113 of the Complaint, Defendant lacks

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

sufficient information to admit or deny the genuineness and/or accuracy of the document referenced and on which the allegations are based, and on that basis denies all of the allegations in Paragraph 113.

114. Answering the allegations set forth in Paragraph 114 of the Complaint, Defendant lacks sufficient information to admit or deny the genuineness and/or accuracy of the document referenced and on which the allegations are based, and on that basis denies all of the allegations in Paragraph 114.

115. Answering the allegations set forth in Paragraph 115 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

116. Answering the allegations set forth in Paragraph 116 of the Complaint, Defendant denies the allegations contained therein.

117. Answering the allegations set forth in Paragraph 117 of the Complaint, Defendant lacks sufficient information to admit or deny the genuineness and/or accuracy of the document referenced and on which the allegations are based, and on that basis denies all of the allegations in Paragraph 117.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

118. Answering the allegations set forth in Paragraph 118 of the Complaint, Defendant admits that Plaintiff filed a complaint against it with the California Civil Rights Department. Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

119. Answering the allegations set forth in Paragraph 119 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

## FIRST CAUSE OF ACTION

### Violation of the California Fair Chance Act, Cal. Gov't Code §12952

### Against All Defendants

120. Answering the allegations set forth in Paragraph 120 of the Complaint, Defendant reincorporates each of the foregoing paragraphs as though fully set forth herein.

121. Answering the allegations set forth in Paragraph 121 of the Complaint, Defendant admits

that it was a covered employer under the statute.  Defendant lacks sufficient information to admit or deny the allegations as to other parties, and on that basis denies them.

122. Answering the allegations set forth in Paragraph 122 of the Complaint, Defendant admits that it conducted or facilitated the administrative functions associated with the hiring and firing of prospective employees, such as background checks, which are FEHA and Fair Chance Act regulated activities.  Defendant denies the remaining allegations.

123. Answering the allegations set forth in Paragraph 123 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

**Cal. Gov't Code §12952(c)(1)**

124. Answering the allegations set forth in Paragraph 124 of the Complaint, Defendant admits the allegations therein.

125. Answering the allegations set forth in Paragraph 125 of the Complaint, Defendant admits the allegations therein.

126. Answering the allegations set forth in Paragraph 126 of the Complaint, Defendant denies the allegations therein.

127. Answering the allegations set forth in Paragraph 127 of the Complaint, Defendant denies the allegations therein.

128. Answering the allegations set forth in Paragraph 128 of the Complaint, Defendant denies the allegations therein.

129. Answering the allegations set forth in Paragraph 126 of the Complaint, Defendant admits that it received the determination of Plaintiff's background screen grade and inactive status from Defendant DISA.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

130. Answering the allegations set forth in Paragraph 130 of the Complaint, Defendant denies the allegations therein.

131. Answering the allegations set forth in Paragraph 131 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

132. Answering the allegations set forth in Paragraph 132 of the Complaint, Defendant lacks

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

sufficient information to admit or deny the allegations therein, and on that basis denies them.

133. Answering the allegations set forth in Paragraph 133 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

134. Answering the allegations set forth in Paragraph 134 of the Complaint, Defendant denies the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the allegations as to any other party, and on that basis denies them.

### Cal. Gov't Code §12952(c)(2)

135. Answering the allegations set forth in Paragraph 135 of the Complaint, Defendant admits the allegations therein.

136. Answering the allegations set forth in Paragraph 136 of the Complaint, Defendant denies the allegations therein.

137. Answering the allegations set forth in Paragraph 137 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

138. Answering the allegations set forth in Paragraph 138 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

139. Answering the allegations set forth in Paragraph 139 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

140. Answering the allegations set forth in Paragraph 140 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

141. Answering the allegations set forth in Paragraph 141 of the Complaint, Defendant denies the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the remaining allegations as to any other party, and on that basis denies them.

### Cal. Gov't Code §12952(c)(2)

142. Answering the allegations set forth in Paragraph 142 of the Complaint, Defendant denies that the statute requires a second individualized assessment.

143. Answering the allegations set forth in Paragraph 143 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

144. Answering the allegations set forth in Paragraph 144 of the Complaint, Defendant lacks

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

1    sufficient information to admit or deny the allegations therein, and on that basis denies them.

2        145. Answering the allegations set forth in Paragraph 145 of the Complaint, Defendant denies

3    the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the

4    remaining allegations as to any other party, and on that basis denies them.

5        146. Answering the allegations set forth in Paragraph 146 of the Complaint, Defendant denies

6    the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the

7    remaining allegations as to any other party, and on that basis denies them.

8        147. Answering the allegations set forth in Paragraph 147 of the Complaint, Defendant denies

9    the allegations therein.

10                            **Cal. Gov't Code §12952(c)(5)**

11        148. Answering the allegations set forth in Paragraph 148 of the Complaint, Defendant admits

12    the allegations therein.

13        149. Answering the allegations set forth in Paragraph 149 of the Complaint, Defendant lacks

14    sufficient information to admit or deny the allegations therein, and on that basis denies them.

15        150. Answering the allegations set forth in Paragraph 150 of the Complaint, Defendant lacks

16    sufficient information to admit or deny the allegations therein, and on that basis denies them.

17        151. Answering the allegations set forth in Paragraph 151 of the Complaint, Defendant lacks

18    sufficient information to admit or deny the genuineness and/or accuracy of the document referenced

19    and on which the allegations are based, and on that basis denies them.

20        152. Answering the allegations set forth in Paragraph 152 of the Complaint, Defendant lacks

21    sufficient information to admit or deny the genuineness and/or accuracy of the documents referenced

22    and on which the allegations are based, and on that basis denies them.

23        153. Answering the allegations set forth in Paragraph 153 of the Complaint, Defendant lacks

24    sufficient information to admit or deny the genuineness and/or accuracy of the documents referenced

25    and on which the allegations are based, and on that basis denies them.

26        154. Answering the allegations set forth in Paragraph 154 of the Complaint, Defendant lacks

27    sufficient information to admit or deny the allegations therein, and on that basis denies them.

28        155. Answering the allegations set forth in Paragraph 155 of the Complaint, Defendant denies

1   the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the

2   remaining allegations as to any other party, and on that basis denies them.

3       156. Answering the allegations set forth in Paragraph 156 of the Complaint, Defendant denies

4   the allegations therein.

5                            **SECOND CAUSE OF ACTION**

6       **Violation of the California Fair Chance Act, Cal. Gov't Code §12952**

7          **Against Defendants DISA, Phillips 66, NABSC, and HASC**

8       157. Answering the allegations set forth in Paragraph 157 of the Complaint, Defendant

9   reincorporates each of the foregoing paragraphs as though fully set forth herein.

10      158. Answering the allegations set forth in Paragraph 158 of the Complaint, Defendant lacks

11  sufficient information to admit or deny the allegations therein, and on that basis denies them.

12                         **Cal. Gov't Code §12952(a)(2)**

13      159. Answering the allegations set forth in Paragraph 159 of the Complaint, Defendant admits

14  the allegations therein.

15      160. Answering the allegations set forth in Paragraph 160 of the Complaint, Defendant lacks

16  sufficient information to admit or deny the allegations therein, and on that basis denies them.

17      161. Answering the allegations set forth in Paragraph 161 of the Complaint, Defendant lacks

18  sufficient information to admit or deny the allegations therein, and on that basis denies them.

19      162. Answering the allegations set forth in Paragraph 162 of the Complaint, Defendant lacks

20  sufficient information to admit or deny the allegations therein, and on that basis denies them.

21                           **THIRD CAUSE OF ACTION**

22  **Race Discrimination (adverse impact) in Violation of the Fair Employment and Housing**

23          **Act, as amended, Cal. Gov't Code §12940, et seq.**

24                           **Against All Defendants**

25      163. Answering the allegations set forth in Paragraph 163 of the Complaint, Defendant

26  reincorporates each of the foregoing paragraphs as though fully set forth herein.

27      164. Answering the allegations set forth in Paragraph 164 of the Complaint, Defendant admits

28  the allegations therein.

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

165. Answering the allegations set forth in Paragraph 165 of the Complaint, Defendant admits the allegations therein.

166. Answering the allegations set forth in Paragraph 166 of the Complaint, Defendant admits the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the remaining allegations as to any other party, and on that basis denies them.

167. Answering the allegations set forth in Paragraph 167 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

168. Answering the allegations set forth in Paragraph 168 of the Complaint, Defendant denies the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the remaining allegations as to any other party, and on that basis denies them.

169. Answering the allegations set forth in Paragraph 169 of the Complaint, Defendant admits that Defendant DISA on its behalf performed a background search on Plaintiff and provided Defendant with the results.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

170. Answering the allegations set forth in Paragraph 170 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

171. Answering the allegations set forth in Paragraph 171 of the Complaint, Defendant denies the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the remaining allegations as to any other party, and on that basis denies them.

172. Answering the allegations set forth in Paragraph 172 of the Complaint, Defendant denies the allegations therein.

173. Answering the allegations set forth in Paragraph 173 of the Complaint, Defendant denies the allegations therein.

174. Answering the allegations set forth in Paragraph 174 of the Complaint, Defendant denies the allegations therein.

175. Answering the allegations set forth in Paragraph 175 of the Complaint, Defendant denies the allegations therein.

176. Answering the allegations set forth in Paragraph 176 of the Complaint, Defendant lacks

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

1    sufficient information to admit or deny the allegations therein, and on that basis denies them.

2    177. Answering the allegations set forth in Paragraph 177 of the Complaint, Defendant lacks

3    sufficient information to admit or deny the allegations therein, and on that basis denies them.

4    178. Answering the allegations set forth in Paragraph 178 of the Complaint, Defendant denies

5    the allegations therein as to itself.  Defendant lacks sufficient information to admit or deny the

6    remaining allegations, and on that basis denies them.

7    179. Answering the allegations set forth in Paragraph 179 of the Complaint, Defendant lacks

8    sufficient information to admit or deny the allegations therein, and on that basis denies them.

9    180. Answering the allegations set forth in Paragraph 180 of the Complaint, Defendant denies

10    the allegations therein.

11    181. Answering the allegations set forth in Paragraph 181 of the Complaint, Defendant denies

12    the allegations therein.

13    182. Answering the allegations set forth in Paragraph 182 of the Complaint, Defendant denies

14    the allegations therein.

15    183. Answering the allegations set forth in Paragraph 183 of the Complaint, Defendant denies

16    the allegations therein.

17                          **FOURTH CAUSE OF ACTION**

18    **Aiding and Abetting Noncompliance in Violation of the Fair Employment and Housing**

19                **Act, as amended, Cal. Gov't Code §12940, et seq.**

20          **Against Defendants DISA, Air Products, Phillips 66, NABSC, and HASC**

21    184. Answering the allegations set forth in Paragraph 184 of the Complaint, Defendant

22    reincorporates each of the foregoing paragraphs as though fully set forth herein.

23    185. Answering the allegations set forth in Paragraph 185 of the Complaint, Defendant admits

24    the allegations therein.

25    186. Answering the allegations set forth in Paragraph 186 of the Complaint, Defendant admits

26    the allegations therein.

27    187. Answering the allegations set forth in Paragraph 187 of the Complaint, Defendant admits

28    the allegations therein.

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

188. Answering the allegations set forth in Paragraph 188 of the Complaint, Defendant denies the allegations therein.

189. Answering the allegations set forth in Paragraph 189 of the Complaint, Defendant admits that it was required to use an approved Consortium TPA to conduct a background check.  Defendant lacks sufficient information to admit or deny the remaining allegations, and on that basis denies them.

190. Answering the allegations set forth in Paragraph 190 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

191. Answering the allegations set forth in Paragraph 191 of the Complaint, Defendant denies the allegations therein.

192. Answering the allegations set forth in Paragraph 192 of the Complaint, Defendant denies the allegations therein.

193. Answering the allegations set forth in Paragraph 193 of the Complaint, Defendant denies the allegations therein.

194. Answering the allegations set forth in Paragraph 194 of the Complaint, Defendant denies the allegations therein.

## FIFTH CAUSE OF ACTION

### Violation of the California Investigative Consumer Reporting Agencies Act,

### Cal. Civ. Code §1786.12

### Against Defendants DISA, NABSC, and HASC

195. Answering the allegations set forth in Paragraph 195 of the Complaint, Defendant reincorporates each of the foregoing paragraphs as though fully set forth herein.

196. Answering the allegations set forth in Paragraph 196 of the Complaint, Defendant admits the allegations therein.

197. Answering the allegations set forth in Paragraph 197 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

198. Answering the allegations set forth in Paragraph 198 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

199. Answering the allegations set forth in Paragraph 199 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

200. Answering the allegations set forth in Paragraph 200 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

201. Answering the allegations set forth in Paragraph 201 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

202. Answering the allegations set forth in Paragraph 202 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

203. Answering the allegations set forth in Paragraph 203 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

204. Answering the allegations set forth in Paragraph 204 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

205. Answering the allegations set forth in Paragraph 205 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

206. Answering the allegations set forth in Paragraph 206 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

207. Answering the allegations set forth in Paragraph 207 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

208. Answering the allegations set forth in Paragraph 208 of the Complaint, Defendant denies the allegations therein.

209. Answering the allegations set forth in Paragraph 201 of the Complaint, Defendant denies the allegations therein.

## SIXTH CAUSE OF ACTION

### Violation of the California Investigative Consumer Reporting Agencies Act,

### Cal. Civ. Code §1786.18(a)(7)

### Against Defendant DISA

210. Answering the allegations set forth in Paragraph 210 of the Complaint, Defendant reincorporates each of the foregoing paragraphs as though fully set forth herein.

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

211. Answering the allegations set forth in Paragraph 211 of the Complaint, Defendant admits the allegations therein.

212. Answering the allegations set forth in Paragraph 212 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations therein, and on that basis denies them.

213. Answering the allegations set forth in Paragraph 213 of the Complaint, Defendant admits the allegations therein.

214. Answering the allegations set forth in Paragraph 214 of the Complaint, Defendant denies the allegations therein.

215. Answering the allegations set forth in Paragraph 215 of the Complaint, Defendant denies the allegations therein.

216. Answering the allegations set forth in Paragraph 216 of the Complaint, Defendant denies the allegations therein.

217. Answering the allegations set forth in Paragraph 217 of the Complaint, Defendant denies the allegations therein.

218. Answering the allegations set forth in Paragraph 218 of the Complaint, Defendant denies the allegations therein.

219. Answering the allegations set forth in Paragraph 219 of the Complaint, Defendant denies the allegations therein.

Except as expressly admitted herein, Defendant denies each and every allegation in Plaintiff's Complaint, including that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief."

## **AFFIRMATIVE DEFENSES**[1]

By way of further answer to the Complaint, Defendant asserts the following affirmative defenses:

///

---

[1] In asserting the following defenses, Defendant does not assume the burden of proof as to matters that, pursuant to applicable law, are Plaintiff's burden to prove.

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

## FIRST AFFIRMATIVE DEFENSE

(Privilege and Justification)

Defendant asserts as a first affirmative defense that its actions were at all times privileged or justified.

## SECOND AFFIRMATIVE DEFENSE

(Plaintiff's Own Acts and Omissions)

Defendant asserts as a second affirmative defense that damage suffered by Plaintiff, if any, was directly or proximately caused by acts, omissions, carelessness or negligence of Plaintiff or her agents.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant asserts as a third affirmative defense that Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed and continues to fail to act reasonably or to exercise reasonable diligence to mitigate his alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

(Defendant's Good Faith)

Defendant asserts as a fourth affirmative defense that at all times, Defendant and its agents acted in good faith while performing discretionary functions and did not violate clearly established legal rights.

## FIFTH AFFIRMATIVE DEFENSE

(Business Necessity/Job Relatedness)

Defendant asserts as a fifth affirmative defense that to the extent that Plaintiff proves that any employment practice or selection criteria had a disproportionate adverse impact on any protected group, Defendant asserts that the purpose of practice or selection criteria was the safe and efficient operation of the business(es) of one or more of Defendant's customers and that the practice or selection criteria substantially accomplishes this purpose.

///

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT

### SIXTH AFFIRMATIVE DEFENSE

(No Basis for Restitution or Penalties)

Defendant asserts as a sixth affirmative defense that Plaintiff is not entitled to restitution or penalties.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Utilize Preventive or Corrective Measures)

Defendant asserts as a seventh affirmative defense that Plaintiff's claims are barred to the extent that she unreasonably failed to take advantage of preventive and corrective opportunities offered by Defendant(s).

### RESERVATION OF RIGHT TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated available defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

### PRAYER FOR RELIEF

Wherefore, Defendant prays as follows:

1. That Plaintiff take nothing by reason of his Complaint, and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit in defense of this action; and

3. For such other relief as the Court deems proper.

Dated: October 22, 2024          APEX EMPLOYMENT LAW, LLP


By: _____/s/ Africa E. Davidson_____
          MICHAEL E. WILBUR
          AFRICA E. DAVIDSON
          Attorneys for JCL SAFETY SERVICES

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

DEFENDANT JCL SAFETY SERVICES, LLC'S ANSWER TO THE COMPLAINT