**SEYFARTH SHAW LLP**
Yoon-Woo Nam (SBN 284644)
ynam@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
DISA GLOBAL SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>                   Plaintiff,<br><br>          v.<br><br>DISA GLOBAL SOLUTIONS, INC.; JCL SAFETY SERVICES); AIR PRODUCTS AND CHEMICALS, INC.; PHILLIPS 66 COMPANY; NORTH AMERICAN BACKGROUND SCREENING CONSORTIUM; HEALTH AND SAFETY COUNCIL and DOES 1-10 ,<br><br>                   Defendants. | Case No. 24-cv-8380<br><br>**DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant DISA GLOBAL SOLUTIONS, INC. ("DISA"), by and through its attorneys, hereby submits its Answer to the Complaint and Affirmative and Additional Defenses as follows:

## NATURE OF THE ACTION

### COMPLAINT NO. 1:

This is an action for relief from employment discrimination and consumer protection violations under the California Fair Employment and Housing Act ("FEHA"), the California Fair Chance Act ("Fair Chance Act"), and the California Investigative

Consumer Reporting Agencies Act ("ICRAA").

**ANSWER:**

With respect to those allegations directed toward DISA, DISA admits that Plaintiff purports to bring claims for alleged violations of the California Fair Employment and Housing Act ("FEHA"), the California Fair Chance Act ("Fair Chance Act"), and the California Investigative Consumer Reporting Agencies Act ("ICRAA"). DISA denies that it violated the FEHA, the Fair Chance Act, the ICRAA, or any other law, and denies that Plaintiff is entitled to any damages whatsoever. DISA denies any remaining allegations in Paragraph 1 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 2:**

By this Complaint, Plaintiff challenges Defendants' decision, made pursuant to their policy and practice, to deny her employment based solely on her prior conviction. Denying her employment on this basis, particularly without making an individualized assessment, violates the Fair Chance Act and the FEHA.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it violated the Fair Chance Act and the FEHA. With respect to Plaintiff's purported basis for this lawsuit, DISA lacks knowledge or information sufficient to form a belief as to the truth of those allegations. DISA denies the remaining allegations in Paragraph 2 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 3:**

Plaintiff alleges that Defendants' background screening policy and practice of denying employment to otherwise qualified applicants based solely on a prior conviction unlawfully discriminated against her on the basis of race, and that Defendants' policies, practices, and decisions have a disparate impact upon particular racial groups, such as African American applicants.

313993748v.4

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it engaged in any discriminatory conduct at any time. With respect to Plaintiff's purported basis for this lawsuit, DISA lacks knowledge or information sufficient to form a belief as to the truth of those allegations. DISA denies the remaining allegations in Paragraph 3 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 4:**

Plaintiff also alleges that Defendants' background screening policy and practices violate her rights under the Fair Chance Act.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it violated the Fair Chance Act. With respect to Plaintiff's purported basis for this lawsuit, DISA lacks knowledge or information sufficient to form a belief as to the truth of those allegations. DISA denies the remaining allegations in Paragraph 4 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 5:**

Plaintiff was denied employment because of a conviction from over 30 years ago. Because of this conviction—and based solely on this conviction—Defendants decided to revoke her job offer to work at an oil refinery, a job she had previously successfully performed.

**ANSWER:**

Paragraph 5 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent allegations in Paragraph 5 of the Complaint are directed toward DISA, DISA lacks information or knowledge regarding Plaintiff's prior employment history. DISA denies the remaining allegations in Paragraph 5 of the Complaint and denies that DISA makes or is responsible for any employment decisions, including any revocation of job offers, of the end-users of any of

3

the consumer reports ordered from DISA.

**COMPLAINT NO. 6:**

Defendants maintain a policy and practice of evaluating a person's conviction history and assigning potential employees a background screen grade (from 00-07) based solely on the applicant's conviction history.

**ANSWER:**

DISA denies the allegations in Paragraph 6 of the Complaint and denies that DISA makes or is responsible for any employment decisions of the end-users of any of the consumer reports ordered from DISA. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff.

**COMPLAINT NO. 7:**

Defendants' background screening policy reduces applicants to a mere number, and operates as a blanket ban that indiscriminately excludes Plaintiff and other workers from positions for which they are well-qualified, in violation of the aforementioned laws.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 7 of the Complaint.

**COMPLAINT NO. 8:**

Defendants' background screening policy excludes African American candidates and candidates with convictions, such as Plaintiff, ignoring not only the amount of time that has passed since the conviction, but also all mitigating or rehabilitative evidence while exclusively considering past convictions.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 8 of the Complaint.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

**COMPLAINT NO. 9:**

Plaintiff has successfully worked at oil refineries for approximately 4 years. She has passed a U.S. Department of Homeland Security background check and possesses a Transportation Worker Identification Credential ("TWIC card") that makes her eligible to work at and access secure locations like oil refineries.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

**COMPLAINT NO. 10:**

Defendants bar Plaintiff from employment not only from the original position she was offered, but also at any oil refinery that is a member of Defendants DISA, NABSC or HASC's, consortiums, solely on the basis of her March 13, 1993 conviction, by sharing her background screen grade among consortium members without a permissible purpose required by the ICRAA.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 10 of the Complaint.

**COMPLAINT NO. 11:**

Plaintiff and other applicants with conviction histories, disproportionately including African American applicants, have routinely been, and will continue to be, denied hire by Defendants because of Defendants' policy.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 11 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 12:**

The use and development of this policy violates the statutory protections under existing laws. Defendants fail to abide by the legally required procedural protections

5

afforded to applicants by the Fair Chance Act and existing consumer protection laws.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it violated the Fair Chance Act or any other law. DISA denies all remaining allegations in Paragraph 12 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 13:**

Plaintiff seeks injunctive and declaratory relief, compensatory damages, emotional distress damages, punitive damages, and her reasonable attorneys' fees and litigation expenses as remedies for Defendants' violations of her rights.

**ANSWER:**

DISA admits only that Plaintiff purports to seek the relief identified in Paragraph 13 of the Complaint. DISA denies that Plaintiff is entitled to any relief whatsoever from DISA, and denies all remaining allegations in Paragraph 13 of the Complaint to the extent they pertain to DISA.

## PARTIES

**COMPLAINT NO. 14:**

Plaintiff is, and at all times relevant herein was, a resident of the County of San Bernardino in the State of California and is African American.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

**COMPLAINT NO. 15:**

Defendant JCL SAFETY SERVICES LLC. ("JCL") is, and at all times herein mentioned was, a California limited liability company headquartered in the State of Oklahoma and doing business in the State of California. At all times relevant herein, JCL had at least five employees and was an "employer" within the meaning of the FEHA and the Fair Chance Act.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

**COMPLAINT NO. 16:**

Defendant DISA GLOBAL SOLUTIONS, INC. ("DISA") is, and at all times herein mentioned was, a Delaware corporation headquartered in the State of Texas and doing business in the State of California as a registered foreign corporation. Defendant DISA has offices in multiple locations in the State of California. At all times relevant herein DISA had at least five employees and was an "employer" and third-party interferer within the meaning of the FEHA and the Fair Chance Act. Alternatively, DISA is an agent of the other Defendants, including an agent of the employer, directly or indirectly.

**ANSWER:**

DISA admits that it is incorporated in Delaware, admits that it is headquartered in Texas, admits it is authorized to do business in California, and admits it has more than five employees. DISA denies the remaining allegations in Paragraph 16 of the Complaint, and specifically denies that it is an "employer" to any individual on whom it prepares consumer reports, denies it is a "third party interferer," and denies that it is an "agent" of any other defendant as those phrases may be interpreted under the FEHA or Fair Chance Act.

**COMPLAINT NO. 17:**

Defendant NORTH AMERICAN BACKGROUND SCREENING CONSORTIUM ("NABSC") is, and at all times herein mentioned was, an unincorporated association headquartered in the State of Texas. On information and belief, Defendants JCL, Air Products, Phillips 66, and DISA are, and at all times herein mentioned were, members of Defendant NABSC. On information and belief, at all times relevant herein NABSC had at least five employees and was an "employer" and third-party interferer within the meaning of the FEHA and the Fair Chance Act. Alternatively,

313993748v.4

NABSC is an agent of the other Defendants, including an agent of the employer, directly or indirectly.

**ANSWER:**

The allegations in Paragraph 17 of the Complaint do not pertain to DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA denies NABSC is an agent of DISA under California law. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 18:**

Defendant HEALTH AND SAFETY COUNCIL ("HASC") is, and at all times herein mentioned was, a nonprofit organization headquartered in the State of Texas. HASC is, and at all times herein mentioned was, the Program Custodian for the NABSC. HASC at all times relevant herein had at least five employees and was an "employer" and third-party interferer within the meaning of the FEHA and the Fair Chance Act. Alternatively, HASC is an agent of the other Defendants, including an agent of the employer, directly or indirectly.

**ANSWER:**

The allegations in Paragraph 18 of the Complaint do not pertain to DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA denies that HASC is an agent of DISA under California law. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 19:**

Defendant AIR PRODUCTS AND CHEMICALS, INC. ("Air Products") is, and at all times herein mentioned was, a Delaware corporation headquartered in the State of Pennsylvania and doing business in the State of California as a registered foreign corporation, operating facilities in multiple locations throughout the state. At all times

relevant herein Air Products had at least five employees and was an "employer" and a third-party interferer within the meaning of the FEHA and the Fair Chance Act. Alternatively, Air Products is an agent of the other Defendants, including an agent of the employer, directly or indirectly.

**ANSWER:**

The allegations in Paragraph 19 of the Complaint do not pertain to DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA denies that Air Products is an agent of DISA under California law. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 20:**

Defendant PHILLIPS 66 COMPANY ("Phillips 66") is, and at all times herein mentioned was, a Delaware corporation headquartered in the State of Texas and doing business in the State of California as a registered foreign corporation. Defendant Phillips 66 operates facilities in multiple locations throughout the State of California. At all times relevant herein Phillips 66 had at least five employees and was an "employer" and third-party interferer within the meaning of the FEHA and the Fair Chance Act. Alternatively, Phillips 66 is an agent of the other Defendants, including an agent of the employer, directly or indirectly.

**ANSWER:**

The allegations in Paragraph 20 of the Complaint do not pertain to DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA denies that Phillips 66 is an agent of DISA under California law. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 21:**

Defendants DOES 1-10 are persons or entities whose true names and capacities are

9

presently unknown to Plaintiff, who therefore sues them under such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged in this Complaint, is responsible for the harm alleged, and is jointly and severally liable to Plaintiff. Plaintiff will amend this Complaint to state the true names and capacities of such fictitiously named defendants if and when they are ascertained.

**ANSWER:**

Paragraph 21 of the Complaint consists only of legal conclusions and, therefore, no answer is required. To the extent an answer is required, DISA admits that Plaintiff purports to sue DOES 1-10 under fictitious names and purports to seek relief from such unnamed defendants. DISA denies any remaining allegations in Paragraph 21 of the Complaint.

**COMPLAINT NO. 22:**

At all times alleged herein each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. At all times alleged herein each defendant was a "person acting as an agent of an employer, directly or indirectly."[1] Accordingly, the defendants are jointly and severally liable to Plaintiff.

**ANSWER:**

Paragraph 22 of the Complaint consists only of legal conclusions and, therefore, no answer is required. To the extent an answer is required, DISA denies the allegations in Paragraph 22 of the Complaint, and specifically denies that any of the other Defendants are an agent or employee of DISA denies that it is liable to Plaintiff, and denies that it violated any law.

---

[1] Gov. Code § 12940(j)(4)(A).

10

313993748v.4

## **PROCEEDING AS JANE ROE**

**COMPLAINT NO. 23:**

Plaintiff may proceed pseudonymously in California courts to prevent unjustified intrusions to their privacy rights and to prevent likely harm and retaliation from future employers and other third parties.

**ANSWER:**

Paragraph 23 of the Complaint consists only of legal conclusions and, therefore, no answer is required. To the extent an answer is required, DISA denies the allegations in Paragraph 23 of the Complaint.

**COMPLAINT NO. 24:**

Plaintiff reasonably fears harm if her true name is revealed. A substantial number of employers associate criminal records with a range of undesirable characteristics,[2] and people with conviction histories face significant stigma.

**ANSWER:**

Paragraph 24 of the Complaint consists only of legal conclusions and, therefore, no answer is required. To the extent an answer is required, DISA denies the allegations in Paragraph 24 of the Complaint.

**COMPLAINT NO. 25:**

Plaintiff also reasonably fears that she will face intrusions to her privacy rights and suffer harm if her identity is revealed because it will be even harder than it is now for her to obtain future employment as a result of her asserting her rights to fair treatment under the law in this matter.

**ANSWER:**

DISA denies the allegations in Paragraph 25 of the Complaint.

**COMPLAINT NO. 26:**

Plaintiff's anonymity does not prejudice Defendants. She does not seek to maintain

---

[2] Naomi. F. Sugie, Noah D. Zatz & Dallas Augustine, Employer Aversion to Criminal Records: An Experimental Study of Mechanisms, Criminology 58(1) (2020) pp. 5-34.

11

313993748v.4

anonymity from the Defendants, but only from public records associated with this case.

**ANSWER:**

DISA denies the allegations in the first sentence of Paragraph 26 of the Complaint. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint.

## VENUE AND JURISDICTION

**COMPLAINT NO. 27:**

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the County of Los Angeles, Plaintiff would have worked in the County of Los Angeles, and the amount of damages sought in this matter exceeds the minimum jurisdiction of this Court.

**ANSWER:**

DISA states that this action was properly removed to this Court. DISA admits that venue is proper in this Court. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint.

**COMPLAINT NO. 28:**

The amount in controversy exceeds the jurisdictional minimum of this Court.

**ANSWER:**

DISA admits the amount in controversy exceeds the jurisdictional minimum in an action removed on the basis of diversity jurisdiction. DISA denies all remaining allegations in Paragraph 28 of the Complaint.

## SUMMARY OF RELEVANT LAW

**COMPLAINT NO. 29:**

California's Fair Chance Act went into effect and became a part of the Fair Employment and Housing Act ("FEHA") on January 1, 2018.

**ANSWER:**

The allegations in Paragraph 29 consists entirely of legal conclusions and,

12

therefore, no answer from DISA is required. To the extent an answer is required, DISA admits the California Fair Chance Act went into effect on January 1, 2018. DISA denies any remaining allegations in Paragraph 29 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 29 of the Complaint, and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 30:**

The California Legislature noted that at that time, "Roughly seven million Californians, or nearly one in three adults, have an arrest or conviction record that can significantly undermine their efforts to obtain gainful employment."[3]

**ANSWER:**

The allegations in Paragraph 30 of the Complaint consist entirely of legal conclusions and incomplete quotations of legislative history and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 30 of the Complaint that are inconsistent with the cited authority. DISA denies any remaining allegations in Paragraph 30 of the Complaint, and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 31:**

The Legislature recognized that past conviction history is a poor predictor of job performance and enacts arbitrary barriers to employment.[4] The Fair Chance Act's protections limiting employers' use of conviction history in the job application process largely fall into two categories: procedural protections and substantive protections.

**ANSWER:**

The allegations in Paragraph 31 of the Complaint consist entirely of legal conclusions and incomplete characterizations of legislative history and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 31 of the Complaint that are inconsistent with the cited authority. DISA denies

[3] Assem. Bill No. 1008 (2017-2018 Reg. Sess.) § 1(f).
[4] Assem. Bill No. 1008 (2017-2018 Reg. Sess.) §§ 1(a)-(h).

13

313993748v.4

any remaining allegations in Paragraph 31 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 32:**

The Fair Chance Act's procedural protections are a form of due process for applicants, requiring that an employer or covered entity: (1) wait until after a conditional job offer to ask about or access criminal history information; (2) make an "individualized assessment" of the candidate's conviction history; (3) provide a preliminary written notice prior to the withdrawal of a job offer that identifies the disqualifying conviction(s), includes a copy of the conviction history report, explains that the applicant has a right to respond within five business days, and informs the applicant of the type of response they may provide (information challenging the accuracy of the report and evidence of rehabilitation or mitigating circumstances); (4) consider any information submitted by the applicant within the five day period and provide an additional five day period, if requested by the applicant, where the applicant asserts errors in the report; and, (5) provide a final written notice that includes the final denial and informs the applicant of their right to file a complaint with the Civil Rights Department or of any existing procedure the employer has to appeal the decision.[5]

**ANSWER:**

The allegations in Paragraph 32 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 32 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 32 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 33:**

The Fair Chance Act's substantive protections provide that an employer or covered

---

[5] Gov. Code §§ 12952(c)(2)-(5).

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

entity may not withdraw a conditional offer of employment, unless the applicant's conviction history has a "direct and adverse relationship with the specific duties of the job that justify denying the applicant the position." This evaluation, at a minimum, must include: (1) "the nature and gravity of the offense or conduct"; (2) "the time that has passed since the offense or conduct and completion of the sentence"; and (3) "the nature of the job held or sought."[6]

**ANSWER:**

The allegations in Paragraph 33 of the Complaint consist entirely of legal conclusions and characterizations and incomplete quotations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 33 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 33 of the Complaint. and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 34:**

In enacting the Fair Chance Act, the Legislature intended to create broader protections for people with prior criminal convictions. The Fair Chance Act "differs from the existing law in applying [its] requirement[s] to all applicants [with a criminal history], not just those in a protected class who can demonstrate disparate impact in the criminal justice system."[7]

**ANSWER:**

The allegations in Paragraph 34 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 34 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 34 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

---

[6] Gov. Code §§ 12952(c)(1)(A)(i)-(iii).
[7] Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1008 (2017-2018 Reg. Sess.) July 11, 2017, p. 8.

313993748v.4

**COMPLAINT NO. 35:**

More broadly, the FEHA protects individuals not only from intentional discrimination but also against facially neutral practices that have an adverse impact on a protected class and are not justified by business necessity. This includes criminal record exclusions that are not job-related and not justified by a business necessity.

**ANSWER:**

The allegations in Paragraph 35 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 35 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 35 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 36:**

As described below, Defendants violated and continue to violate both the procedural and substantive requirements of the Fair Chance Act, as well as the broader protections against discrimination under the FEHA.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 36 of the Complaint.

**COMPLAINT NO. 37:**

Existing consumer protection laws also protect the rights of individuals with criminal records in the employment context, prohibiting commercial background check companies from reporting records of convictions that are too old and obsolete to be relevant for employment purposes[8] and from furnishing consumer report information without a permissible purpose.

---

[8] Civ. Code §§ 1786.18(a)(1)-(8).

16

313993748v.4

**ANSWER:**

The allegations in Paragraph 37 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 37 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 37 of the Complaint, and specifically denies that it violated the ICRAA or any other law.

## STATEMENT OF FACTS

A.     Summary of Background Screening Policies and Practices

**COMPLAINT NO. 38:**

Defendants work together to conduct background screening on potential employees.

**ANSWER:**

DISA admits it offers background screening for different permissible purposes under the FCRA, the ICRAA and other applicable laws. DISA denies that it conducted any background screen for employment purpose on Plaintiff and denies the remaining allegations in Paragraph 38 of the Complaint.

**COMPLAINT NO. 39:**

Defendants DISA, NABSC, and HASC developed and implemented programs that establish certain criteria and procedures for the employment and background screening of employees who provide maintenance, construction, and operational support at petrochemical facilities ("Programs"). Attached hereto as Exhibit 1 and incorporated herein by reference is a true and correct copy of the North American Background Screening Consortium policy, (hereinafter "NABSC Policy"), which sets forth the background screen grade definitions and the criminal dispositions in each grade. Attached hereto as Exhibit 2 and incorporated herein by reference is a true and correct copy of the DISA Background Screening Consortium Background Screening Policy (hereinafter

"DISA Policy"), which in all relevant parts is identical to Defendant NABSC's policy.

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 39 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 39 of the Complaint, and specifically denies that any programs in which it is involved provide any criteria for employment decisions or that it makes or is responsible for any employment (or any other) decisions of the end-users of any of the consumer reports ordered from DISA.

**COMPLAINT NO. 40:**

Under the Programs, each prospective employee is given a background screen grade of 00-07, based solely on an evaluation of their criminal conviction history by Defendants NABSC, HASC, and/or DISA.[9]

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 40 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 40 of the Complaint, and specifically denies that any programs in which it is involved provide any criteria for employment decisions or that it makes or is responsible for any employment or site access decisions of the end-users of any of the consumer reports ordered from DISA.

**COMPLAINT NO. 41:**

The background screen grade is based solely on conviction history.

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 41 of the Complaint that are inconsistent with the

---

[9] See Exh. 1, NABSC Policy at 16; Exh. 2, DISA Policy at 12.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 41 of the Complaint.

**COMPLAINT NO. 42:**

Grade 00 designates a clear record. Grades 01 through 06 designate various levels of criminal dispositions. Grade 07 is for persons on the current Patriot Act/Terrorist Watch List.[10]

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 42 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 42 of the Complaint.

**COMPLAINT NO. 43:**

According to Defendant DISA, NABSC, and HASC's policies, the scale roughly groups convictions into "non-violent misdemeanors," "violent misdemeanors," "lesser felonies," "higher felonies," a combination of "violent misdemeanors" and "lesser felonies," a combination of "higher felonies" and "violent misdemeanors," and "PATRIOT Act List hits."[11]

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 43 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 43 of the Complaint.

**COMPLAINT NO. 44:**

Defendants DISA and NABSC further define these categories by providing

---

[10] *See id.*
[11] *See id.*

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

examples of convictions they sort into the grades.[12]

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 44 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 44 of the Complaint.

**COMPLAINT NO. 45:**

The Programs' participants are defined as follows:[13]

    i.    "Owner" is defined as the owner of an industrial facility that participates in the Programs and accepts the Programs' screen as a valid background screen. Defendants Air Products and Phillips 66 are Owners.

    ii.    "Contractor Employer" is defined as a Program-approved contractor who directly employs Contractor Employees and assigns those employees to participating Owners. Defendant JCL is a Contractor Employer.

    iii.    "Contractor Employee" is defined as an employee of a Contractor Employer who has consented to background screening as a condition of access to an Owner's facility. Plaintiff is a Contractor Employee.

    iv.    "Consortium Third Party Administrator" ("Consortium TPA") is defined as a company authorized by the Programs to perform background screening, report the results, and manage the "Adverse Action Process." Defendant DISA is a Consortium TPA.

    v.    The "Program Custodian" is responsible for implementing the Program in accordance with the Program requirements, approving Consortium Third Party Administrators, maintaining a Program Lookup Application, and auditing the Program to assure compliance and effectiveness. Defendant DISA is the Program Custodian for the DISA Program. Defendant HASC

---

[12] *See* Exh. 1, NABSC Policy at 12-18 (App. C); Exh. 2, DISA Policy at 9-14 (App. C).
[13] *See* Exh. 1, NABSC Policy at 8-9 (App. A); Exh. 2, DISA Policy at 7 (App. A).

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

is the Program Custodian for the NABSC Program.

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 4 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 45 of the Complaint.

**COMPLAINT NO. 46:**

Consortium TPAs, such as Defendant DISA, run the background checks and produce background screen grades.

**ANSWER:**

DISA admits its business activities include conducting background checks consistent with the scope of the services ordered by its customers, which may include applying a grade consistent with its customers' policies and procedures for site access relating to a specific consortium. DISA denies any remaining allegations in Paragraph 46 of the Complaint.

**COMPLAINT NO. 47:**

Under the Programs, a Contractor Employee's final background screen grade is based solely on their conviction record. There is no individualized consideration of the facts and circumstances surrounding the conviction, the Contractor Employee's post-conviction conduct and experience, the age of the conviction when assigning a grade, or the nature of the job for which the Contractor Employee applied.[14]

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 47 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 47 of the Complaint, and specifically denies that an individual's final background screen

---

[14] *See* Exh. 1, NABSC Policy at 12-18 (App. C); Exh. 2, DISA Policy at 9-14 (Exh. C).

313993748v.4

grade is based solely on conviction record and denies that individual circumstances may not be considered or that any background screen grade is used for an employment purpose.

**COMPLAINT NO. 48:**

Owners participating in either or both of these Programs, such as Defendants Air Products and Phillips 66, set a threshold maximum background screen grade for potential employees, for example, a 02 score. If DISA, NABSC, or HASC assigns the applicant a grade (based solely on conviction history) that surpasses the Owner's selected maximum score, that applicant will be denied hire and will not be able to work at the Owner's facility, regardless of the position for which they have applied or any rehabilitation or mitigating evidence.

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 48 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies that any grade is used for an employment decision and denies the remaining allegations in Paragraph 48 of the Complaint.

**COMPLAINT NO. 49:**

Defendant DISA's sample background check consent form states, "The information in the consumer report will be used to generate a background screen grade.. (sic) Each Owner participating will provide the maximum background screen grade that will be allowed for Contractor Employees to be eligible for access to that Owner's site. DISA, Inc (sic). or the NABSC Program Lookup Application will compare the Owner's requirements to the background screen grade provided by DISA, Inc (sic) to classify you with either an Active or Inactive status for that Owner's sitel.]"[15]

---

[15] *See* Exh. 2, DISA Policy at 18 (App. B).

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

**ANSWER:**

DISA states that the referenced exhibit is the best evidence of its contents and denies any allegations in Paragraph 49 of the Complaint that are inconsistent with the contents of the referenced exhibit. DISA denies any remaining allegations in Paragraph 49 of the Complaint.

**COMPLAINT NO. 50:**

On information and belief, Plaintiff signed a background check consent form that included the above paragraph in DISA's sample background check consent form.

**ANSWER:**

DISA admits that Plaintiff authorized a background check be conducted about her for site access purposes. DISA states that the referenced document is the best evidence of its contents and denies any remaining allegations in Paragraph 50 of the Complaint that are inconsistent with the referenced document. DISA denies any remaining allegations in Paragraph 50 of the Complaint.

**COMPLAINT NO. 51:**

Defendant NABSC and HASC's sample background check consent form similarly states, "The information in the consumer report will be used to generate a background screen grade.. (sic). Each Owner participating in the NABSC will provide the NABSC Program Custodian with the maximum background screen grade that will be allowed for Contractor Employees to be eligible for access to that Owner's site. The NABSC Program Lookup Application will compare the Owner's requirements to the background screen grade provided by [Consortium TPA] to classify you with either an Active or Inactive status for that Owner's site."[16]

**ANSWER:**

DISA states that the referenced exhibit is the best evidence of its contents and denies any allegations in Paragraph 51 of the Complaint that are inconsistent with the

---

[16] *See* Exh. 1, NABSC Policy at 10 (App. B).

313993748v.4

contents of the referenced exhibit. DISA denies any remaining allegations in Paragraph 51 of the Complaint.

**B.    DISA, NABSC, and HASC and their background screening search and grading criteria**

**COMPLAINT NO. 52:**

Defendant DISA is a nationwide company that provides a wide range of services to businesses, including criminal background checks on employees and applicants for employment. DISA's policy and practice affected and continues to affect countless California residents working or intending to work in the refinery and other industries in the state.

**ANSWER:**

DISA admits it is a nationwide company that provides a range of services to businesses, including preparing consumer reports for different permissible purposes, which may include consumer reports prepared regarding individuals residing in California. DISA denies that it conducted any background screen for employment purposes on plaintiff and denies the remaining allegations in Paragraph 52 of the Complaint.

**COMPLAINT NO. 53:**

Defendant NABSC is a nationwide association of industrial facility owners, contractor employers, and background check companies that developed and implements a nationwide program for its members for hiring and screening individuals applying for employment for access to Owners' facilities. NABSC's policy affects countless California residents working or intending to work in the refinery and other industries in the state.

**ANSWER:**

Paragraph 53 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

**COMPLAINT NO. 54:**

Defendants DISA, NABSC, and HASC perform background screenings for applicants, such as Plaintiff, on behalf of Defendants JCL, Air Products, and Phillips 66. The background checks and scores produced by DISA, NABSC, and HASC directly affect hiring and firing decisions by Defendants JCL, Air Products, and Phillips 66.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA admits that it performs background checks at the request of its customers and admits that, at the request of JCL, it prepared a consumer report regarding Plaintiff for site access purposes, but denies that it conducted any background screen for employment purposes on Plaintiff. DISA denies the remaining allegations in Paragraph 54 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 55:**

On information and belief, Defendant NABSC and/or HASC authorizes the establishment of reciprocal background screening consortium programs, provided they are developed using Defendant NABSC's background screening consortium process and are approved by its steering committee(s).

**ANSWER:**

Paragraph 55 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required.

**COMPLAINT NO. 56:**

DISA participates in the North American Background Screening Consortium and/or operates its own reciprocal consortium.

**ANSWER:**

DISA admits that it may be requested to perform background screening services for site access through NABSC or DISA Background Screening Consortium. DISA denies any remaining allegations in Paragraph 56 of the Complaint.

313993748v.4

**COMPLAINT NO. 57:**

On information and belief, Defendant DISA established and maintains its own background screening grading consortium, "DISA Contractors Consortium" and/or "DISA Background Screening Consortium," which utilizes a substantially identical background screening search and grading criteria to that of Defendant NABSC.[17]

**ANSWER:**

DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 57 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 57 of the Complaint.

**COMPLAINT NO. 58:**

On information and belief, Contractor Employers are required to select a Consortium TPA to perform background screening for criminal dispositions, including the assignment of a background screen grade, if they wish to provide service to Owners.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Complaint.

**COMPLAINT NO. 59:**

On information and belief, Defendant NABSC and/or HASC has approved Defendant DISA to be a Consortium TPA in the NABSC Program.

**ANSWER:**

DISA admits that, at the request of its customers, it may provide background screening services for site access as a Consortium TPA in the NABSC Program. DISA denies any remaining allegations in Paragraph 59 of the Complaint.

**COMPLAINT NO. 60:**

On information and belief, DISA is also a Consortium TPA in the DISA Program.

---

[17] *See* Exh. 1, NABSC Policy at 12-18 (App. C); Exh. 2, DISA Policy at 9-14 (App. C).

26

**ANSWER:**

DISA admits that, at the request of its customers, it may provide background screening services for site access as a Consortium TPA in the DISA Program. DISA denies any remaining allegations in Paragraph 60 of the Complaint.

**COMPLAINT NO. 61:**

On information and belief, Defendants DISA, NABSC, and HASC claim that the background screen grade designation they give, which is then used by Defendants JCL, Air Products, and Phillips 66, is a proprietary product of Defendants DISA, NABSC, and HASC.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 61 of the Complaint.

**COMPLAINT NO. 62:**

Defendants DISA, NABSC, and HASC created, implemented, and administered the background screen grade designation on prospective employees like Plaintiff, on behalf of Defendants JCL, Air Products, and Phillips 66. For example, DISA's program document states that "[t]he requirements of the Program are developed and controlled by the DISA Background Screening Consortium."[18]

**ANSWER:**

With respect to those allegations directed toward DISA, DISA admits that, at the request of its customers, it may prepare consumer reports for a site access permissible purpose that may include a grade. In further response, DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA states that the referenced exhibit and report are the best evidence of their contents and denies any allegations in

---

[18] *See* Exh. 2, DISA Policy at 1; *see also* Exh. 1, NABSC Policy at 1 ("the requirements of the North American Background Screening Consortium (herein after referred to as `the Program`) are developed and controlled by volunteer Ownerpersonnel (sic) and Owner User Council representatives on the North American Background Screening Consortium Screening Committee . . . [HASC] is responsible for implementing the Program in accordance with the Program requirements and maintaining a Program Lookup Application.").

27

Paragraph 62 of the Complaint that are inconsistent with the contents of the referenced exhibit and report. DISA denies any remaining allegations in Paragraph 49 of the Complaint.

**COMPLAINT NO. 63:**

Defendants NABSC and HASC had control over its background screening search and grading criteria and background screen designation, and were responsible for its administration, implementation, and structure.

**ANSWER:**

Paragraph 63 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required.

**COMPLAINT NO. 64:**

Defendant DISA had control over its background screening search and grading criteria and background screen designation, and was responsible for its administration, implementation, and structure.

**ANSWER:**

DISA admits that it provides background screening services at the request of its customers, admits that those services may include preparing consumer reports, and admits applying a grade to such reports consistent with consortium guidelines. DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA denies the remaining allegations in Paragraph 64 of the Complaint.

**COMPLAINT NO. 65:**

Under the Programs, Contractor Employees are the direct employees of Contractor Employers. Contractor Employers assign eligible Contractor Employees to Owners' facilities for a particular job. During the assignment, the Contractor Employee remains the direct employee of the Contractor Employer but is directed, supervised, and otherwise controlled by the Owner while on its premises.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint. Stating further, DISA denies that it conducted any background screen for employment purposes on plaintiff.

**COMPLAINT NO. 66:**

On information and belief, Contractor Employers, such as Defendant JCL, use portals or databases administered by Defendants DISA, NABSC, and HASC to determine an applicant's employment eligibility and status, and access to various Owner sites. The job application will display whether an applicant is "active" or "inactive" for hire at a given site based on their background screen grade.

**ANSWER:**

DISA admits that, it prepares consumer reports for site access purposes relating to the consortium programs and, based on the end-user's requirements, may result in the display of "active" or "inactive" for site access. DISA denies that it conducted any background screen for employment purposes on plaintiff. DISA denies any remaining allegations in Paragraph 66 of the Complaint.

**COMPLAINT NO. 67:**

On information and belief, Owners, such as Defendants Air Products and Phillips 66, may also access the portals or databases to view the "active" or "inactive" status.

**ANSWER:**

Paragraph 67 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA admits that owners may view an individual's designation as "active" or "inactive" as it relates to site access.

**COMPLAINT NO. 68:**

Defendants NABSC and HASC maintain and operate a program called NABSC Program Lookup Application that compares the Owner's requirements to the background

29

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

screen grade provided by Defendant DISA to classify a potential employee as "active" or "inactive" for that Owner's site. This description is included as part of the standard background consent form used by Defendants DISA and NABSC.[19]

**ANSWER:**

DISA states that the referenced exhibit is the best evidence of its contents and denies any allegations in Paragraph 68 of the Complaint that are inconsistent with the contents of the referenced exhibit. DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA denies any remaining allegations in Paragraph 68 of the Complaint.

**COMPLAINT NO. 69:**

On information and belief, Defendant DISA maintains and operates a program called DISAWorks and/or DISAWorks 2.0 that functions similarly to the NABSC Program Lookup Application. On information and belief, DISAWorks includes information about applicants who have applied for employment and for whom DISA has been engaged to conduct a background check. On information and belief, DISA marks individuals as "active" or "inactive" based on their background screen grade and Owners and Contractor Employers can look up individual applicants' statuses.

**ANSWER:**

DISA admits it maintains and operates DISAWorks and/or DISAWorks 2.0, admits that individuals may be designated "active" or "inactive" consistent with consortium guidelines, and admits that owners and contractor employers may access an individual's designation for site access. DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA denies the remaining allegations in Paragraph 69 of the Complaint.

**COMPLAINT NO. 70:**

Contractor Employers may seek a waiver or exemption from an Owner for a

---

[19] *See* Exh. 1, NABSC Policy at 10 (App. B); Exh. 2, DISA Policy at 8 (App. B).

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

Contractor Employee who did not receive a background screen grade that meets the Owner's security requirements. The criteria for granting a waiver and the decision to grant a waiver are in the sole discretion of the Owner. A waiver or exemption has no impact on the background screen grade developed by defendant DISA, NABSC, or HASC. As part of the exemption or waiver process, an Owner may have access to the Contractor Employee's background screen report. However, on information and belief, under the Programs, there is no provision that permits a Contractor Employee to directly seek a waiver from an Owner.[20]

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 70 of the Complaint. DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 70 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 71:**

On information and belief, the waiver process has never been used by Defendants. When Plaintiff inquired about re-scoring with Defendant DISA and about her employment with Defendants JCL and Air Products, the waiver was not presented as an option.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA admits only that Plaintiff disputed information on her consumer report and that DISA conducted a reinvestigation in response to her dispute which confirmed the accuracy of its reporting. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 of the Complaint.

---

[20] *See* Exh. 1, NABSC Policy at 6; Exh. 2, DISA Policy at 6.

313993748v.4

**COMPLAINT NO. 72:**

Unless an Owner grants a waiver, a Contractor Employee whose background screen grade exceeds the Owner's maximum grade is denied employment with the Contractor Employer and an assignment to the Owner.

**ANSWER:**

Paragraph 72 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA understands that the consortium program is only for site access and not an employment purpose. DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff.

**C.    Plaintiff's experience under DISA and NABSC's policies.**

**COMPLAINT NO. 73:**

In 1993, at 21 years old, Plaintiff was convicted of conspiracy to commit armed bank robbery for tampering with an ATM and was sentenced to serve approximately 26.5 years in prison.

**ANSWER:**

Upon information and belief, DISA admits the allegations in Paragraph 73 of the Complaint.

**COMPLAINT NO. 74:**

In 2017, after serving 25 years, a district court ruled the statute used to convict Plaintiff unconstitutional, vacated her conviction and sentence, and resentenced her to 60 months (or 5 years). Based on the district court's decision and the fact that she had already served far more than 60 months, Plaintiff was released from prison in 2017.

**ANSWER:**

Paragraph 74 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, on

information and belief, DISA admits that Plaintiff was released from prison in 2017. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 of the Complaint.

**COMPLAINT NO. 75:**

Had Plaintiff been convicted and sentenced in accordance with the district court's November 20, 2017 decision, she would have been released from prison after serving 60 months, in 1998. She served over 19 additional years under the now-unconstitutional statute.

**ANSWER:**

Paragraph 75 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

**COMPLAINT NO. 76:**

Plaintiff has been successfully employed for approximately five years, including approximately four years of employment with oil refineries such as Chevron, Marathon, and even Defendant Phillips 66, who, at the time, on information and belief, did not use the background screening programs at issue in this case.

**ANSWER:**

Paragraph 76 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

**COMPLAINT NO. 77:**

In or around 2019, Plaintiff was approved for and currently possesses a valid Transportation Worker Identification Credential ("TWIC card"), after she underwent a rigorous threat assessment background check, conducted by the U.S. Department of

313993748v.4

Homeland Security, who found that Plaintiff is not a threat to the safety of critical infrastructures such as airports, railroads, chemical plants, and oil refineries.[21]

**ANSWER:**

Paragraph 77 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

**COMPLAINT NO. 78:**

In addition, Plaintiff has undergone numerous trainings, received various certifications, and has years of experience performing the relevant job duties of the positions in question. For instance, she successfully completed a 30-hour Construction Safety and Health training in 2021 and a 10-hour Construction Safety and Health course in 2022, by OSHA. Plaintiff has also completed the following trainings: Principles of Petroleum Refining, Refinery Safety Overview, and Aegion Energy Services Safety.

**ANSWER:**

Paragraph 78 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

**COMPLAINT NO. 79:**

Nevertheless, when Defendant DISA screened Plaintiff, they assigned her a background screen grade of "05" based solely on her 1993 conviction.

**ANSWER:**

DISA admits that it conducted a background screen on and prepared a consumer report regarding Plaintiff for site access purposes. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA states that

---

[21] The U.S. Department of Homeland Security first approved Plaintiff's TWIC card in or around 2019 and has since approved a renewal in 2023, which expires on December 31, 2028.

the referenced report is the best evidence of its contents and denies any allegations in Paragraph 79 of the Complaint that are inconsistent with the referenced report. DISA denies the remaining allegations in Paragraph 79 of the Complaint.

**COMPLAINT NO. 80:**

Upon information and belief, based on Plaintiff's background screen grade, she was shown as "inactive" to multiple Owners and Contractor Employers, and this "inactive" status was displayed on Defendant DISA's DISAWorks database and/or Defendant NABSC and HASC's Program Lookup Application. As a result of being shown as "inactive," Plaintiff lost employment opportunities.

**ANSWER:**

DISA admits that Plaintiff was displayed as "inactive" consistent with consortium guidelines, however denies that any Owner reviewed her site access status. Stating further, DISA denies that it conducted any background screen for employment purposes on plaintiff. DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

**COMPLAINT NO. 81:**

Plaintiff's conviction alone does not establish that she poses unacceptable risks to the safety of oil refineries.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

**COMPLAINT NO. 82:**

Under the Programs, Defendants assign the background screen grade of "05" to terrorism. They also assign the same grade to kidnapping, murder, and rape—as well as carjacking, credit card fraud, denial or removal under the Immigration and Nationality Act, purse snatching, immigration violations, and traffic offenses (excluding DWI/DUI convictions). It is not reasonable to believe that each and every one of these offenses,

313993748v.4

standing alone, establishes that the convicted person poses unacceptable risks to the safety of oil refineries.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 82 of the Complaint. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the Complaint.

**COMPLAINT NO. 83:**

Based solely on the provisions of the DISA, NABSC, and HASC Programs, the background screen grade of "05" resulted in Plaintiff's denial of employment with Defendant JCL and any other participating Contractor Employers and denial of assignment to Defendant Air Products, Phillips 66, and any other participating Owner.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff.

**COMPLAINT NO. 84:**

Defendants DISA, NABSC, and HASC significantly controlled and/or interfered with Plaintiff's access to employment opportunities with the other Defendants and other Contractor Employers, based on the background screen grade of "05" they assigned to Plaintiff.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it controlled or interfered with Plaintiff's access to employment opportunities. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 of the Complaint to the extent they

pertain to DISA.

**COMPLAINT NO. 85:**

As a consequence of Defendant's policies and practices, Plaintiff has experienced emotional distress, including, but not limited to suffering, anguish, fright, horror, feelings of worthlessness, grief, anxiety, worry, nervousness, shock, stress, hopelessness, humiliation, disenfranchisement, powerlessness, and shame.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 85 of the Complaint.

**D.    Plaintiff experience with Defendants JCL and Air Products**

**COMPLAINT NO. 86:**

In or around November 2019, Plaintiff applied for a job as a Safety Attendant with Defendant JCL in Carson, California.

**ANSWER:**

Paragraph 86 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

**COMPLAINT NO. 87:**

A Safety Attendant recognizes hazards, evaluates and mitigates risks, and increases overall safety awareness among employees.

**ANSWER:**

Paragraph 87 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint.

313993748v.4

**COMPLAINT NO. 88:**

On or around December 30, 2019, Defendant JCL conditionally offered Plaintiff a position working at Defendant Air Products' site. Plaintiff was offered a position contingent on a criminal history background check. By conditionally offering Plaintiff a position, Defendant JCL has admitted that Plaintiff is qualified for the position in question. She accepted the offer.

**ANSWER:**

Paragraph 88 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

**COMPLAINT NO. 89:**

On or about January 7 or 8, 2020, as required by the Programs, Defendant JCL obtained a consumer report (or background check) on Plaintiff from Defendant DISA. The report disclosed Plaintiff's 1993 conviction, noting that she had been re-sentenced to 60 months confinement in 2017.

**ANSWER:**

DISA admits that, at the request of JCL, it prepared a consumer report on Plaintiff for site access purposes on or about January 7, 2020. DISA states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 89 of the Complaint that are inconsistent with the contents of the referenced report. Stating further, DISA denies that it conducted any background screen for employment purposes on plaintiff. DISA denies any remaining allegations in Paragraph 89 of the Complaint.

**COMPLAINT NO. 90:**

In a "Pre-Adverse Action (Consortium) Letter" dated January 8, 2020, Defendant DISA informed Plaintiff that her background screen grade may restrict her from being assigned to certain Owners' facilities, who are participating in the North American

Background Screening Consortium. This disqualification was based on the employment
cut off score selected by such Owners as part of the Programs.

**ANSWER:**

DISA states that the referenced communication is the best evidence of its contents
and denies any allegations in Paragraph 90 of the Complaint that are inconsistent with the
contents of the referenced communication. Stating further, DISA denies that it conducted
any background screen for employment purposes on Plaintiff. DISA denies any
remaining allegations in Paragraph 90 of the Complaint.

**COMPLAINT NO. 91:**

The "Pre-Adverse Action (Consortium) Letter" did not state the disqualifying
conviction(s) that was the basis for its pre-adverse decision or any information regarding
Plaintiff's right to submit evidence of rehabilitation or mitigating circumstances, or both.
It also did not include that Plaintiff had been assigned a score of "05" under the Programs
or a copy of her background check. Attached hereto as Exhibit 3 and incorporated herein
by reference is a true and correct copy of the January 8, 2020 "Pre-Adverse Action
(Consortium) Letter."

**ANSWER:**

DISA states that the referenced communication is the best evidence of its contents
and denies any allegations in Paragraph 91 of the Complaint that are inconsistent with the
contents of the referenced communication. Stating further, DISA denies that it conducted
any background screen for employment purposes on Plaintiff. DISA denies any
remaining allegations in Paragraph 91 of the Complaint.

**COMPLAINT NO. 92:**

Shortly after receiving the Pre-Adverse Action Letter, on or around January 14,
2020, Plaintiff spoke with a JCL representative, who verbally notified her of its
preliminary decision to withdraw her offer of employment. Plaintiff explained the
circumstances of her conviction, including the district court's 2017 order vacating her

conviction and reducing her sentence. The JCL representative responded that because Plaintiff had been released from prison in 2017, she could not work for JCL.

**ANSWER:**

Paragraph 92 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint.

**COMPLAINT NO. 93:**

In a final "Adverse Action Letter (Consortium)" dated January 21, 2020, Defendant DISA informed Plaintiff that her eligibility to access any Owner's facility participating in Defendant NABSC consortium may be restricted. Attached hereto as Exhibit 4 and incorporated herein by reference is a true and correct copy of the January 21, 2020 "Adverse Action Letter (Consortium)."

**ANSWER:**

DISA states that the referenced communication is the best evidence of its contents and denies any allegations in Paragraph 93 of the Complaint that are inconsistent with the contents of the referenced communication. DISA denies any remaining allegations in Paragraph 93 of the Complaint.

**COMPLAINT NO. 94:**

Plaintiff did not receive the final "Adverse Action Letter (Consortium)," dated January 21, 2020, until approximately 12 months later, on or around February 25, 2021, and only after several attempts and communications with DISA representatives insisting she receive all her documents.

**ANSWER:**

DISA denies the allegations in Paragraph 94 of the Complaint.

**COMPLAINT NO. 95:**

On information and belief, Defendant DISA also furnished Plaintiff's background

screen grade of "05" to other entities participating in the Programs, including Defendants JCL, Air Products, NABSC, and HASC.

**ANSWER:**

DISA admits that it provided a background screen grade to JCL as part of the site access background check about plaintiff. DISA denies the remaining allegations in Paragraph 95 of the Complaint.

**COMPLAINT NO. 96:**

On information and belief, Plaintiff is not eligible for employment at any oil refinery participating in Defendants DISA, NABSC, or HASC's Programs or Consortiums.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint.

**COMPLAINT NO. 97:**

Plaintiff's conviction has no bearing on her ability or fitness to perform the duties of the position of Safety Attendant or related positions.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint.

**E.     Plaintiff's experience with Phillips 66**

**COMPLAINT NO. 98:**

Defendant Phillips 66 refines, processes, transports, and sells various petrochemical products and owns several refineries that employ individuals through processes and policies created and maintained by Defendants DISA, NABSC, and/or HASC.

**ANSWER:**

Paragraph 98 of the Complaint does not include allegations directed toward DISA

and, therefore, no answer from DISA is required. To the extent an answer is required, DISA denies that it makes or is responsible for making employment decisions for the entities for whom it prepares consumer reports. DISA denies the remaining allegations in Paragraph 98 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 99:**

Plaintiff previously worked at Defendant Phillips 66's oil refinery site, in or around 2019, through Total Western, as a Pipeline Attendant, without any issue. On information and belief, she was hired before Phillips 66 started using DISA, NABSC, and HASC's background screening policy.

**ANSWER:**

Paragraph 99 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint.

**COMPLAINT NO. 100:**

On or about December 2020, Plaintiff applied for and was under consideration for a position at Defendant Phillips 66's oil refinery site in Wilmington, California.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint.

**COMPLAINT NO. 101:**

Plaintiff was verbally informed by another DISA and NABSC Contractor Employer that she was ineligible for the position at Phillips 66 due to her background screen grade (given to her by Defendant DISA pursuant to its and NABSC and /or HASC's Programs).

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

the allegations in Paragraph 101 of the Complaint.

**COMPLAINT NO. 102:**

Plaintiff believes that Defendants DISA, NABSC and HASC did not run a new or subsequent background check with this and each employment inquiry, but instead relied on the January 2020 background screen grade it previously created to disqualify her from this position.

**ANSWER:**

DISA denies that it ever conducted any background screen for employment purpose on Plaintiff. Stating further, DISA was only asked to run and only conducted a January 2020 and December 2020 site access purposed report about Plaintiff. DISA denies that anyone else used the DISA system to review Plaintiff's status.

**COMPLAINT NO. 103:**

Plaintiff's sole conviction has no bearing on her ability or fitness to perform the duties of the position of Safety Attendant.

**ANSWER:**

Paragraph 103 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint.

**COMPLAINT NO. 104:**

All communications with Plaintiff regarding her employment application for the job at Defendant Phillips 66 were verbal and done through a DISA / NABSC Contractor Employer.

**ANSWER:**

Paragraph 104 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 104 of the Complaint. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff.

**COMPLAINT NO. 105:**

As a consequence of Defendants' policies and practices, Plaintiff has experienced emotional distress, including, but not limited to suffering, anguish, fright, horror, feelings of worthlessness, grief, anxiety, worry, nervousness, shock, stress, hopelessness, humiliation, disenfranchisement, powerlessness, and shame.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 105 of the Complaint.

**F.    Plaintiff's post-denial efforts**

**COMPLAINT NO. 106:**

In February 2021, Plaintiff disputed the information on her background check with Defendant DISA. She submitted a web inquiry on or about February 25, 2021. She received a phone call from Bebe Salazar, a DISA representative, on or around March 11, 2021, and Ms. Salazar confirmed that her background screen grade remained at grade "05."

**ANSWER:**

DISA admits that, on February 25, 2021, Plaintiff initiated an online dispute of the information reported on her consumer report, admits that Plaintiff spoke to Ms. Salazar, admits that DISA promptly conducted a reinvestigation and confirmed the accuracy of its reporting for site access purposes, and admits that Ms. Salazar confirmed the grade that was on her background report. DISA denies any remaining allegations in Paragraph 106 of the Complaint.

**COMPLAINT NO. 107:**

On or around May 17, 2021, Plaintiff, through counsel, submitted mitigating and rehabilitative information to Defendant JCL, in an attempt to have her background screen

grade re-evaluated and the job offer revocation rescinded, so that Plaintiff could begin working. This information included Plaintiff's explanation that her conviction was from over 29 years ago and that she had successfully passed a security threat assessment from the Transportation Security Administration and possessed a Transportation Worker Identification Credential.

**ANSWER:**

Paragraph 107 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint.

**COMPLAINT NO. 108:**

On July 12, 2021, Plaintiff, through counsel, submitted mitigating and rehabilitative information, including information about her Transportation Worker Identification Credential card, to Defendant DISA and advised DISA of the discriminatory impact of its grading system on African Americans.

**ANSWER:**

DISA states that the referenced communications between counsel are the best evidence of their contents and denies any allegations in Paragraph 108 of the Complaint that are inconsistent with the contents of the referenced communications. DISA denies any remaining allegations in Paragraph 108 of the Complaint.

**COMPLAINT NO. 109:**

Plaintiff again communicated with Defendant DISA on or around February 4, 2022. In a letter, she, through counsel, provided additional information expressly to aid Defendant DISA in deciding whether to re-evaluate her background screen grade. She submitted information about the circumstances of her conviction and rehabilitation, as well as exhibits with evidence of her rehabilitation, including four letters of recommendation, one of which was from a former supervisor and foreman in the oil

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

refinery industry.

**ANSWER:**

DISA states that the referenced communications between counsel are the best evidence of their contents and denies any allegations in Paragraph 109 of the Complaint that are inconsistent with the contents of the referenced communications. DISA denies any remaining allegations in Paragraph 109 of the Complaint.

**COMPLAINT NO. 110:**

Plaintiff has repeatedly been informed that she is disqualified from employment with Owners who participate in Defendants DISA, NABSC, and/or HASC's Programs. She has not been able to obtain employment in the refinery industry and is discouraged from applying for jobs because DISA, NABSC, and HASC's background screen grade designation has thus far barred her from obtaining employment.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 110 of the Complaint. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Complaint to the extent they pertain to DISA.

**G.    Statistical disparities in California's criminal legal system**

**COMPLAINT NO. 111:**

Racial disparities pervade the U.S. and California criminal legal systems such that African American individuals are disproportionately arrested and disproportionately convicted, when compared to white counterparts and their share of the population.[22]

**ANSWER:**

Paragraph 111 of the Complaint does not include allegations directed toward DISA

---

[22] *See*, e.g., The Sentencing Project, U.S. Criminal Justice Data: Racial Disparities in California, available at https://www.sentencingproject.org/research/us-criminal-justice-data/?state=california (last accessed: July 24, 2024); Scott Graves, California Budget & Policy Center, California's State Prisons (June 2021), pp. 15-19, available at https://calbudgetcenter.org/app/uploads/2021/06/R-FP-Prison-Racial-Disparities.pdf (last accessed: July 24, 2024).

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

and, therefore, no answer from DISA is required. To the extent an answer is required,
DISA refers to the contents of the cited authority and denies any allegations that are
inconsistent with the cited authority. DISA lacks knowledge or information sufficient to
form a belief as to the truth of any remaining allegations in Paragraph 111 of the
Complaint.

**COMPLAINT NO. 112:**

According to the 2021 Judicial Council of California's Report to the Legislature on
the Disposition of Criminal Cases According to the Race and Ethnicity of the Defendant,
African American individuals make up 18.9 percent of felony defendants, but only 5.5
percent of the total California adult population.

**ANSWER:**

Paragraph 112 of the Complaint does not include allegations directed toward DISA
and, therefore, no answer from DISA is required. To the extent an answer is required,
DISA refers to the contents of the cited authority and denies any allegations that are
inconsistent with the cited authority. DISA lacks knowledge or information sufficient to
form a belief as to the truth of any remaining allegations in Paragraph 112 of the
Complaint.

**COMPLAINT NO. 113:**

African Americans have higher arrest rates than whites in nearly all of California's
58 counties, according to a 2019 Public Policy Institute of California study.

**ANSWER:**

Paragraph 113 of the Complaint does not include allegations directed toward DISA
and, therefore, no answer from DISA is required. To the extent an answer is required,
DISA refers to the contents of the cited authority and denies any allegations that are
inconsistent with the cited authority. DISA lacks knowledge or information sufficient to
form a belief as to the truth of any remaining allegations in Paragraph 113 of the
Complaint.

313993748v.4

1

**COMPLAINT NO. 114:**

2

In California, as of April 2020, the felony arrest rate of African Americans was

3

3,229 per 100,000 in the population, 3.5 times the overall rate, as reported by the 2023

4

California Reparations Report. The same report found that African American women are

5

imprisoned at a rate five times higher than that of white women.

6

**ANSWER:**

7

Paragraph 114 of the Complaint does not include allegations directed toward DISA

8

and, therefore, no answer from DISA is required. To the extent an answer is required,

9

DISA refers to the contents of the cited authority and denies any allegations that are

10

inconsistent with the cited authority. DISA lacks knowledge or information sufficient to

11

form a belief as to the truth of any remaining allegations in Paragraph 114 of the

12

Complaint.

13

**COMPLAINT NO. 115:**

14

As a result of these statistical disparities, restrictions on hiring or placing

15

individuals with conviction histories have a disproportionately severe effect on African

16

Americans. In other words, policies such as Defendants' effectively import the

17

discrimination present in the criminal legal system into the employment sector. This

18

discriminatory denial of employment affects not only the individuals who are rejected but

19

also their families and entire communities.

20

21

**ANSWER:**

22

With respect to those allegations directed toward DISA, DISA denies the

23

allegations in Paragraph 115 of the Complaint.

24

**COMPLAINT NO. 116:**

25

This is especially true when employers, like Defendants, fail to conduct

26

individualized assessments, evaluating the time that has passed since the conviction, the

27

nature of the conviction and the nature of the job, as well as mitigating and rehabilitative

28

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

evidence. Employers' reliance solely on the presence of a conviction and its classification as a felony or misdemeanor further exacerbates the discriminatory impact.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it is an employer of any individual on whom it prepares a consumer report and denies that it engaged in discriminatory conduct of any kind. DISA denies any remaining allegations to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 116 of the Complaint.

**COMPLAINT NO. 117:**

In contrast, considering evidence of rehabilitation and other factors in mitigation can significantly ameliorate the discriminatory impact. For example, from late 2007 to April 2010, the Transportation Security Administration ("TSA") screened the FBI records of about 1.6 million workers. The TSA instituted a process where employees could ask for a waiver of a disqualifying felony offense. During that time, at least 60 percent of the employee petitions to "waive" their disqualifying felony offenses were granted by TSA based on evidence of rehabilitation. Over half of the petitions to waive a disqualifying record were filed by African Americans, which is nearly four times their share of the worker population.[23]

**ANSWER:**

Paragraph 117 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA refers to the contents of the cited authority and denies any allegations that are inconsistent with the cited authority. DISA lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 117 of the Complaint.

---

[23] *See* Department of Homeland Security, TWIC Dashboard (May 20, 2010); National Employment Law Project, A Scorecard on the Post-9/11 Port Worker Background Checks (July 2009).

313993748v.4

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**COMPLAINT NO. 118:**

For all causes of action subject to exhaustion requirements, prior to the initiation of this lawsuit, Plaintiff filed complaints against Defendants with the California Civil Rights Department pursuant to Sections 12940, 12952, and 12965 of the California Government Code.

**ANSWER:**

DISA admits it received a complaint from the California Civil Rights Department. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint.

**COMPLAINT NO. 119:**

On August 15, 2023, September 8, 2023, and August 5, 2024, the Civil Rights Department issued "right to sue" letters against Defendants.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint.

## FIRST CAUSE OF ACTION
### Violation of the California Fair Chance Act,
### California Government Code 12952
### Against All Defendants

**COMPLAINT NO. 120:**

Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

DISA restates its answers to Paragraphs 1 through 119 as its answer to Paragraph 120 of the Complaint.

**COMPLAINT NO. 121:**

Defendants DISA, JCL, Air Products, Phillips 66, NABSC, and HASC were each a

50

313993748v.4

covered employer of Plaintiff.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it is an employer of Plaintiff and denies any other allegations to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 of the Complaint.

**COMPLAINT NO. 122:**

In the alternative, Defendants DISA, NABSC, and HASC were each an agent of Defendants JCL, Air Products, and Phillips 66. Upon information and belief, each Defendant conducted or facilitated the administrative functions associated with the hiring and firing of prospective employees, such as background checks, which are the FEHA and Fair Chance Act-regulated activities.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it is an agent of any of the Defendants and denies all remaining allegations in Paragraph 122 of the Complaint to the extent they pertain to DISA. Stating further, DISA denies that it conducted any background screen for employment purposes on plaintiff. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 of the Complaint.

**COMPLAINT NO. 123:**

In the alternative, Defendants Phillips 66, Air Products, DISA, NABSC, and HASC were each a third-party interferer.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it is a "third party interferer" and denies all remaining allegations in Paragraph 123 of the Complaint to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123 of

51

the Complaint.

## **Gov. C., 12952(c)(1)**

**COMPLAINT NO. 124:**

The Fair Chance Act requires that "an employer that intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history shall make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position."[24]

**ANSWER:**

The allegations in Paragraph 124 of the Complaint consist entirely of legal conclusions, incomplete quotations of the cited statute, and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 124 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 124 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff.

**COMPLAINT NO. 125:**

The Fair Chance Act also specifies several factors that an employer must consider when making the individualized assessment, including the nature and gravity of the offense, the time that has passed since that conduct and completion of the sentence, and the nature of the job held or sought.

**ANSWER:**

The allegations in Paragraph 125 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph

---

[24] Gov. Code § 12952(c)(1).

313993748v.4

125 of the Complaint that are inconsistent with the cited statute. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA denies any remaining allegations in Paragraph 125 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 126:**

Defendants' Programs, including the background screening policy and assignment of a background screen grade based solely on conviction, effectively bars any job applicants with felonies from obtaining employment for any position with any participating Owner through a Contractor Employer, in part because Defendants never consider all of the factors for individualized assessments required under the law. For example, time passed is not considered, nor are mitigating circumstances or rehabilitation evidence.

**ANSWER:**

DISA denies that it conducted any background screen for employment purposes on plaintiff. With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 126 of the Complaint.

**COMPLAINT NO. 127:**

The NABSC and /or HASC Program, attached hereto as Exhibit 1, forecloses an individualized assessment in its assignment of a background screen grade, which is derived solely from consideration of an applicant's conviction history. The NABSC and/or HASC Program permits a Contractor Employer and Owner to deny employment and assignment due to a conviction without undertaking the individualized assessment required by the Fair Chance Act. The Program, therefore, on its face and as applied to Plaintiff, violates the Fair Chance Act.

**ANSWER:**

DISA denies that it conducted any background screen for employment purposes on Plaintiff. DISA states that the referenced exhibits are the best evidence of their contents

313993748v.4

and denies any allegations in Paragraph 127 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 127 of the Complaint, and specifically denies that it is an employer under California law and denies that it violated the Fair Chance Act.

**COMPLAINT NO. 128:**

Likewise, the DISA Program, attached hereto as Exhibit 2, forecloses an individualized assessment in its Background Screening Policy and assignment of a background screen grade, which is derived solely from consideration of an applicant's conviction history. The DISA Program permits a Contractor Employer and Owner to deny employment and assignment due to a conviction without undertaking the individualized assessment required by the Fair Chance Act. The Program, therefore, on its face and as applied to Plaintiff; violates the Fair Chance Act.

**ANSWER:**

DISA denies that it conducted any background screen for employment purposes on plaintiff. DISA states that the referenced exhibits are the best evidence of their contents and denies any allegations in Paragraph 128 of the Complaint that are inconsistent with the contents of the referenced exhibits. DISA denies any remaining allegations in Paragraph 128 of the Complaint, and specifically denies that it is an employer under California law and denies that it violated the Fair Chance Act.

**COMPLAINT NO. 129:**

In connection with Plaintiff's application for the positions of Safety Attendant and related positions, Defendants DISA, NABSC, and HASC assigned her a background screen grade of "05" based solely on Plaintiff's conviction from over 30 years ago, without considering its age or its relationship to the nature of the positions; determined that the grade surpassed the predetermined risk level set by Defendants Air Products and Phillips 66; and shared the result of the determination as an "inactive" status with Defendants JCL, Air Products, Phillips 66 and others.

313993748v.4

**ANSWER:**

With respect to those allegations directed toward DISA, DISA admits that it prepared a consumer report regarding Plaintiff for site access, not any employment purpose. DISA states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 129 of the Complaint that are inconsistent with the contents of the referenced report. DISA denies any remaining allegations in Paragraph 129 of the Complaint to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 of the Complaint.

**COMPLAINT NO. 130:**

Defendant JCL relied solely on Plaintiff's background screen grade, which was determined based solely on her conviction history, and/or her "inactive" status previously determined by DISA, NABSC, and/or HASC, to revoke her job offer and did not undertake the individualized assessment required by the Fair Chance Act, including failing to consider the age of her conviction, the nature of the job position, and other mitigating or rehabilitative circumstances.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA admits that it prepared a consumer report regarding Plaintiff. DISA states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 130 of the Complaint that are inconsistent with the contents of the referenced report. DISA denies any remaining allegations in Paragraph 130 of the Complaint to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 of the Complaint.

**COMPLAINT NO. 131:**

Defendant Air Products relied solely on her "inactive" status, which resulted from her "05" grade based solely on her conviction history, to deny her employment, without

undertaking the individualized assessment required by the Fair Chance Act, including by failing to consider the age of her conviction, the nature of the job position, and other mitigating or rehabilitative circumstances.

**ANSWER:**

DISA denies the allegations in Paragraph 131 of the Complaint.

**COMPLAINT NO. 132:**

Defendant Phillips 66 relied solely on her "inactive" status, which resulted from her "05" grade based solely on her conviction history, to deny her employment, without undertaking the individualized assessment required by the Fair Chance Act, including failing to consider the age of her conviction, the nature of the job position, and other mitigating or rehabilitative circumstances.

**ANSWER:**

DISA denies the allegations in Paragraph 132 of the Complaint.

**COMPLAINT NO. 133:**

Defendants DISA, NABSC, and HASC did not conduct an individualized assessment in assigning Plaintiff a "05" grade based solely on her conviction history and deemed her ineligible for employment based on that grade.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 133 of the Complaint. Stating further, DISA denies that it conducted any background screen for employment purposes on plaintiff, denies that DISA was plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 134:**

Based on information available at the time to Defendants DISA, JCL, Air Products, Phillips 66, NABSC and, HASC Plaintiff's decades-old conviction is not directly and adversely related to the specific duties of Safety Attendant and other positions.

313993748v.4

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint.

### Gov. C., § 12952(c)(2)

**COMPLAINT NO. 135:**

Subsections (A) and (C) of paragraph (2) of Government Code section 12952(c) require that when an employer makes "a preliminary decision that the applicant's conviction history disqualifies the applicant from employment," it must provide to the applicant a written "[n]otice of the disqualifying conviction or convictions that are the basis for the preliminary decision to rescind the offer" and an explanation of the applicant's right to respond to the pre-adverse decision, "inform[ing] the applicant that the response may include . . . evidence of rehabilitation or mitigating circumstances."

**ANSWER:**

The allegations in Paragraph 135 of the Complaint consist entirely of legal conclusions, incomplete statutory quotations, and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 135 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 135 of the Complaint and specifically denies that it conducted any background screen for employment purposes on plaintiff, denies that DISA was plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 136:**

None of the Defendants provided a Fair Chance Act-compliant notice of their preliminary decision to withdraw Plaintiff's offer of employment.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 136 of the Complaint on the basis that DISA is not an employer

with respect to Plaintiff under California law. Stating further, DISA denies that it conducted any background screen for employment purposes on plaintiff, denies that DISA was plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law. DISA denies any remaining allegations in Paragraph 136 of the Complaint to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 of the Complaint.

**COMPLAINT NO. 137:**

The January 8, 2020 "Pre-Adverse Action (Consortium) Letter," attached hereto and incorporated by reference as Exhibit 3, did not include any information regarding her right to submit rehabilitation and mitigation evidence and did not identify the disqualifying conviction.

**ANSWER:**

DISA states that the referenced communication is the best evidence of its contents and denies any allegations in Paragraph 137 of the Complaint that are inconsistent with the contents of the referenced communication. DISA denies any remaining allegations in Paragraph 137 of the Complaint to the extent they pertain to DISA. Stating further, DISA denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 138:**

Plaintiff did not receive a copy of her background check with the January 8, 2020 "Pre-Adverse Action (Consortium) Letter."

**ANSWER:**

DISA denies the allegations in Paragraph 138 of the Complaint.

**COMPLAINT NO. 139:**

Plaintiff later received a copy of her background check, in or around February

58

2021, only after several communications and her insistence that she be provided with all relevant documents.

**ANSWER:**

DISA admits that Plaintiff received a copy of her consumer report in February 2021. DISA denies the remaining allegations in Paragraph 139 of the Complaint.

**COMPLAINT NO. 140:**

In connection with her later employment application for the position of Safety Attendant in or around 2020, Plaintiff received no written pre-adverse action notice whatsoever.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint.

**COMPLAINT NO. 141:**

As a result, Defendants DISA, JCL, Air Products, Phillips 66, NABSC and, HASC denied Plaintiff a meaningful opportunity to provide evidence of rehabilitation and mitigating circumstances, in violation of Government Code section 12952(c)(2).

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 141 of the Complaint. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 of the Complaint to the extent they pertain to DISA.

**Gov. C., 4 12952(c)(4)**

**COMPLAINT NO. 142:**

Paragraph (4) of subdivision (c) of section 12952 of the Government Code requires that Defendants conduct a second individualized assessment of Plaintiff, in light of any rehabilitation or mitigation evidence that Plaintiff provides in response to Defendants' pre-adverse action notice.

**ANSWER:**

The allegations in Paragraph 142 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 142 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 142 of the Complaint and specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 143:**

The NABSC and/or HASC Program, attached hereto as Exhibit 1, forecloses the consideration of rehabilitation or mitigation evidence in its assignment of a background screen grade, either initially or upon receipt of additional information from applicants.

**ANSWER:**

DISA states that the referenced exhibit is the best evidence of its contents and denies any allegations in Paragraph 143 of the Complaint that are inconsistent with the contents of the referenced exhibit. DISA denies any remaining allegations in Paragraph 143 of the Complaint to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 of the Complaint.

**COMPLAINT NO. 144:**

Likewise, the DISA Program, attached hereto as Exhibit 2, forecloses the consideration of rehabilitation or mitigation evidence in its assignment of a background screen grade.

**ANSWER:**

DISA states that the referenced exhibit is the best evidence of its contents and denies any allegations in Paragraph 144 of the Complaint that are inconsistent with the

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

contents of the referenced exhibit. DISA denies any remaining allegations in Paragraph 144 of the Complaint to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 of the Complaint. DISA specifically denies that it conducted any background screen for employment purposes on plaintiff, denies that DISA was plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 145:**

In connection with Plaintiff's application for the positions of Safety Attendant and other positions, Defendants DISA, JCL, Air Products, Phillips 66, NABSC and, HASC did not consider any rehabilitation or mitigation evidence received from Plaintiff after generating the initial background screen grade, including her possession of a TWIC card, her approximately four years of successful employment at oil refineries, and the re-sentencing and concomitant excessive prison term beyond what she was legally sentenced to.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 145 of the Complaint. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145 of the Complaint.

**COMPLAINT NO. 146:**

By depriving Plaintiff of any opportunity to provide supplemental information under their policy and Program, Defendants circumvented the statutory requirement to conduct a second individualized assessment of Plaintiff, in violation of the law.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 146 of the Complaint. DISA lacks knowledge or information

313993748v.4

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 of the Complaint. Stating further, DISA specifically denies that it conducted any background screen for employment purposes on plaintiff, denies that DISA was plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 147:**

As a direct and proximate result of Defendants' actions described above, Plaintiff has sustained economic and non-economic harms to be proven at trial, in addition to her reasonable attorneys' fees, costs, and litigation expenses.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 147 of the Complaint. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 of the Complaint.

## Gov. C., 12952(c)(5)

**COMPLAINT NO. 148:**

Paragraph (5) of subdivision (c) of section 12952 of the Government Code requires that an employer that makes a final decision to deny employment because of an applicant's conviction history must notify the applicant in writing of the final denial, including any existing procedure to challenge the denial or request reconsideration and the right to file a complaint with the Civil Rights Department.

**ANSWER:**

The allegations in Paragraph 148 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 148 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 148 of the Complaint and specifically denies that it

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 149:**

Plaintiff initially did not receive a notification in writing of the final denial.

**ANSWER:**

DISA denies the allegations in Paragraph 149 of the Complaint.

**COMPLAINT NO. 150:**

In or around February 2021, approximately one year after the pre-adverse action notice, Plaintiff received an "Adverse Action Letter (Consortium)," attached hereto and incorporated by reference as Exhibit 4, and dated January 21, 2020.

**ANSWER:**

DISA states that the referenced communication is the best evidence of its contents and denies any allegations in Paragraph 150 of the Complaint that are inconsistent with the contents of the referenced communication. DISA denies any remaining allegations in Paragraph 150 of the Complaint.

**COMPLAINT NO. 151:**

The "Adverse Action Letter (Consortium)" was not compliant with the Fair Chance Act.

**ANSWER:**

The allegations in Paragraph 151 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 151 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 151 of the Complaint and specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the

313993748v.4

FEHA, or any other law.

**COMPLAINT NO. 152:**

Despite the NABSC and/or HASC Program having a limited procedure in place to challenge or otherwise appeal the background screen grade and background check results,[25] the letter Plaintiff received did not include any notice of the existing procedure or of her right to file a complaint with the Civil Rights Department, as required by law. The NABSC Program's sample pre-adverse and adverse action letters, see id., likewise do not include information about the internal appeal procedure or the right to file a complaint with the Civil Rights Department.

**ANSWER:**

DISA states that the referenced communication is the best evidence of its contents and denies any allegations in Paragraph 152 of the Complaint that are inconsistent with the contents of the referenced communication. DISA denies any remaining allegations in Paragraph 152 of the Complaint.

**COMPLAINT NO. 153:**

Despite the DISA Program having a limited procedure in place to challenge or otherwise appeal the background screen grade and background check results,[26] the letter Plaintiff received did not include any notice of the existing procedure or of her right to file a complaint with the Civil Rights Department, as required by law.

**ANSWER:**

DISA states that the referenced communication is the best evidence of their contents and denies any allegations in Paragraph 153 of the Complaint that are inconsistent with the contents of the referenced communication. DISA denies any remaining allegations in Paragraph 153 of the Complaint.

**COMPLAINT NO. 154:**

Furthermore, Plaintiff attempted to obtain an internal appeal from Defendant DISA

---

[25] *See* Exh. 1, NABSC Policy at 6.
[26] *See* Exh. 2, DISA Policy at 6.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

to the results of her background check and background screen grade assignment, and DISA refused to re-assess her.

**ANSWER:**

DISA denies the allegations in Paragraph 154 of the Complaint. DISA specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 155:**

In connection with Plaintiff's applications for the positions of Safety Attendant and other positions, Defendants DISA, JCL, Air Products, Phillips 66, NABSC and, HASC never provided her with a written notice of the final adverse decision specifying the existing procedure to challenge the denial or request reconsideration and the right to file a complaint with the Civil Rights Department.

**ANSWER:**

The allegations in Paragraph 155 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 155 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 155 of the Complaint and specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 156:**

As a direct and proximate result of Defendants' actions described above, Plaintiff has sustained economic and non-economic harms to be proven at trial, in addition to her reasonable attorneys' fees, costs, and litigation expenses.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

1

**ANSWER:**

2

With respect to those allegations directed toward DISA, DISA denies the

3

allegations in Paragraph 156 of the Complaint.

4

### SECOND CAUSE OF ACTION
### Violation of the California Fair Chance Act,
### California Government Code 12952
### Against Defendants DISA, Phillips 66, NABSC and, HASC

5

6

7

**COMPLAINT NO. 157:**

8

Plaintiff realleges and incorporates each of the foregoing paragraphs as though

9

fully set forth herein.

10

**ANSWER:**

11

DISA restates its answers to Paragraphs 1 through 156 as its answer to Paragraph

12

157 of the Complaint.

13

**COMPLAINT NO. 158:**

14

Defendants DISA, Phillips 66, NABSC and, HASC are "employers" under the Fair

15

Chance Act (which is a part of the FEHA). Upon information and belief, each Defendant

16

conducted or facilitated the administrative functions associated with the hiring and firing

17

of prospective employees, which are activities regulated by the FEHA and the Fair

18

Chance Act.

19

**ANSWER:**

20

With respect to those allegations directed toward DISA, DISA denies the

21

allegations in Paragraph 158 of the Complaint. DISA lacks knowledge or information

22

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158 of

23

the Complaint.

24

### Gov. C., 4 12952(a)(2)

25

**COMPLAINT NO. 159:**

26

Paragraph (2) of subsection (a) of section 12952 of the Government Code makes it

27

unlawful for Defendants to "inquire into or consider the conviction history of the

28

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

applicant, including any inquiry about conviction history on any employment application, until after the employer has made a conditional offer of employment to the applicant."

**ANSWER:**

The allegations in Paragraph 159 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 159 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 159 of the Complaint and specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 160:**

In connection with Plaintiff's application for the position of Safety Attendant, Defendants DISA, Phillips 66, NABSC, and HASC categorically rejected her solely on the basis of her background screen grade of "05" and "inactive" status, pursuant to the DISA and NABSC Programs[27] prior to making her a conditional offer of employment.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 160 of the Complaint.

**COMPLAINT NO. 161:**

Inquiring into or considering Plaintiff's background screen grade or her "inactive" status constitutes an inquiry into or consideration of her conviction history, because the background screen grade and "inactive" status are each a form of her conviction history and derived solely from conviction history under the DISA and NABSC Programs.

**ANSWER:**

Paragraph 161 of the Complaint does not include allegations directed toward DISA

---

[27] *See* generally Exh. 1, NABSC Policy; Exh. 2, DISA Policy.

313993748v.4

and, therefore, no answer from DISA is required. To the extent an answer is required, DISA denies the allegations in Paragraph 161 of the Complaint. DISA specifically denies that it conducted any background screen for employment purposes on plaintiff, denies that DISA was plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 162:**

As a direct and proximate result of Defendants DISA, Phillips 66's, NABSC, and HASC and actions, Plaintiff has sustained economic and non-economic harms to be proven at trial, in addition to her reasonable attorneys' fees, costs, and litigation expenses.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 162 of the Complaint.

**THIRD CAUSE OF ACTION**
**Race Discrimination (adverse impact)**
**in Violation of the California Fair Employment and Housing Act,**
**as amended, California Government Code & 12940, et seq.**
**Against All Defendants**

**COMPLAINT NO. 163:**

Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

DISA restates its answers to Paragraphs 1 through 162 as its answer to Paragraph 163 of the Complaint.

**COMPLAINT NO. 164:**

Under the FEHA, it is unlawful for an employer, on the basis of race, "to refuse to hire or employ [a] person . . . or to discriminate against [a] person . . . in terms, conditions or privileges of employment."

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

1    **ANSWER:**

2         The allegations in Paragraph 164 of the Complaint consist entirely of legal

3    conclusions and characterizations of the cited statute and, therefore, no answer is

4    required. To the extent an answer is required, DISA denies any allegations in Paragraph

5    164 of the Complaint that are inconsistent with the cited statute. DISA denies any

6    remaining allegations in Paragraph 164 of the Complaint and specifically denies that it

7    conducted any background screen for employment purposes on Plaintiff, denies that

8    DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the

9    FEHA, or any other law.

10        **COMPLAINT NO. 165:**

11        Furthermore, "any policy or practice of an employer or other covered entity that

12   has an adverse impact on employment opportunities of individuals on a basis enumerated

13   in the Act is unlawful unless the policy or practice is job-related and consistent with

14   business necessity."

15   **ANSWER:**

16        The allegations in Paragraph 165 of the Complaint consist entirely of legal

17   conclusions and characterizations of the cited statute and, therefore, no answer is

18   required. To the extent an answer is required, DISA denies any allegations in Paragraph

19   165 of the Complaint that are inconsistent with the cited statute. DISA denies any

20   remaining allegations in Paragraph 165 of the Complaint and specifically denies that it

21   conducted any background screen for employment purposes on Plaintiff, denies that

22   DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the

23   FEHA, or any other law.

24        **COMPLAINT NO. 166:**

25        Each Defendant is an "employer" under the FEHA.

26   **ANSWER:**

27        With respect to those allegations directed toward DISA, DISA denies the

28

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

allegations in Paragraph 166 of the Complaint.

**COMPLAINT NO. 167:**

Defendants DISA, NABSC, and HASC were also Plaintiff's employers and/or third-party interferers because they had peculiar control over Plaintiff's access to the job market and had considerable control over her ability to form an employment relationship with her direct employers. Defendants DISA, NABSC, and HASC also established and implemented the Program which governed the criminal background screening that disqualified Plaintiff from employment and assignment with Defendants JCL, Air Products, and Phillips 66, due to her prior conviction.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 167 of the Complaint.

**COMPLAINT NO. 168:**

In the alternative, Defendants DISA, NABSC, and HASC acted as agents, directly or indirectly, of Defendants JCL, Air Products, and/or Phillips 66 and undertook activities regulated by the FEHA on behalf of Defendants JCL, Air Products, and/or Phillips 66. The administrative functions associated with the hiring and firing of prospective employees, such as background checks, the activities regulated by the FEHA.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 168 of the Complaint.

**COMPLAINT NO. 169:**

Defendant DISA, on behalf of Defendants JCL, Air Products, and/or Phillips 66, performed the background search; assigned Plaintiff a disqualifying background screen grade of "05"; and failed to request a waiver for Plaintiff from Defendant Air Products and/or Phillips 66.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 169 of the Complaint.

**COMPLAINT NO. 170:**

On information and belief, Defendants Phillips 66 and Air Products set a maximum background screen grade for a Contractor Employee to be eligible for assignment to their facilities. Defendants Phillips 66 and Air Products had complete discretion to grant Plaintiff a waiver for assignment to and employment with its facilities.

**ANSWER:**

Paragraph 170 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Complaint.

**COMPLAINT NO. 171:**

Defendants' policy or practice of denying employment opportunities based on applicants' criminal histories has a disparate impact on African Americans and discriminated against Plaintiff, as an African American individual.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 171 of the Complaint.

**COMPLAINT NO. 172:**

Specifically, Defendants' use of background screening grading criteria to set and use a background screen grade has a disparate impact on African Americans and discriminated against Plaintiff as an African American individual.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 172 of the Complaint.

313993748v.4

**COMPLAINT NO. 173:**

Defendant JCL, pursuant to the DISA and NABSC Programs, denied Plaintiff employment and assignment to Air Products solely because of her prior conviction, as identified and graded "05" by DISA.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint to the extent they pertain to DISA.

**COMPLAINT NO. 174:**

Defendants did not conduct an individualized assessment of Plaintiff in denying her employment solely based on her conviction.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 174 of the Complaint. DISA specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 175:**

Defendants did not consider mitigating or rehabilitative evidence or the nature of the job for which Plaintiff applied.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 175 of the Complaint. DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint. DISA specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

313993748v.4

**COMPLAINT NO. 176:**

Furthermore, Plaintiff has already been subjected to a background check process by the U.S. Department of Homeland Security in obtaining her TWIC card and renewals.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint.

**COMPLAINT NO. 177:**

According to the 2020 U.S. Census, African Americans make up 5.7% of the California's total population.

**ANSWER:**

DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint.

**COMPLAINT NO. 178:**

According to the arrest disposition data reported by law enforcement agencies and compiled by the California Department of Justice between 1980 and 2023, African Americans make up between 15% (sex offense) and 23% (violent and property offense) of those arrested and charged in California. As such, Defendants' background screening criteria that relies only on the offense type without taking into account any mitigating or rehabilitative evidence and without considering the nature of the job, necessarily result in a disparate impact on African Americans and on Plaintiff.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 178 of the Complaint.

**COMPLAINT NO. 179:**

State or national-level statistics on conviction records that show a substantial disparity based on any characteristic protected by the FEHA are presumptively sufficient to establish an adverse impact.

313993748v.4

**ANSWER:**

The allegations in Paragraph 179 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 179 of the Complaint that are inconsistent with the cited statute and purported authority. DISA denies any remaining allegations in Paragraph 179 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 180:**

Defendants' disqualification of applicants based solely on a prior conviction is neither job-related nor consistent with business necessity.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 180 of the Complaint because it is based on the erroneous presumption that DISA makes or is responsible for employment decisions. DISA denies any remaining allegations in Paragraph 180 of the Complaint to the extent they pertain to DISA. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180 of the Complaint. DISA specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 181:**

Less discriminatory alternatives, such as the existing requirement for a TWIC card, exist to achieve any alleged business necessity.

**ANSWER:**

DISA denies that it engages in any discriminatory conduct whatsoever. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181 of the Complaint.

74

**COMPLAINT NO. 182:**

As a proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury.

**ANSWER:**

DISA denies the allegations in Paragraph 182 of the Complaint.

**COMPLAINT NO. 183:**

Plaintiff is entitled to compensatory damages, emotional distress damages, injunctive and declaratory relief, and her reasonable attorneys' fees and costs of suit.

**ANSWER:**

DISA denies the allegations in Paragraph 183 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Aiding and Abetting Noncompliance**
**in Violation of the California Fair Employment and Housing Acts**
**as amended, California Government Code & 12940, et seq.**
**Against Defendants DISA, Air Products, and Phillips 66, NABSC, and HASC**

**COMPLAINT NO. 184:**

Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

DISA restates its answers to Paragraphs 1 through 183 as its answer to Paragraph 184 of the Complaint.

**COMPLAINT NO. 185:**

Subsection (i) of Government Code section 12940 makes it unlawful for "any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or to attempt to do so."

**ANSWER:**

The allegations in Paragraph 185 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

185 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 185 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 186:**

Paragraph (d) of Government Code section 12925 defines "person" as "one or more individuals, partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries."

**ANSWER:**

The allegations in Paragraph 186 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 186 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 186 of the Complaint and specifically denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 187:**

All Defendants meet the definition of "person" for the purposes of this action.

**ANSWER:**

DISA admits the allegations in Paragraph 187 of the Complaint.

**COMPLAINT NO. 188:**

Upon information and belief, Defendants all adopted a background screening policy (the "Programs") that prevents participating Contractor Employers and Owners from complying with the requirements of Government Code sections 12940 and 12952, chapters within the FEHA.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 188 of the Complaint.

313993748v.4

**COMPLAINT NO. 189:**

Defendants DISA, NABSC, and HASC also require that all Contractor Employers and Owners use an approved Consortium TPA to conduct a background check using their background screening search and grading criteria as a condition of joining their respective consortium. The Consortium TPAs must be approved by the Program Custodian, Defendant HASC, and the Consortium Steering Committee.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint.

**COMPLAINT NO. 190:**

On information and belief, Defendants Air Products and Phillips 66 designated a maximum background screen grade for the Consortium TPA to apply to determine which Contractor Employees are eligible to access their sites. The background screen grade is based solely on conviction history and thereby prevents Consortium TPAs from conducting any individualized assessment of an applicant.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA admits that it prepares consumer reports that may apply a grade, consistent with consortium guidelines. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190 of the Complaint.

**COMPLAINT NO. 191:**

By requiring Contractor Employers and Owners to use a background screening policy that violates Government Code section 12952 and has a racially disparate impact on African American applicants, in violation of Government Code section 12940, Defendants DISA NABSC, and HASC aided, abetted, incited, compelled, and coerced the Contractor Employers and Owners into violating the Fair Chance Act and the FEHA.

313993748v.4

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 191 of the Complaint, and specifically denies that it violated FEHA, the Fair Chance Act, or any other law. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191 of the Complaint.

**COMPLAINT NO. 192:**

By setting a background screen grade for Consortium TPAs to apply to Contractor Employees, Defendants Air Products and Phillips 66 aided, abetted, incited, compelled, and coerced Consortium TPAs into violating the Fair Chance Act and the FEHA.

**ANSWER:**

The allegations in Paragraph 192 of the Complaint are not directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint.

**COMPLAINT NO. 193:**

As a direct and proximate result of Defendants' violation, Plaintiff suffered substantial losses in earnings and employment benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, in an amount to be proven at trial.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 193 of the Complaint.

**COMPLAINT NO. 194:**

Defendants' aiding and abetting of repeated and numerous violations of the FEHA (including the Fair Chance Act) entitles Plaintiff to actual damages, including but not limited to past and future lost earnings, out of pocket expenses, damages for emotional

78

distress, punitive damages, and attorneys' fees and costs, to be determined at trial.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 194 of the Complaint.

### FIFTH CAUSE OF ACTION
### Violation of the California Investigative Consumer Reporting Agencies Act,
### Cal Civ. Code & 1786.12
### Against Defendants DISA, NABSC, and HASC

**COMPLAINT NO. 195:**

Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

DISA restates its answers to Paragraphs 1 through 194 as its answer to Paragraph 195 of the Complaint.

**COMPLAINT NO. 196:**

Section 1786.12 prohibits investigative consumer reporting agencies from furnishing an investigative consumer report except in specified circumstances and mandates that investigative consumer reporting agencies obtain certifications from the person procuring or causing the report to be made, as required under Civil Code section 1786.16(a)(4).

**ANSWER:**

The allegations in Paragraph 196 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 196 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 196 of the Complaint and specifically denies that it violated the ICRAA or any other law.

313993748v.4

**COMPLAINT NO. 197:**

Defendant DISA is an investigative consumer reporting agency pursuant to Civil Code section 1786.2(d).

**ANSWER:**

DISA admits it performs services as an investigative consumer reporting agency, as that phrase is defined in the ICRAA, and as limited to those services only. DISA denies any remaining allegations in Paragraph 197 of the Complaint.

**COMPLAINT NO. 198:**

Defendant NABSC is an investigative consumer reporting agency pursuant to Civil Code section 1786.2(d).

**ANSWER:**

Paragraph 198 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Complaint.

**COMPLAINT NO. 199:**

Defendant HASC is an investigative consumer reporting agency pursuant to Civil Code section 1786.2(d).

**ANSWER:**

Paragraph 199 of the Complaint does not include allegations directed toward DISA and, therefore, no answer from DISA is required. To the extent an answer is required, DISA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Complaint.

**COMPLAINT NO. 200:**

Plaintiff's background screen grade and background screen status are each a consumer report and information on Plaintiff's character, general reputation, and personal characteristics. As such, they are each Plaintiff's investigative consumer report pursuant

313993748v.4

to Civil Code section 1786.2(c).

**ANSWER:**

The allegations in Paragraph 200 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 200 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 200 of the Complaint and specifically denies that it violated the ICRAA or any other law.

**COMPLAINT NO. 201:**

On December 31, 2019, in a form titled "DISA Background Screening Consent Form NABSC and Reciprocal Consortiums," Defendant DISA purported to obtain Plaintiff's authorization to "make available [Plaintiff's] subsequent background screen grade to the NABSC Program Lookup Application or any other Owner participating in a DISA Background Screening Consortium for the purpose of determining [Plaintiff's] eligibility for access to Owner's facilities."

**ANSWER:**

DISA states that the referenced records are the best evidence of their contents and denies any allegations in Paragraph 201 of the Complaint that are inconsistent with the contents of the referenced records. DISA denies any remaining allegations in Paragraph 201 of the Complaint.

**COMPLAINT NO. 202:**

On information and belief, Defendant DISA entered Plaintiff's background screen grade into the DISAWorks (maintained by Defendant DISA) and NABSC and/or HASC's Program Lookup Application (maintained by Defendant NABSC and/or HASC) databases.

**ANSWER:**

DISA admits that DISAWorks is utilized in conjunction with background screen

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

grades and maintained by DISA; however denied that anyone other than JCL reviewed
Plaintiff's information. DISA lacks knowledge or information sufficient to form a belief
as to the truth of the remaining allegations in Paragraph 202 of the Complaint.

**COMPLAINT NO. 203:**

On information and belief, Defendants DISA, NABSC, and HASC furnished
Plaintiff's background screen grade to entities other than Defendant JCL in the past two
years through DISAWorks and NABSC Program Lookup Applications, respectively.

**ANSWER:**

DISA denies the allegations in Paragraph 203 of the Complaint.

**COMPLAINT NO. 204:**

On information and belief, Defendants DISA, NAB SC, and HASC also furnished
Plaintiff background screen status of "inactive" to entities other than Defendant JCL in
the past two years through DISAWorks and NABSC Program Lookup Applications,
respectively.

**ANSWER:**

DISA denies the allegations in Paragraph 204 of the Complaint.

**COMPLAINT NO. 205:**

On information and belief, Defendants DISA, NABSC, and HASC also did not
obtain the certification required under Civil Code section 1786.16(a)(4) from any entities
other than Defendant JCL before furnishing Plaintiff's background screen grade and
background screen status to them in the past two years in violation of Civil Code section
1786.12(e).

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies that it
violated Civil Code section 1786.16(a)(4) or 1786.12(e) and denies the allegations in
Paragraph 205 of the Complaint.

**COMPLAINT NO. 206:**

The purpose of determining one's eligibility for access to facilities is not a permissible purpose under section 1786.12 of the Civil Code.

**ANSWER:**

The allegations in Paragraph 206 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 206 of the Complaint that are inconsistent with the cited statute. DISA denies any remaining allegations in Paragraph 206 of the Complaint and specifically denies that it violated the ICRAA or any other law.

**COMPLAINT NO. 207:**

Defendants DISA, NABSC, and HASC did not have any permissible purpose to share Plaintiff's background screen grade or background screen status to any entity other than Defendant JCL in the past two years.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 207 of the Complaint. DISA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207 of the Complaint. Stating further, DISA did not share any information about Plaintiff to anyone other than JCL.

**COMPLAINT NO. 208:**

Defendants DISA, NABSC, and HASC's unlawful furnishing of Plaintiff's background screen grade and background screen status caused her to lose valuable employment opportunities, and she suffered damages as a result.

**ANSWER:**

With respect to those allegations directed toward DISA, DISA denies the allegations in Paragraph 208 of the Complaint. DISA lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208 of the Complaint.

**COMPLAINT NO. 209:**

Defendant DISA's violation of Section 1786.12 of the Civil Code was grossly negligent and entitles Plaintiff to seek punitive damages under Section 1786.50 of the Civil Code.

**ANSWER:**

DISA denies the allegations in Paragraph 209 of the Complaint.

### SIXTH CAUSE OF ACTION
### Violation of the California Investigative Consumer Reporting Agencies Act, Cal Civ. Code § 1786.18(a)(7)
### Against Defendant DISA

**COMPLAINT NO. 210:**

Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

DISA restates its answers to Paragraphs 1 through 209 as its answer to Paragraph 210 of the Complaint.

**COMPLAINT NO. 211:**

Section 1786.18(a)(7) of the Civil Code prohibits investigative consumer reporting agencies from furnishing an investigative consumer report containing records of conviction of a crime that, from the date of disposition, release, or parole, antedate the report by more than seven years.

**ANSWER:**

The allegations in Paragraph 211 of the Complaint consist entirely of legal conclusions and characterizations of the cited statute and, therefore, no answer is required. To the extent an answer is required, DISA denies any allegations in Paragraph 211 of the Complaint that are inconsistent with the cited statute. DISA denies any

remaining allegations in Paragraph 211 of the Complaint and specifically denies that it violated the ICRAA or any other law.

**COMPLAINT NO. 212:**

Pursuant to Section 1786.2(d) of the Civil Code, Defendant DISA is an investigative consumer reporting agency.

**ANSWER:**

DISA admits that it provides services as an investigative consumer reporting agency, as that phrase is defined in the ICRAA, and as limited to those services only. DISA denies any remaining allegations in Paragraph 212 of the Complaint.

**COMPLAINT NO. 213:**

In 2020, Defendant DISA included Plaintiff's 1993 conviction in an investigative consumer report on her, noting in part that she was re-sentenced to 60 months confinement in 2017.

**ANSWER:**

DISA states that the referenced report is the best evidence of its contents and denies any allegations in Paragraph 213 of the Complaint that are inconsistent with the referenced report. DISA denies any remaining allegations in Paragraph 213 of the Complaint, and specifically denies that it violated the ICRAA and denies that it reported antedated information.

**COMPLAINT NO. 214:**

Defendant DISA violated Section 1786.18(a)(7) of the Civil Code by reporting Plaintiff's conviction when the disposition date antedated the report by nearly 27 years and the release date by nearly 22 years. Therefore, DISA was legally required to find that Plaintiff should be deemed released from prison in 1998 and that her release date antedates the report by more than seven years.

**ANSWER:**

DISA denies the allegations in Paragraph 214 of the Complaint.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

**COMPLAINT NO. 215:**

Any reasonable person would have realized that Plaintiff's retroactive release date is 1997, nearly 23 years before the date Defendant DISA reported her conviction.

**ANSWER:**

DISA denies the allegations in Paragraph 215 of the Complaint.

**COMPLAINT NO. 216:**

Under Section 1786.50 of the Civil Code, Defendant DISA is liable to Plaintiff for actual damages or $10,000, whichever is greater, in addition to costs and attorneys' fees.

**ANSWER:**

DISA denies the allegations in Paragraph 216 of the Complaint.

**COMPLAINT NO. 217:**

DISA's reporting of Plaintiff's obsolete record of conviction caused her to lose valuable employment opportunities, and she suffered damages as a result.

**ANSWER:**

DISA denies the allegations in Paragraph 217 of the Complaint.

**COMPLAINT NO. 218:**

On information and belief, Defendant DISA has no procedure or policy in place to do the simple calculation on retroactive release dates following a resentencing order, in reckless disregard of any potential harm that reporting of obsolete conviction information would have on individuals such as Plaintiff.

**ANSWER:**

DISA denies the allegations in Paragraph 218 of the Complaint.

**COMPLAINT NO. 219:**

Defendant DISA's violation of Section 1786.18 of the Civil Code was grossly negligent and entitles Plaintiff to seek punitive damages under Section 1786.50(b) of the Civil Code.

313993748v.4

**ANSWER:**

DISA denies the allegations in Paragraph 219 of the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

**COMPLAINT NO. 220:**

With regard to the first, second, third, and fourth causes of action:

a.    For an order against all Defendants, finding and declaring that the consortium background screening policy of assigning a background screen grade based only on an individual's criminal history, without considering the nature and age of the conviction or the nature of the job violates Sections 12940 and 12952 of the Government Code;

b.    For an order preliminarily and permanently enjoining Defendants JCL, Air Products, and Phillips 66 from accessing or using a background screen grade assigned by DISA and/or obtained from NABSC, and/or HASC until and unless assignment of the said grade takes into account the nature and gravity of the offense or conduct, the time that has passed since the offense or conduct, the nature of the job held or sought, and other mitigating and rehabilitative factors;

c.    For an order preliminarily and permanently enjoining Defendants DISA, NABSC, and/or HASC from assigning a background screen grade based only on an individual's criminal history, without considering the nature and age of the conviction and the nature of the job, and specifically enjoining Defendants from continuing to use the score of "05" for Plaintiff;

d.    For compensatory and/or nominal damages according to proof, including past and future lost compensation and benefits;

**ANSWER:**

DISA denies that Plaintiff is entitled to any of the relief requested in the Complaint

87

313993748v.4

as to DISA, and further denies that Plaintiff is entitled to any relief whatsoever from DISA. DISA specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 221:**

With regard to the fifth cause of action:

    a.      For an order preliminarily and permanently enjoining Defendant DISA, NABSC, and/or HASC from furnishing Plaintiff's background screen grade and background screen status to any entity other than the Contractor Employer who has specifically obtained her authorization with a permissible purpose with regard to the employment;

    b.      For statutory, compensatory, and/or punitive damages according to proof, including past and future lost compensation and benefits;

**ANSWER:**

DISA denies that Plaintiff is entitled to any of the relief requested in the Complaint as to DISA, and further denies that Plaintiff is entitled to any relief whatsoever from DISA. DISA specifically denies that it conducted any background screen for employment purposes on Plaintiff, denies that DISA was Plaintiff's employer, and denies that it violated the Fair Chance Act, the FEHA, or any other law.

**COMPLAINT NO. 222:**

With regard to the sixth cause of action:

    a.      For statutory, compensatory, and/or punitive damages according to proof, including past and future lost compensation and benefits;

**ANSWER:**

DISA denies that Plaintiff is entitled to any of the relief requested in the Complaint as to DISA, and further denies that Plaintiff is entitled to any relief whatsoever from DISA.

313993748v.4

**COMPLAINT NO. 223:**

With regard to all causes of action:

a.  For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

b.  For injunctive relief directing Defendants to discontinue their unlawful policy and practice of relying on the background screen grade to disqualify applicants from site access and/or employment;

c.  For injunctive relief directing Defendants to discontinue their unlawful policy and practice of relying solely on a prior conviction to disqualify applicants from site access and/or employment;

d.  For injunctive relief directing Defendants to discontinue their unlawful policy and practice of utilizing the background screening search and grading criteria;

e.  For compensatory damages, including lost wages and benefits (both back pay and front pay), emotional distress damages, and punitive damages, in an amount to be proven at trial;

f.  For interest on damages, including pre- and post-judgment interest and an upward adjustment for inflation;

g.  For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

h.  For an award of attorneys' fees and costs; and

i.  Such other relief as the Court may deem just and proper.

**ANSWER:**

DISA denies that Plaintiff is entitled to any of the relief requested in the Complaint as to DISA, and further denies that Plaintiff is entitled to any relief whatsoever from DISA.

DISA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 24-CV-8380

313993748v.4

## SEPARATE AFFIRMATIVE AND ADDITIONAL DEFENSES

DISA hereby asserts the following affirmative and additional defenses to Plaintiff's claims, without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof. DISA further reserves the right to raise other defenses, affirmative or otherwise, that may become evident during discovery and during any other proceeding in this action. DISA also reserves the right to amend and/or delete any affirmative defenses in the event that discovery indicates it may be appropriate to do so.

### FIRST SEPARATE DEFENSE

#### (Failure to Mitigate Damages)

To the extent that Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

### SECOND SEPARATE DEFENSE

#### (No Causation)

Any damages sustained by Plaintiff were not proximately caused by DISA.

### THIRD SEPARATE DEFENSE

#### (Good Faith)

Plaintiff is not entitled to any statutory or punitive damages because DISA made good faith efforts to comply with all applicable laws and its reading of its obligations is objectively reasonable.

### FOURTH SEPARATE DEFENSE

#### (Reasonableness)

DISA followed reasonable procedures to assure maximum possible accuracy in the information concerning Plaintiff in any consumer report relating to her.

### FIFTH SEPARATE DEFENSE

#### (Failure To State Cause Of Action)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, fails to state facts sufficient to constitute a cause of action.

313993748v.4

## SIXTH SEPARATE DEFENSE

### (Statute Of Limitations)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred by the applicable statute of limitations including, but not limited to, California Government Code sections 12960 and 12965; and California Code of Civil Procedure sections 1786.16, 335.1, 337, 338, 339, 340(c), and 343.

## SEVENTH SEPARATE DEFENSE

### (Failure To Exhaust Administrative Remedies)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred to the extent that she has failed to exhaust administrative remedies pursuant to California Government Code sections 12960, 12965 and all other applicable laws.

## EIGHTH SEPARATE DEFENSE

### (Failure To State Claim For Punitive Damages)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against DISA pursuant to California Civil Code section 3294.

## NINTH SEPARATE DEFENSE

### (Lack Of Malice)

Assuming, arguendo, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by DISA. Plaintiff may not recover punitive damages against DISA for the employment decisions of their agent(s) to the extent those decisions were contrary to policies instituted against wrongful conduct including policies and good faith enforcement of rules prohibiting harassment, retaliation and discrimination.

313993748v.4

### TENTH SEPARATE DEFENSE

(*Kolstad* Defense)

Plaintiff may not recover punitive damages against DISA for the employment decisions of their agent(s) to the extent that those decisions were contrary to policies DISA have instituted against wrongful conduct.

### ELEVENTH SEPARATE DEFENSE

(Scope Of Employment)

DISA is not liable for the alleged conduct of its employees to the extent that such conduct was outside the course and scope of its employment.

### TWELFTH SEPARATE DEFENSE

(Legitimate And Nondiscriminatory/Non-Retaliatory Business Reason For Conduct)

The Complaint, and each purported cause of action contained herein, is barred in whole or in part because the alleged conduct about which Plaintiff complains was not based on any actual or perceived disability, or any other protected characteristic, and was not in retaliation for Plaintiff's exercise of any statutory, constitutional, or common law rights, but was based on one or more legitimate, nondiscriminatory and/or non-retaliatory business reasons.

### THIRTEENTH SEPARATE DEFENSE

(Setoff)

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

### FOURTEENTH SEPARATE DEFENSE

(Estoppel)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred in whole or in part by judicial, equitable and/or collateral estoppel.

313993748v.4

### FIFTEENTH SEPARATE DEFENSE

(Waiver)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### SIXTEENTH SEPARATE DEFENSE

(Unclean Hands)

Plaintiff's Complaint, and every cause of action purported to be alleged therein, is barred by the doctrine of unclean hands.

### SEVENTEENTH SEPARATE DEFENSE

(Ratification)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred in whole or in part because any conduct by DISA was ratified, consented to and/or acquiesced in by Plaintiff.

### EIGHTEENTH SEPARATE DEFENSE

(Avoidable Consequences)

If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of DISA, said injury, damage, or loss must be reduced to the extent that she failed to exercise reasonable care to avoid or limit the alleged harm.

### RESERVATION OF RIGHTS

DISA reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, DISA prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice, as to DISA, with all costs taxed against Plaintiff;

(2)    That judgment be entered in favor of DISA and against Plaintiff on all causes of action;

313993748v.4

(3)    That DISA be awarded reasonable attorneys' fees;

(4)    and it be dismissed as a party to this action; and

(5)    it recover such other and additional relief as the Court deems just and appropriate.

DATED: October 22, 2024                    Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Yoon-Woo Nam

Attorneys for Defendant
DISA GLOBAL SOLUTIONS, INC.

94

313993748v.4