Christian Schreiber (SBN 245597)
christian@os-legal.com
Monique Olivier (SBN 190385)
monique@os-legal.com
OLIVIER & SCHREIBER PC
475 14th Street, Suite 250
Oakland, CA 94612
Tel: (415) 484-0980
Fax: (415) 658-7758

Rachel Bien (SBN 315886)
rachel@os-legal.com
Owen Monkemeier (SBN 336476)
owen@os-legal.com
OLIVIER & SCHREIBER PC
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (415) 484-0980

*Attorneys for Plaintiff JANE ROE*

*[Additional Counsel listed on Signature Page]*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE,<br><br>    Plaintiff,<br><br>    v.<br><br>DISA GLOBAL SOLUTIONS, INC; JCL SAFETY SERVICES; AIR PRODUCTS AND CHEMICALS, INC; PHILLIPS 66; NORTH AMERICAN BACKGROUND SCREENING CONSORTIUM; HEALTH AND SAFETY COUNCIL; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 2:24-cv-08380-MCS-PVC<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

1  PLEASE TAKE NOTICE THAT, pursuant to Local Rule 79-5 and the Initial Standing Order for Civil Cases Assigned to the Honorable Mark C. Scarsi ("Standing Order"), Plaintiff Jane Roe ("Plaintiff") will and hereby does move this Court for an order to file under seal her Declaration in support of her Motion to Proceed Pseudonymously (the "Motion"). Plaintiff filed concurrently with this Application a redacted version of her Declaration and an unredacted version of her Declaration provisionally under seal.

Good cause exists for a sealing order. The Declaration falls within the exception to the presumption of public access to judicial records for documents attached to non-dispositive motions because it is not directly relevant to the merits of the case. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Furthermore, the facts included in the Declaration are highly sensitive, personal, and involve the circumstances of Plaintiff's past criminal conviction and the stigma Plaintiff faces as a person with a conviction history. Plaintiff's Motion seeks to preserve her anonymity to protect against the invasion of her privacy and harm and retaliation from third parties. A sealing order is necessary to prevent the public disclosure of Plaintiff's identity while her Motion is pending.

Defendants DISA Global Solutions, Inc., JCL Safety Services, Air Products and Chemicals, Inc., Phillips 66 Company, and Health and Safety Council do not oppose this Application, provided that their non-opposition is without prejudice to their position on Plaintiff's Motion to Proceed Pseudonymously.[1] Declaration of Owen Monkemeier ¶ 8.

Pursuant to L.R. 79-5 and the Standing Order, on October 31, 2024, Plaintiff's counsel e-mailed counsel for all Defendants to inform them of Plaintiff's intent to file this Application, and to request conferences to discuss the bases for the Application. *Id.* ¶ 9. On November 1 and 4, 2024, respectively, Defendants DISA Global Solutions, Inc. and Health and Safety Council informed Plaintiff that they do not oppose this Application. *Id.* ¶¶ 10-11. Plaintiff's counsel convened conferences with counsel for Defendant Air

---

[1] Defendant North American Background Screening Consortium was served a copy of the summons and complaint but has not yet appeared in this action. Declaration of Owen Monkemeier ¶ 15 and Ex. A.

Products and Chemicals, Inc., which took place on November 7, 2024, and with counsel for Defendants JCL Safety Services and Phillips 66 Company, which took place on November 8, 2024. *Id.* ¶¶ 12-14. Following these conferences, these Defendants advised Plaintiff that they do not oppose this Application. *Id.*

This Application is based on this Notice of Application, the accompanying Memorandum of Points and Authorities, the Declaration of Owen Monkemeier, the redacted version of Plaintiff's Declaration, the unredacted version of the same Declaration filed provisionally under seal, and all files and records in this action.

Dated: November 15, 2024                      Respectfully submitted,

                                              OLIVIER & SCHREIBER PC
                                              ROOT & REBOUND
                                              LEGAL AID AT WORK


                                              */s/ Christian Schreiber*
                                              Christian Schreiber (SBN 245597)


                                              *Attorneys for Plaintiff*
                                              JANE ROE

*Additional Counsel for Plaintiff:*

Joshua Kim (SBN 257260)
jkim@rootandrebound.org
Amanda Carlin (SBN 348230)
acarlin@rootandrebound.org
ROOT & REBOUND
1610 Harrison Street, Ste. E-East
Oakland, CA 94612
Tel: (510) 225-6983

Stacy Villalobos (SBN 306710)
svillalobos@legalaidatwork.org

1  Molly Kim Lao (SBN 339621)
2  mlao@legalaidatwork.org
3  LEGAL AID AT WORK
   180 Montgomery Street, Ste. 600
4  San Francisco, CA 94104-4244
5  Tel: (415) 864-8848

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks leave to file under seal her Declaration in support of her Motion to Proceed Pseudonymously in the litigation. Defendants DISA Global Solutions, Inc., JCL Safety Services, Air Products and Chemicals, Inc., Phillips 66 Company, and Health and Safety Council do not oppose this Application, provided that their non-opposition is without prejudice as to their position on Plaintiff's Motion to Proceed Pseudonymously.[2] Declaration of Owen Monkemeier ¶ 8.

Good cause exists for a sealing order. The Declaration falls within the exception to the presumption of public access to judicial records for documents attached to non-dispositive motions because it is not directly relevant to the merits of the case. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Furthermore, the facts included in Plaintiff's Declaration include highly sensitive and personal information involving the circumstances of Plaintiff's past criminal conviction and the stigma Plaintiff faces as a person with a conviction history. Plaintiff's Motion seeks to preserve Plaintiff's anonymity to protect against the invasion of her privacy and harm and retaliation from third parties. The Motion would be moot were Plaintiff not permitted to file her Declaration under seal.

Accordingly, the Court should grant leave to file Plaintiff's Declaration under seal to prevent the public disclosure of Plaintiff's identity while her Motion is pending before the Court.

## II. FACTUAL BACKGROUND

On August 8, 2024, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, under a pseudonym. ECF No. 1-1, Complaint. On

---

[2] Defendant North American Background Screening Consortium ("NABSC") was served a copy of the summons and complaint but has not yet appeared in this action. Declaration of Owen Monkemeier ¶ 15 and Ex. A.

September 30, 2024, Defendant Phillips 66 Company removed the action to this Court.[3] ECF No. 1, Notice of Removal. Plaintiff now brings a Motion to Proceed Pseudonymously in the litigation to preserve her privacy and prevent disclosure of highly sensitive and personal information related to Plaintiff's past criminal conviction and the stigma she faces as a person with a conviction history. In support of her Motion, Plaintiff filed provisionally under seal an unredacted version of her Declaration.

### III.    ARGUMENT

The Ninth Circuit has "carved out an exception to the presumption of access" to judicial records for documents attached to non-dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Motion here is not directly relevant to the merits of the case, rebutting the usual presumption of the public's right of access. Accordingly, Plaintiff need only show good cause for sealing her Declaration in support of the Motion. *Id.* at 1180 (good cause showing sufficient to warrant preserving secrecy of material attached to non-dispositive motions).

Good cause exists here. The purpose of the Motion is to preserve Plaintiff's anonymity in the litigation. Declaration of Owen Monkemeier ("Monkemeier Decl.") ¶ 5. The Motion would be moot were Plaintiff required to publicly disclose her name in her supporting Declaration. *Id*. The Court, however, must know Plaintiff's identity. *Doe v. U.S. Dep't of Homeland Sec.*, 2024 WL 466825, at *1 (C.D. Cal. Jan. 12, 2024) ("although a plaintiff may proceed under a pseudonym so that his identity is not known to the public, his identity must be known by the Court"). Recognizing this quandary, district courts in the Ninth Circuit routinely grant leave to file documents under seal that disclose the identity of a party seeking anonymity pending resolution of similar motions. *See, e.g., id.* ("[A] plaintiff who files a complaint under a pseudonym, must also file a declaration or affidavit disclosing his name, which may be filed under seal with leave of the Court."); *Doe v. United States*, 2020 WL 7388095, at *1 (E.D. Cal. Dec. 16, 2020) ("Plaintiff's

---

[3] Defendants Air Products and Chemicals, Inc., JCL Safety Services, and DISA Global Solutions, Inc. joined in the Notice of Removal filed by Defendant Phillips 66 Company. ECF Nos. 5, 7, 10.

request to file notice of his identity under seal was granted pending resolution of the current motion [to file pseudonymous proceedings]."); *Balance Studio, Inc. v. Cybernet Ent.*, LLC, 204 F. Supp. 3d 1098, 1101 (N.D. Cal. 2016) (counter-defendant filed declaration disclosing her name under seal in support of her motion to proceed pseudonymously).

Furthermore, the facts included in Plaintiff's Declaration include highly sensitive and personal information that warrants protection. Those facts include the circumstances of Plaintiff's decades-old criminal conviction under a now-unconstitutional statute, the Court's 2017 Order vacating Plaintiff's sentence, the Court's resentencing decision, and the stigma Plaintiff faces as a person with a conviction history. Monkemeier Decl. ¶ 5. The harm threatened by the public disclosure of Plaintiff's identity in connection with these sensitive facts—the invasion of her privacy and discriminatory harm and retaliation from prospective employers and others—is the same harm that Plaintiff seeks to avoid by bringing her Motion to protect her anonymity in the litigation. *Id.* Accordingly, the Court should permit Plaintiff to file under seal her Declaration in support of her Motion to avoid prematurely disclosing her name to the public while the Motion is pending.

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court grant her Application to File Documents Under Seal.

Dated: November 15, 2024

Respectfully Submitted,

OLIVIER & SCHREIBER PC
ROOT & REBOUND
LEGAL AID AT WORK

*/s/ Christian Schreiber*
Christian Schreiber (SBN 245597)

*Attorneys for Plaintiff*
JANE ROE

*Additional Counsel for Plaintiff:*

Joshua Kim (SBN 257260)
jkim@rootandrebound.org
Amanda Carlin (SBN 348230)
acarlin@rootandrebound.org
ROOT & REBOUND
1610 Harrison Street, Ste. E-East
Oakland, CA 94612
Tel: (510) 225-6983

Stacy Villalobos (SBN 306710)
svillalobos@legalaidatwork.org
Molly Kim Lao (SBN 339621)
mlao@legalaidatwork.org
LEGAL AID AT WORK
180 Montgomery Street, Ste. 600
San Francisco, CA 94104-4244
Tel: (415) 864-8848

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
CASE NO. 2:24-CV-08380-MCS-PVC