Christian Schreiber (SBN 245597)
christian@os-legal.com
Monique Olivier (SBN 190385)
monique@os-legal.com
OLIVIER & SCHREIBER PC
475 14th Street, Suite 250
Oakland, CA 94612
Tel: (415) 484-0980
Fax: (415) 658-7758

Rachel Bien (SBN 315886)
rachel@os-legal.com
Owen Monkemeier (SBN 336476)
owen@os-legal.com
OLIVIER & SCHREIBER PC
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel: (415) 484-0980

*Attorneys for Plaintiff JANE ROE*

*[Additional Counsel listed on Signature Page]*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISA GLOBAL SOLUTIONS, INC; JCL SAFETY SERVICES; AIR PRODUCTS AND CHEMICALS, INC; PHILLIPS 66; NORTH AMERICAN BACKGROUND SCREENING CONSORTIUM; HEALTH AND SAFETY COUNCIL; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: 2:24-cv-08380-MCS-PVC<br>*Assigned to Judge Mark C. Scarsi;*<br>*Referred to Magistrate Judge Pedro V. Castillo*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>**Date:** December 16, 2024<br>**Time:** 9:00 a.m.<br>**Courtroom:** 7C<br><br>**Complaint Filed:** August 8, 2024<br>**Notice of Removal:** September 30, 2024 |

## I. INTRODUCTION

Plaintiff brings this Motion to Proceed Pseudonymously (the "Motion") to protect her anonymity throughout this litigation.

The Ninth Circuit permits Plaintiff to proceed pseudonymously if her need for anonymity outweighs the prejudice to Defendants and the public's interest in knowing her identity. *Does 1 Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The sensitive facts of the litigation support the need for Plaintiff's anonymity. Plaintiff is a well-qualified, African American job applicant who alleges she was denied employment due to Defendants' racially discriminatory background screening program. She alleges that Defendants' program unlawfully labeled her as ineligible for employment based solely on a decades-old, vacated criminal conviction that should not have been disclosed. Plaintiff seeks to vindicate her rights and challenge Defendants' unlawful background screening program, but reasonably fears incurring the same harm again—intrusion on her privacy and retaliation from prospective employers—if her identity is disclosed in the litigation.

Plaintiff's interest in remaining anonymous outweighs any potential interest that Defendants or the public have in proceeding publicly. Defendants will not suffer any prejudice because they already know Plaintiff's identity and will be able to develop their case accordingly. The public does not have a reasonable interest in Plaintiff proceeding publicly because the legal issues in this case concern Defendants' background screening policies and practices for job applicants—not Plaintiff's individual conduct or veracity. In fact, the public's interest would be served by permitting Plaintiff to remain anonymous so that she can remedy Defendants' allegedly unlawful program and serve as an example to others who wish to redress similar wrongs.

For these reasons, the Court should grant the Motion and permit Plaintiff to proceed in this litigation under a pseudonym.

## II. FACTUAL ALLEGATIONS

Plaintiff is a well-qualified, African American job candidate who applied in 2019

and 2020 for positions at oil refinery sites in California with Defendants JCL Safety Services, Air Products and Chemicals, Inc., and Phillips 66 Company. ECF No. 1-1, Complaint ("Compl.") ¶¶ 86, 88, 100; Declaration of Plaintiff ("Pl.'s Decl.") ¶¶ 4-6. At the time Plaintiff applied, she had undergone numerous trainings, received various certifications, and had previous experience performing the relevant job duties of the positions in question. Compl. ¶¶ 76, 78; Pl.'s Decl. ¶ 6. Plaintiff also possessed a valid Transportation Worker Identification Credential, which she obtained after passing a rigorous threat assessment background check by the U.S. Department of Homeland Security. Compl. ¶ 77; Pl.'s Decl. ¶ 7. Despite Plaintiff's qualifications, she was denied employment after she underwent Defendants' background screening program. Compl. ¶¶ 79-80, 83, 90-96, 101-102. Defendants' program bars applicants from employment based solely on their conviction histories—without the individualized assessment required under California law. Compl. ¶¶ 2-8, 40-41, 47-48, 78, 83, 126-133, 160-161, 173-174, 190.

The facts related to Plaintiff's past conviction are highly sensitive and personal. In 1993, Plaintiff was convicted of conspiracy to commit armed bank robbery for tampering with an ATM and was sentenced to serve approximately 26.5 years in prison. Compl. ¶ 73; Pl.'s Decl. ¶ 9. In 2017, after serving approximately 25 years, this Court ruled that the statute under which Plaintiff was convicted was unconstitutional, vacated her conviction and sentence, and resentenced her to 60 months. Compl. ¶ 74; Pl.'s Decl. ¶ 10. Because Plaintiff had already been in prison for approximately 25 years—far more than the 60 months of her resentencing—she was released from prison in 2017. Compl. ¶¶ 74-75; Pl.'s Decl. ¶¶ 10-11.

When Plaintiff was screened through Defendants' program, she was assigned a grade based solely on her vacated 1993 conviction. Compl. ¶ 79. As a result of her grade, the databases administered by Defendants DISA Global Solutions, Inc., North American Background Screening Consortium, and Health and Safety Council showed Plaintiff's status as "inactive" to prospective employers, and she lost employment opportunities. Compl. ¶ 80, 83. The grading system failed to consider the decades that had passed since

her conviction and ignored any mitigating or rehabilitative evidence, including that her conviction was vacated. Compl. ¶¶ 106-110, 130-133. Defendants' program operates as a blanket ban that indiscriminately excludes Plaintiff and other workers from jobs for which they are well-qualified based solely on conviction history. Compl. ¶ 7. Further, because of the racial disparities that pervade the U.S. and California criminal legal systems, Defendants' program unlawfully discriminates against African Americans. Compl. ¶¶ 8, 111-117.

On August 8, 2024, Plaintiff filed this action in Los Angeles Superior Court to challenge Defendants' background screening program under the California Fair Employment and Housing Act, the California Fair Chance Act, and the California Investigative Consumer Reporting Agencies Act. ECF No. 1-1, Complaint. Plaintiff seeks the cessation of Defendants' unlawful program, but reasonably fears that publicly disclosing her past criminal conviction will result in intrusions on her privacy, and retaliation from future employers and other third parties. Compl. ¶ 23; Pl.'s Decl. ¶¶ 8-12. A substantial number of employers associate criminal records with a range of undesirable characteristics,[1] and people with conviction histories face significant stigma. Compl. ¶ 24; Pl.'s Decl. ¶ 13. On top of this, Plaintiff also reasonably fears that her assertion of her rights in a lawsuit will exacerbate the stigma that she already faces and make it even harder to obtain future employment. Compl. ¶ 25; Pl.'s Decl. ¶ 19. Accordingly, Plaintiff filed her Complaint under the pseudonym "Jane Roe." *See generally*, Compl.

On September 30, 2024, Defendant Phillips 66 Company removed the action to this Court.[2] ECF No. 1, Notice of Removal. Plaintiff now moves this Court to proceed pseudonymously in the litigation for the reasons explained below. Plaintiff does not seek to maintain anonymity from Defendants, but only from public records associated with this case. Compl. ¶ 26; Pl.'s Decl. ¶ 21.

---

[1] Naomi. F. Sugie, Noah D. Zatz & Dallas Augustine, Employer Aversion to Criminal Records: An Experimental Study of Mechanisms, Criminology 58(1) (2020) pp. 5-34.
[2] Defendants Air Products and Chemicals, Inc., JCL Safety Services, and DISA Global Solutions, Inc. joined in the Notice of Removal filed by Defendant Phillips 66 Company. ECF Nos. 5, 7, 10.

## III. LEGAL STANDARD

It is well-established in the Ninth Circuit that plaintiffs may preserve their anonymity "when the party's need for anonymity outweighs prejudice" to the defendant and "the public's interest in knowing" their identity. *Does 1 Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In assessing this balancing test, courts consider five factors: (1) "the severity of the threatened harm," (2) "the reasonableness of the anonymous party's fears," (3) "the anonymous party's vulnerability to such retaliation," (4) prejudice to the opposing party, and (5) the public interest. *Id.* Plaintiff may proceed in litigation under a pseudonym if necessary for protection from "harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68. In assessing this, courts do not analyze "the actual degree of professional harm (or personal embarrassment)." *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 3487124, at *2 (N.D. Cal. Aug. 9, 2021). Rather, they "focus on whether a reasonable person would view the threat as credible." *Id.* (describing how, in *Advanced Textile*, the Ninth Circuit "found credible" an "unquestionably far-fetched threat"). It is within the Court's discretion whether to grant the Motion. *See Doe v. Clark Cnty. Sch. Dist.*, 2016 WL 4432683, at *15 (D. Nev. Aug. 18, 2016).

## IV. ARGUMENT

### A. Plaintiff Would Be Harmed If She Was Required to Disclose Her Identity.

The first three factors in the balancing test, when considered together, weigh in favor of Plaintiff proceeding pseudonymously. First, the threatened harm goes directly to the state constitutional right to privacy, which includes privacy of criminal records.[3] Cal. Const. art. 1, § 1; *Westbrook v. Cnty. of Los Angeles*, 27 Cal. App. 4th 157, 165-66 (1994). Plaintiff's privacy interest here is bolstered by the fact that this Court in 2017 ruled the

---

[3] The United States Supreme Court has also acknowledged that people have a legitimate privacy interest in the events summarized in criminal "rap sheets," which includes criminal convictions, even if those documents have previously been disclosed to the public. *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 762-64 (1989).

statute used to convict Plaintiff unconstitutional and vacated her conviction and sentence. Compl. ¶ 74; Pl.'s Decl. ¶ 10. Under Plaintiff's resentencing, her conviction should not have been furnished in a consumer report through Defendants' background screening program because her conviction and release antedated the report by more than 7 years. Compl. ¶¶ 210-219; Pl.'s Decl. ¶ 18. Plaintiff brings this action specifically to challenge the unlawful disclosure and use of information about her past criminal conviction. This injury would be doubly incurred if Plaintiff was required to disclose her identity in order to seek redress.

Second, Plaintiff has a reasonable fear of harm and retaliation should her name become public. People with conviction histories face significant stigma that hinders their reintegration into society after their sentence is served. The Complaint includes highly sensitive and personal facts related to Plaintiff's criminal record necessary to establish standing. Plaintiff reasonably fears that if her identity was connected with this case, she would face discrimination in various aspects of her life, including employment, housing, and social relationships. Pl.'s Decl. ¶ 20. Plaintiff has personally experienced the stigma associated with criminal convictions on various occasions. Pl.'s Decl. ¶¶ 14, 20. She has experienced harassment, ridicule and embarrassment from employers and other third parties, and fears she will again experience harassment, ridicule, or embarrassment if her identity is disclosed. Pl.'s Decl. ¶¶ 14-16. Plaintiff also reasonably fears that prospective employers will retaliate against her based on her criminal record or for asserting her rights in this case. Pl.'s Decl. ¶¶ 17-19; *see also SEB*, 2021 WL 3487124, at *2 (finding that whistleblowers could "reasonably claim that current and future employers could learn about their prior whistleblowing . . . [and] could plausibly fire [them] or hire others due to this publicity").

Third, the facts that led to this action demonstrate that Plaintiff is vulnerable to harm and retaliation if her identity is disclosed in the litigation. Despite her qualifications, Plaintiff was denied employment after Defendants' background screening program automatically assigned a disqualifying grade based solely on a vacated conviction from

three decades ago. The conviction alone does not make Plaintiff a threat, but the stigma associated with it, manifest in Defendants' program, has already cost her employment opportunities. Plaintiff is vulnerable to the same kind of discrimination in various aspects of her life if her identity becomes public in this litigation.

### B.    Defendants Will Not Be Prejudiced If Plaintiff Proceeds Anonymously.

With respect to the fourth factor, Defendants would not be prejudiced by Plaintiff proceeding pseudonymously for at least two reasons. First, Defendants can adequately proceed at this early stage because they know Plaintiff's identity and can respond to the Complaint. *Advanced Textile*, 214 F.3d at 1073. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* at 1068. Additionally, the Complaint identifies all relevant facts about Plaintiff that bear on her claims, including the facts surrounding her application, her qualifications, her subjection to Defendants' background screening program, and her denial of employment. *See* Compl. ¶¶ 73-110.

Second, Plaintiff's allegations relate not only to her own individual experience, but to Defendants' background screening policies and practices that apply to applicants generally. As a result, Plaintiff's "anonymity need not, and should not, impede [Defendants'] ability to develop [their] case." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015); *see also Advanced Textile*, 214 F.3d at 1069 n.11 (highlighting that "whatever knowledge defendants have of plaintiffs' identities only lessens their claims to be prejudiced").

### C.    The Public Would Benefit from Plaintiff Proceeding Pseudonymously.

Finally, the fifth factor likewise weighs in Plaintiff's favor because the public's interest is aligned with Plaintiff's individual privacy interest. Here, the public's interest centers on the nature of Defendants' discriminatory background screening program and policies. *See generally* Compl. That interest may be adequately vindicated without public disclosure of Plaintiff's identity. *See, e.g.*, *Doe v. Law Offices of Winn & Sims*, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) (granting plaintiff's request to redact his name

from the record because "the public's interest in this case primarily centers around the underlying nature of the action . . . not Plaintiff's identity"). Indeed, the public has only minimal interest in Plaintiff's identity because it will not be implicated by "resolution of the issues in this action." *See Ms. R.H. v. United States*, 2023 WL 7563749, at *2 (N.D. Cal. Nov. 14, 2023) (finding that the public had a minimal interest in knowing a mother and her children's identities when they sued the United States for its border separation policies); *see also Advanced Textile*, 214 F.3d at 1072 & n.15 (noting that obscuring plaintiffs' identities would not "obstruct public scrutiny of the important issues in this case" regarding alleged wage and hour violations and that the "public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*").

Additionally, Plaintiff seeks here to vindicate rights based particularly on her status as an individual with a criminal record.[4] Under these circumstances, the public "has an interest in seeing this case decided on the merits" by permitting Plaintiff to remain anonymous. *See Advanced Textile*, 214 F.3d at 1073. The Court should grant Plaintiff's Motion to avoid a chilling effect on others who wish to hold employers, their agents, and consumer reporting agencies responsible for wrongful disclosure and use of criminal histories. *See, e.g.*, *Doe v. Priority Background Solutions, Inc.*, 2024 WL 4564534, at *2 (N.D. Okla. Oct. 24, 2024).

## V.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and permit her to proceed pseudonymously as Jane Roe throughout this litigation. In addition, Plaintiff requests that the Court order Defendants not to publicly disclose Plaintiff's identity and to use only the pseudonym Jane Roe in all filings in this action.

Dated: November 15, 2024                                     Respectfully Submitted,

---

[4] One California state court has indicated that, in this context, anonymous suit may be appropriate to protect legitimate privacy rights and combat the stigma that results in a potential plaintiff's reluctance to publicize a past conviction via civil suit. *See Starbucks Corp. v. Superior Ct.*, 168 Cal. App. 4th 1436, 1452 (2008).

|   |   |
|---|---|
| 1 | |
| 2 | OLIVIER & SCHREIBER PC |
| 3 | ROOT & REBOUND |
|   | LEGAL AID AT WORK |
| 4 | |
| 5 | */s/ Christian Schreiber* |
|   | Christian Schreiber (SBN 245597) |
| 6 | |
| 7 | *Attorneys for Plaintiff* |
|   | JANE ROE |
| 8 | |

9  *Additional Counsel for Plaintiff*:

10

11 Joshua Kim (SBN 257260)
jkim@rootandrebound.org

12 Amanda Carlin (SBN 348230)

13 acarlin@rootandrebound.org

14 ROOT & REBOUND
1610 Harrison Street, Ste. E-East

15 Oakland, CA 94612

16 Tel: (510) 225-6983

17

18 Stacy Villalobos (SBN 306710)
svillalobos@legalaidatwork.org

19 Molly Kim Lao (SBN 339621)

20 mlao@legalaidatwork.org

21 LEGAL AID AT WORK
180 Montgomery Street, Ste. 600

22 San Francisco, CA 94104-4244

23 Tel: (415) 864-8848

24

25

26

27

28