PAUL EVANS (*Pro Hac Vice*)
paulevans@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 319-4090

TERESA M. GREIDER (SB# 336094)
teresagreider@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

Attorneys for Defendants
AIR PRODUCTS AND CHEMICALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>          Plaintiff,<br><br>     vs.<br><br>DISA GLOBAL SOLUTIONS, INC; JCL SAFETY SERVICES; AIR PRODUCTS AND CHEMICALS, INC.; PHILLIPS 66; NORTH AMERICAN BACKGROUND SCREENING CONSORTIUM; HEALTH AND SAFETY COUNCIL; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:24-cv-08380<br><br>**DEFENDANT AIR PRODUCTS AND CHEMICALS, INC'S OPPOSITION TO PLAINTIFF JANE ROE'S MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>Complaint Served:  August 8, 2024<br>Removal Date:  September 30, 2024<br>Date:  December 16, 2024<br>Time:  9:00 a.m.<br>Judge:  Hon. Mark C. Scarsi |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................4

II. PLAINTIFF HAS NOT MET THE HIGH BAR FOR PROVING THAT SHE SHOULD BE PERMITTED TO PROCEED UNDER A PSEUDONYM ..................................................................................................5

    A. Plaintiff Has Not Established "Special Circumstances" Sufficient To Justify Overriding The Presumption That All Parties Must Be Named..............................................................................5

        1. Plaintiff's Alleged Fear Of Retaliation From Future Prospective Employers Is Not Sufficient To Allow Her To Proceed Under a Pseudonym. ..........................................................6

        2. Plaintiff's Alleged Privacy Interest Is Not Protected By Continuing Under A Pseudonym..................................................8

III. PLAINTIFF'S PROFFERED HARM DOES NOT OUTWEIGH THE PUBLIC'S INTEREST IN AN OPEN PROCEEDING ...............................10

IV. CONCLUSION ...................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*4 Exotic Dancers v. Spearmint Rhino*,
   No. CV 08-4038 ABC, 2009 WL 250054 (C.D. Cal. Jan. 29, 2009) .................. 9

*Doe v. Bergstrom*,
   315 F. App'x 656 (9th Cir. 2009) ................................................................. 4, 7

*Doe v. Carleson*,
   356 F. Supp. 753 (N.D. Cal. 1973) .................................................................. 9

*Doe v. County of El Dorado*,
   No. 2:13-CV-01433-KJM, 2013 WL 6230342 (E.D. Cal. Dec. 2, 2013) .......... 10

*Doe v. HireRight LLC*,
   No. CV-23-00493-PHX-SMM, 2023 WL 2648134
   (D. Ariz. Mar. 27, 2023) ............................................................................ 4, 7, 8

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
   596 F.3d 1036 (9th Cir. 2010) ........................................................................ 10

*Doe v. Lally*,
   467 F. Supp. 1339 (D. Md. 1979) .................................................................... 9

*Doe v. U.S. Healthworks, Inc.*,
   No. CV 15-05689 SJO, 2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) ...... *passim*

*Doe v. United Servs. Life Ins. Co.*,
   123 F.R.D. 437 (S.D.N.Y. 1988) ..................................................................... 9

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) .*passim*

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ..................................................................................... 4, 5

*U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*,
   489 U.S. 749 (1989) .......................................................................................... 8

**RULES**

FED. R. CIV. P. 10(a) ............................................................................................. 4, 5

## I.  INTRODUCTION

Plaintiff Jane Roe's ("Plaintiff") Motion to Proceed Pseudonymously (the "Motion") ignores the strong "presumption in litigation [] that parties must use their real names." *Doe v. U.S. Healthworks, Inc.*, No. CV 15-05689 SJO (AFMx), 2016 WL 11745513, at *2 (C.D. Cal. Feb. 4, 2016). Federal Rule of Civil Procedure 10(a), requires that the title of every complaint "include the names of all the parties." Therefore, "[p]laintiff['s] use of [a] fictitious name[] runs afoul of the public[] common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

While there is a narrow exception for "special circumstances," Plaintiff has failed to meet the standard for overcoming this presumption. Courts in the Ninth Circuit have routinely held that a plaintiff's concern that the disclosure of her criminal history will harm her chance of obtaining future employment does not warrant granting a motion to proceed under a pseudonym. *See U.S. HealthWorks*, 2016 WL 11745513 at *4; *Doe v. HireRight LLC*, No. CV-23-00493-PHX-SMM, 2023 WL 2648134, at *2 (D. Ariz. Mar. 27, 2023); *Doe v. Bergstrom*, 315 F. App'x 656, 656-57 (9th Cir. 2009). And, nothing about Plaintiff's specific criminal history suggests a different approach would be appropriate here. In fact, Plaintiff's criminal history is already a matter of public record and will continue to be available to prospective employers who would not have to go as far as searching court dockets on potential employees.

Plaintiff's argument that she should be permitted to proceed anonymously to preserve the alleged privacy of her criminal record fares no better. Courts in the Ninth Circuit have made clear that "the only privacy interests significant enough to merit anonymity involve matters of a sensitive and highly personal nature." *U.S. Healthworks*, 2016 WL 11745513, at *5 (internal quotation omitted). Plaintiff's claim that she was convicted of "tampering with an ATM" falls far short of the type

of conduct found to meet this high standard, such as issues concerning "prison rape," sexual orientation and parental abandonment. And while Plaintiff's initial sentence was vacated, she was still ordered to serve 60 months in prison, so her criminal record remains intact. Therefore, on balance, Plaintiff's need, if any, to proceed under a pseudonym does not outweigh "the general presumption that parties' identities are public information" and her Motion should be denied. *Advanced Textile Corp.*, 214 F.3d at 1068.

## II. **PLAINTIFF HAS NOT MET THE HIGH BAR FOR PROVING THAT SHE SHOULD BE PERMITTED TO PROCEED UNDER A PSEUDONYM**

A plaintiff's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings. . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Advanced Textile Corp.*, 214 F.3d at 1067 (citing *Nixon*, 435 U.S. at 598-99). Accordingly, courts in the Ninth Circuit will only permit a party to proceed under a pseudonym where "special circumstances" warrant a deviation from the public's right to know who is using the courts. *Id.* at 1068. The Ninth Circuit allows parties to use pseudonyms in the "unusual case" where (1) nondisclosure of the party's identity is necessary to "protect a person from harassment, injury, ridicule or personal embarrassment[;]" and (2) where the party's need for anonymity "outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Id.* at 1067-68 (internal citations omitted). Plaintiff has failed to establish such grounds here.

### A. **Plaintiff Has Not Established "Special Circumstances" Sufficient To Justify Overriding The Presumption That All Parties Must Be Named.**

Plaintiff argues that she should be permitted to proceed under a pseudonym based upon her alleged fear of "intrusion on her privacy and retaliation from prospective employers." Motion at 1. Such concerns, however, are hardly unique to

this case and fall far short of establishing the "special circumstances [that] justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067.

Where, as here, a party attempts to establish special circumstance by arguing that a pseudonym is required to shield her from retaliation, "the district court should . . . evaluat[e] the following factors: (1) the severity of the threatened harm, . . . (2) the reasonableness of the anonymous party's fears, . . . and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1068 (internal citations omitted). "[I]n order to properly preform the balancing test required by *Advanced Textiles'* second prong, a district court must determine (1) 'the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice;' and (2) 'whether the public's interest in the case would be best served by requiring that the litigants reveal their identities.'" *U.S. HealthWorks*, 2016 WL 11745513 at *3 (citing *Advanced Textile*, 214 F.3d at 1068).

Courts in the Ninth Circuit have highlighted three situations in which the balance has been found to favor litigants proceeding anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm[;] (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature[;]' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.*

**1. Plaintiff's Alleged Fear Of Retaliation From Future Prospective Employers Is Not Sufficient To Allow Her To Proceed Under a Pseudonym.**

Plaintiff alleges she has a "reasonable fear of harm and retaliation" due to the stigma related to past criminal convictions and her purported concern that "prospective employers will retaliate against her based on her criminal record." Motion at pp. 5-6. Courts in the Ninth Circuit have routinely rejected the argument

that this type of theoretical injury is sufficiently severe to allow a party to proceed under a pseudonym.

In *U.S. Healthworks,* 2016 WL 11745513, at *4, the plaintiff sought to remain anonymous based on his argument that proceeding under his own name would expose and publicly connect him with information in his background check report regarding his recently expunged criminal history. Noting that employers who run background checks would have access to plaintiff's criminal history, the court did "not find Plaintiff to be 'vulnerable' to retaliation, as the likelihood that a future employer would deny Plaintiff employment on the basis of public litigation documents, rather than as a result of a routine background check, [was] small." *Id.*

In *HireRight LLC*, 2023 WL 2648134, at *2, after acknowledging that the "lawsuit might bring attention to [p]laintiff's convictions, which could in turn make finding employment more difficult[,]" the court found that such alleged harm was not sufficient to permit the plaintiff to proceed under a pseudonym. Indeed, noting that such relief is only appropriate in "special," "unique" or "unusual" cases, the court held: "This case is none of those things. Plaintiff's alleged harms are far from unusual—countless Americans face difficulty finding employment as a result of their criminal record." *Id.* (citations omitted).

Similarly, in *Bergstrom*, 315 F. App'x at 656-57, a plaintiff who was arrested and prosecuted for prostitution procurement activities, and later acquitted of those charges, could not proceed anonymously despite his concerns that he would be embarrassed and face "difficulties finding employment" if forced to identify himself in his litigation against the city for civil rights violations. In doing so, the court noted that plaintiff's arrest, prosecution, and acquittal were already a matter of public record. *Id.*

Air Products respectfully submits that this Court should follow these decisions and find that Plaintiff's alleged fear of retaliation by future prospective employers does not warrant overriding the presumption that all parties must be named in federal

litigation. Plaintiff's prior convictions are already a matter of public record and available to prospective employers. And, separate from this lawsuit, Plaintiff admits she has already "personally experienced the stigma associated with criminal convictions." *Id*. at p. 6. So, like in *HireRight*, "this lawsuit is evidence that Plaintiff is already susceptible to these harms regardless of this lawsuit." *HireRight*, 2023 WL 2648134, at *2. Also, because "these harms are distinguishable from the kinds of harms for which courts typically provide anonymity—such as serious physical harm, imprisonment, or deportation" her fear of retaliation creates little, if any need to proceed under a pseudonym. *Id.*

### 2. **Plaintiff's Alleged Privacy Interest Is Not Protected By Continuing Under A Pseudonym.**

Plaintiff argues that her alleged harm "goes directly to the state constitutional right to privacy, which includes privacy of criminal records." Plaintiff's purported privacy concerns, however, do not justify allowing her to proceed under a pseudonym.[1]

First, even assuming some right to privacy exists as to Plaintiff's publicly available criminal background, that interest does not rise to the level required to grant Plaintiff's motion. The *U.S. Healthworks* court rejected the same argument as the one made by Plaintiff, finding that "courts have typically found that the only privacy interests significant enough to merit anonymity involve matters of a 'sensitive and

---

[1] Plaintiff's reliance on *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749 (1989) in footnote three of the Motion (p. 5), is misplaced. While the Supreme Court did find a "legitimate privacy interest" in the "events summarized in a [criminal] rap sheet" it also noted "there is a vast difference between the public records that might be found after a diligent search of courthouse files" such as would be implicated by Plaintiff being named in the lawsuit, "and a computerized summary located in a single clearinghouse of information" such as is already available through Plaintiff's criminal background. *Reporters Comm.*, 489 U.S. at 760, 762, 764. As the Court found in *U.S. Healthworks*, "should the Court require Plaintiff to proceed under [her] own name, the information would only be obtainable after a diligent search of courthouse files, rendering the privacy interest implicated by disclosure of such information minimal." *U.S. Healthworks*, 2016 WL 11745513, at *5.

highly personal nature.*'"* *U.S. Healthworks*, 2016 WL 11745513, at *5 (comparing *Advanced Textile Corp.*, 214 F.3d at 1068; *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (sexual orientation); *Doe v. Lally*, 467 F. Supp. 1339 (D. Md. 1979) (prison rape); *Doe v. Carleson*, 356 F. Supp. 753 (N.D. Cal. 1973) (illegitimacy and paternal abandonment); *with 4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038 ABC (SSx), 2009 WL 250054 (C.D. Cal. Jan. 29, 2009) (denying four former exotic dancers anonymity despite their interest keeping private their previous occupations)). Although Plaintiff claims "the Complaint includes highly sensitive and personal facts related to [her] criminal record," she concedes that her conviction was a result of her "tampering with an ATM." *See* Motion at p. 6. Information regarding such tampering—whether or not implicating a privacy interest—is a far cry from the type of "sensitive and highly personal" information required to support a motion to proceed under a pseudonym. *See Advanced Textile Corp.*, 214 F.3d at 1068; *United Servs. Life Ins. Co.*, 123 F.R.D. 437; *Lally*, 467 F. Supp. 1339; *Carleson*, 356 F.Supp. 753; *4 Exotic Dancers*, 2009 WL 250054.

Second, Plaintiff's alleged privacy concern is not bolstered because her past conviction and sentence was vacated. Motion at pp. 5-6; *U.S. Healthworks*, 2016 WL 11745513, at *5 (that plaintiff's past convictions were expunged did "not elevate Plaintiff's privacy interest in nondisclosure of his past criminal history to inviolability"). As Plaintiff concedes, while her original sentence was vacated, she was still found guilty of having committed a crime. In fact, she was resentenced to 60 months of prison time (although she had already served that time). As such, the fact that the original sentence was vacated was "never intended to obliterate *the fact*" that Plaintiff "has been 'finally adjudged guilty of a crime.'" *Id.* at *5 (holding that privacy interest applicable to expunged criminal record in background check did not justify allowing plaintiff to proceed under a pseudonym).

Therefore, neither Plaintiff's fear of retaliation nor implication of her alleged privacy rights demonstrates a need to proceed under a pseudonym in this lawsuit.

## III. PLAINTIFF'S PROFFERED HARM DOES NOT OUTWEIGH THE PUBLIC'S INTEREST IN AN OPEN PROCEEDING

"'[T]he public's common law right of access to judicial proceedings' is firmly established and creates a presumption against anonymity." *Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013) (quoting *Advanced Textile Corp.*, 214 F.3d at 1067). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *U.S. Healthworks*, 2016 WL 11745513, at *6 (citation omitted).

Citing only a non-binding Oklahoma district court case, Plaintiff claims that the public would benefit from her continuing under a pseudonym. Motion at p. 7. Any Plaintiff wishing to proceed anonymously could make the same claim. But Plaintiff has not established that her concerns with moving forward under her own name justify her request—as noted throughout, there is nothing unique about Plaintiff that should permit her to proceed under a pseudonym. As such, granting the instant motion would substantially water down the "default presumption that plaintiff's will use their true names," a rule that reflects the "paramount importance of open courts." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010). Indeed, the grounds asserted by Plaintiff in support of her motion "would logically extend to any opportunistic litigant with a criminal background seeking to initiate suit against any number of potential employers regardless of their culpability." *U.S. Healthworks*, 2016 WL 11745513, at *6.[2]

---

[2] Further, Defendant Air Products does not agree that there is no prejudice to Defendants here. While Air Products is aware of Plaintiff's identity, if Plaintiff is permitted to proceed anonymously, third party discovery will be impeded or rendered more difficult. In addition, it will drive up litigation costs in the case, with Air Products (and all parties) being required to file evidence and other briefing under seal. At best, this factor is neutral.

## IV. CONCLUSION

For the reasons set forth above, Defendant Air Products respectively requests that the Court deny Plaintiff's Motion.

DATED: November 25, 2024

PAUL HASTINGS LLP
PAUL C. EVANS
TERESA M. GREIDER

By: */s/ Teresa M. Greider*
TERESA M. GREIDER

Attorneys for Defendants
AIR PRODUCTS AND CHEMICALS, INC.

LEGAL_US_E # 183233950.1

CASE NO. 2:24-cv-08380  -11-  DEFENDANT AIR PRODUCT AND CHEMICALS INC.'S OPPOSITION TO PLAINITFF JANE ROE'S MOTION TO PROCEED PSEUDONYMOUSLY