UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HARPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISA GLOBAL SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. CV 24-8380 MCS (PVCx)<br><br>**ORDER RE SETTLEMENT CONFERENCE FOR ALL PARTIES** |

### **PLEASE READ THIS ORDER CAREFULLY**

　　This case has been referred to Magistrate Judge Pedro V. Castillo for settlement proceedings. The Settlement Conference is placed on calendar for **Friday, April 4, 2025, at 9:30 a.m., which will be conducted virtually by ZOOM**. All remaining parties are ordered to appear at the Settlement Conference. Instructions as to how to join the Zoom Settlement Conference shall be sent to the parties by email.

　　The Magistrate Judge will not be involved in the actual trial of the case, but rather will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the Settlement Conference:

1. The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2. Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential, and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

3. In addition to counsel who will try the case being present, a person with full settlement authority should likewise be present for the conference. This requirement contemplates the physical presence of your client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client. The plaintiff's representative must have full and final authority, **in the representative's sole discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge. The defendant's representative must have final settlement authority to commit the defendant to pay, **in the representative's sole discretion**, a settlement amount agreed to during the settlement conference.

4. Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits, should have a settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay an amount agreed during the settlement conference  The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of his Order.

5. No later than 4 p.m. **on Tuesday, March 25, 2025**, the parties shall exchange settlement demands and counter-offers in writing. Both parties shall provide copies of the written settlement demands and counter-offers by email to chambers on

**Friday, March 28, 2025**, prior to the scheduled settlement conference. The emails shall be sent to PVC_chambers@cacd.uscourts.gov.

6.  No later than 4:00 p.m. on **Friday, March 28, 2025**, prior to the settlement conference, each party <u>**shall submit a Confidential Settlement Conference Statement directly to the chambers of Magistrate Pedro V. Castillo**</u> by email to chambers. The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file. The Statements shall be double-spaced and shall not exceed ten (10) pages in length. The parties must comply with Local Rule 11-3.1 by using a proportionally spaced or a monospaced typeface. The size of a proportionally spaced face must be 14-point or larger and a monospaced face may not contain more than 10-1/2 characters per inch. The parties' respective Confidential Settlement Conference Statements shall include the following:

    A.  A brief statement of the facts of the case, and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded. This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

    B.  An itemized statement of the damages claimed, and of any other relief sought.

    C.  A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

    D.  A history of past settlement discussions, offers and demands, including the most recent settlement offers exchanged. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

    E.  The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial preparations, and (iii) trial.

    F.  The party's evaluation of the terms on which the other side might settle the case.

    G. The party's evaluation of the terms on which the case could be settled fairly, taking into account the litigation position and settlement position of the other side.

7. At the conference, counsel for each party should have available for the Court's perusal copies of all key documents in the case, as well as copies of all important witnesses' deposition transcripts.

8. Any failure of the trial attorneys, parties or persons with authority to attend the conference may result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference.  The failure of any party to timely submit a Confidential Settlement Conference Statement in compliance with this Order, or otherwise comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed.

9. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement.  See Local Rule 16-14.7.

10. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

11. Counsel and any party, if unrepresented by counsel, shall notify the Court in writing, at least, eight (8) business days before the Settlement Conference if one or more of the attorneys or unrepresented parties believes the Settlement Conference would be a futile act resulting in an economic waste because; for example, a party or insurer has adopted an unreasonable position from which that party or insurer refuses to deviate.  The Court will then consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be cancelled or other forms of the alternative dispute resolutions be considered.  If there is disagreement between or among the attorneys or unrepresented parties on this issue or any other issue, they are instructed to arrange for a telephonic conference with the Court and all counsel as soon as reasonably practical.  If no

1  such conference is arranged, it will be presumed that all counsel, their clients and any
2  unrepresented party believe that there is a reasonable, good faith opportunity for
3  settlement, and that the involvement of a settlement judge is needed to accomplish it.
4
5  DATED: February 28, 2025

 

_____

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE